# EXHIBIT A



**GEICO.**
geico.com

Tel: 1-800-841-3000

# Declarations Page

This is a description of your coverage.
Please retain for your records.

**GEICO GENERAL INSURANCE COMPANY**
P.O. Box 509090
San Diego, CA 92150-9090

**Policy Number:** ▮▮▮▮▮▮▮▮
**Coverage Period:**
06-23-17 through 12-23-17
12:01 a.m. local time at the address of the named insured.

Date Issued: May 20, 2017

Item 1:

▮▮▮▮▮▮▮▮

Email Address: ▮▮▮▮▮▮▮▮

| Named Insured | Additional Drivers |
|---|---|
| ▮▮▮▮ | None |

| Vehicle | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|
| 1 2014 Hyundai    Genesis | ▮▮▮▮▮▮▮▮ | | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 |
|---|---|---|
| Bodily Injury Liability | | |
|   Each Person/Each Occurrence | $1mil/$1mil | $97.20 |
| Property Damage Liability | $100,000 | $70.00 |
| Medical Payments | $5,000 | $6.60 |
| Basic Personal Injury Protection | Non-Ded | $14.10 |
| Uninsured & Underinsured Motorists | | |
|   Each Person/Each Occurrence | $500,000/$500,000 | $26.80 |
| Comprehensive | $500 Ded | $183.10 |
| Collision | $500 Ded | $255.20 |
| Emergency Road Service | Full | $5.00 |
| Rental Reimbursement | $45 Per Day | $27.40 |
| | $1350 Max | - |
| **Total Six Month Premium** | | **$685.40** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

Case 4:22-cv-00082-FJG    Document 1-1    Filed 04/07/21    Page 2 of 30

**Discounts**

| | |
|---|---:|
| **The total value of your discounts is** | **$128.50** |
| Seatbelt (All Vehicles) | $3.60 |
| Multiline (All Vehicles) | $20.00 |
| Anti-Lock Brakes (All Vehicles) | $13.40 |
| Anti-Theft Device (All Vehicles) | $9.60 |
| 5 Year Good Driving (All Vehicles) | $68.20 |
| Passive Restraint/Air Bag (All Vehicles) | $13.70 |

**Contract Type:** A30KS
**Contract Amendments:** ALL VEHICLES - A30KS A54ED1 A54KS

**Unit Endorsements:** A115 (VEH 1); A431 (VEH 1)

**Class:** A -N -50-64 D (VEH 1)

The following forms for your policy are available to review online at geico.com/express:

| **Form Name** | **Form Number (Revision Date)** |
|---|---|
| Privacy Notice | M56M |

You may view, save and print the forms listed above on our website. You will not receive a paper copy of the forms unless you request that we mail you a paper copy of any of the forms listed above at no cost by calling us at 1-800-841-3000.

---

## Important Policy Information

-Congratulations! You have earned the free Accident Forgiveness benefit. That means we will waive the surcharge associated with the first at-fault accident caused by an eligible driver on your policy.

-Please review the front and/or back of this page for your coverage and discount information.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA, however, in Virginia coverage is limited for custom furnishings or equipment on pick-up trucks and vans but you may purchase coverage for this equipment. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-Claims incurred while an insured vehicle is being used to carry passengers for hire may not be covered by this contract. Please review the contract for a full list of exclusions and contact us if you plan to use any of your insured vehicles for this purpose.

-Kansas law provides that convictions for a speed violation of 1-10 mph over the maximum posted speed limit between 55-70 mph, prior to 7/1/2011, or posted speed of 55-75 mph after 7/1/2011, or for a speed violation of 1-6 mph over the maximum posted speed of 30-54 mph, do not need to be reported to your insurance company nor shall your insurance company use the information to determine your rate or whether to cancel your policy.

-We have a new rating program available. If you are interested in learning more, inquire at 1-888-841-4110.



**ONE GEICO PLAZA**
**Washington, D. C.  20076-0001**
**Telephone:  1-800-841-3000**

# Kansas
# Family
# Automobile
# Insurance
# Policy

A30KS(06-12)

# POLICY INDEX

Page

Page

**SECTION I - LIABILITY COVERAGES**
**Your Protection Against Claims From Others**

Definitions................................................. 3
Losses We Will Pay For You Under Section I ..........3
Additional Payments We Will Make Under The
    Liability Coverages............................................. 4
Exclusions: When Section I Does Not Apply........... 4
Persons Insured: Who Is Covered........................... 4
Financial Responsibility Laws ................................. 5
Out Of State Insurance........................................... 5
Limits Of Liability ................................................. 5
Other Insurance..................................................... 5
Conditions.............................................................. 5
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Subrogation

**SECTION II - AUTOMOBILE MEDICAL PAYMENTS**
**COVERAGE**
**Protection For You And Your Passengers For Medical**
**Expenses**

Definitions ......................................................... 6
Payments We Will Make........................................ 6
Exclusions: When Section II Does Not Apply........... 6
Limit Of Liability ................................................. 6
Other Insurance..................................................... 6
Conditions.............................................................. 7
    Notice
    Two Or More Autos
    Action Against Us
    Medical Reports - Proof And Payment Of Claims
    Subrogation

**SECTION III - PHYSICAL DAMAGE COVERAGES**
**Your Protection For Loss Of Or Damage To Your Car**

Definitions.............................................................. 7
Losses We Will Pay................................................ 8
    Comprehensive Coverage................................ 8
    Collision Coverage........................................... 8
Additional Payments We Will Make Under The
    Physical Damage Coverages........................... 8
Exclusions: When The Physical Damage
    Coverages Do Not Apply................................... 9
Limit Of Liability ................................................... 9
Other Insurance...................................................... 9

Conditions............................................................... 9
    Notice
    Two Or More Autos
    Assistance And Cooperation Of The Insured
    Action Against Us
    Insured's Duties In Event Of Loss
    Appraisal
    Payment Of Loss
    No Benefit To Bailee
    Subrogation

**SECTION IV - UNINSURED MOTORISTS COVERAGE**
**Your Protection For Injuries Caused By Uninsured**
**And Hit And Run Motorists**

Definitions ......................................................... 10
Losses We Pay.................................................... 11
Exclusions: When Section IV Does Not Apply.......11
Limits Of Liability ............................................... 11
Other Insurance................................................... 12
Arbitration........................................................... 12
Trust Agreement................................................. 12
Conditions........................................................... 12
    Notice
    Assistance And Cooperation Of The Insured
    Action Against Us
    Proof Of Claim - Medical Reports
    Payment Of Loss
    Subrogation

**SECTION V - GENERAL CONDITIONS**
**The Following Apply To All Coverages In This Policy**

Territory ............................................................. 13
Premium.............................................................. 13
Changes.............................................................. 13
Assignment ......................................................... 14
Policy Period........................................................ 14
Cancellation By The Insured................................. 14
Cancellation By Us............................................... 14
Cancellation By Us Is Limited............................... 14
Renewal.............................................................. 15
Other Insurance................................................... 15
Disposal Of Vehicle............................................. 15
Dividend Provision ............................................... 15
Declarations........................................................ 15
Fraud And Misrepresentation ............................... 15
Examination Under Oath...................................... 15
Terms Of Policy Conformed To Statutes............... 15

**SECTION VI - AMENDMENTS AND ENDORSEMENTS**

Personal Injury Protection Amendment.................. 16
Special Endorsement
    United States Government Employees............ 19

**Whenever, he, his, him, himself appears in this policy, you may read she, her, hers or herself.**

## AGREEMENT

**We, the Company named in the declarations attached to this policy, make this agreement with *you*, the policyholder. Relying on the information *you* have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:**

### SECTION I - LIABILITY COVERAGES

***Your* Protection Against Claims From Others**

**BODILY INJURY LIABILITY**
**PROPERTY DAMAGE LIABILITY**

**DEFINITIONS**

The words italicized in Section I of this policy are defined below.

**1.** ***Auto business*** means the business of selling, repairing, servicing, storing, transporting or parking of autos.

**2.** ***Bodily injury*** means bodily injury to a person, including resulting sickness, disease or death.

**3.** ***Farm auto*** means a truck type vehicle with a load capacity of 2000 pounds or less, not used for commercial purposes other than farming.

**4.** ***Insured*** means a person or organization described under PERSONS INSURED.

**5.** ***Non-owned auto*** means an automobile or ***trailer*** not owned by or furnished for the regular use of either ***you*** or a ***relative***, other than a ***temporary substitute auto***.

**6.** ***Owned auto*** means:

    (a) a vehicle described in this policy for which a premium charge is shown for these coverages;
    (b) a ***trailer*** owned by ***you***;
    (c) ***a private passenger***, ***farm*** or ***utility auto***, ownership of which ***you*** acquire during the policy period or for which ***you*** enter into a lease during the policy period for six months or more, if

        (i) it replaces an ***owned auto*** as defined in (a) above; or
        (ii) we insure all ***private passenger***, ***farm*** and ***utility autos*** owned or leased by ***you*** on the date of the acquisition, and ***you*** ask us to add it to the policy no more than 30 days later;

    (d) a ***temporary substitute auto***.

**7.** ***Private passenger auto*** means a four-wheel private passenger, station wagon or jeep-type auto.

**8.** ***Relative*** means a person related to ***you*** who resides in ***your*** household.

**9.** ***Temporary substitute auto*** means an automobile or ***trailer***, not owned by ***you***, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the ***owned auto*** or ***trailer*** when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

**10.** ***Trailer*** means a trailer designed to be towed by a ***private passenger***, ***farm*** or ***utility auto*** when ***used*** with such auto. It includes such trailers when towed by other types of autos for other than business or commercial purposes.

**11.** ***Use*** of an auto includes the loading and unloading of the auto.

**12.** ***Utility auto*** means a vehicle, other than a ***farm auto***, with a load capacity of 2000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

**13.** ***War*** means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

**14.** ***You*** means the policyholder named in the declarations and his or her spouse if a resident of the same household.

**LOSSES WE WILL PAY FOR *YOU* UNDER SECTION I**

Under Section I, we will pay damages which an ***insured*** becomes legally obligated to pay because of:

**1.** ***bodily injury***, sustained by a person, and;

**2.** damage to or destruction of property, arising out of the ownership, maintenance or use of the ***owned auto*** or a ***non-owned auto***. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

Case 4:22-cv-00082-FJG   Document 1-1   Filed 04/07/21   Page 6 of 30

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

**1.** All investigative and legal costs incurred by us.

**2.** All court costs charged to an *insured* in a covered law suit.

**3.** All interest accruing on that amount of a judgment which represents our limit of liability until we have paid, offered or deposited in court that part of the judgment not exceeding the limit of our liability.

**4.** Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of our liability.

**5.** Premiums for bail bonds paid by an *insured* due to traffic law violations arising out of the use of an insured auto, not to exceed $250 per bail bond.

**6.** Costs incurred by any *insured* for first aid to others at the time of an accident involving an insured auto.

**7.** Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

**8.** All reasonable costs incurred by an *insured* at our request.

## EXCLUSIONS

### When Section I Does Not Apply

We will not defend any suit for damage if one or more of the exclusions listed below applies.

**1.** Section I does not cover any person for his liability arising out of the ownership of a vehicle while it is being *used* to carry persons for a fee. However, a vehicle *used* in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2.** *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.

**3.** We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.

**4.** *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

**5.** We do not cover *bodily injury* to a fellow employee of an *insured* if the fellow employee's *bodily injury* arises from the use of an auto while in the course of employment and if workers' compensation or other similar coverage is available. We will defend *you* if suit is brought by a fellow employee against *you* alleging use, ownership or maintenance of an auto by *you*.

**6.** We do not cover an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business*.

**7.** A *non-owned auto* while maintained or used by any person is not covered while such person is employed or otherwise engaged in (1) any *auto business* if the accident arises out of that business; (2) any other business or occupation of any *insured* if the accident arises out of that business or occupation, except a *private passenger auto* used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

**8.** We do not cover damage to property owned by, rented to, or in charge of or transported by an *insured*, however, this exclusion shall not apply to coverage for a rented residence or rented private garage.

**9.** We do not cover the United States of America or any of its agencies.

## PERSONS INSURED

### Who Is Covered

Section I applies to the following as *insureds* with regard to an *owned auto*:

**1.** *you* and *your relatives*;

**2.** any other person using the auto with *your* express or implied consent.

**3.** any other person or organization for his or its liability because of acts or omissions of an *insured* under 1. or 2. above.

Section I applies to the following with regard to a *non-owned auto*:

**1.** (a) *you*;
    (b) *your relatives* when using a *private passenger*, *farm* or *utility auto* or *trailer* with the express or implied consent of the owner.

**2.** a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1. above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of **insureds** involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

Whenever this policy is certified as proof of financial responsibility for the future, this policy will comply with the provisions of the law to the extent required.

## OUT OF STATE INSURANCE

When the policy applies to the operation of a motor vehicle outside of **your** state, we agree to increase **your** coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that **you** are protected by another insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or **trailers** to which this policy applies:

**1.** The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of one occurrence.

**2.** The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one occurrence.

**3.** The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the **insured** has other insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle **you** do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to Section I:

**1.** NOTICE

As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

(a) the identity of the insured;
(b) the time, place and details of the occurrence;
(c) the names and addresses of the injured, and of any witnesses; and
(d) the names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an **insured**, he must promptly send us each demand, notice, summons or other process received.

**2.** TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached **trailer** are considered to be one auto.

**3.** ASSISTANCE AND COOPERATION OF THE **INSURED**

The **insured** will cooperate and assist us, if requested:

(a) in the investigation of the occurrence;
(b) in making settlements;
(c) in the conduct of suits;
(d) in enforcing any right of contribution or indemnity against any legally or responsible person or organization because of **bodily injury** or property damage;
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

Only at his own cost will the **insured** make a payment, assume any obligation or incur any cost other than for first aid to others.

**4.** ACTION AGAINST US

No suit will lie against us:

(a) unless the **insured** has fully complied with all the policy's terms and conditions, and
(b) until the amount of the **insured's** obligation to pay has been finally determined, either:

(i) by a final judgment against the **insured** after actual trial; or
(ii) by written agreement of the **insured**, the claimant and us.

Case 4:22-cv-00082-FJG   Document 1-1   Filed 04/07/21   Page 8 of 30

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make *us* a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or his estate will not relieve us of our obligations.

**5.** SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION II - AUTO MEDICAL PAYMENTS COVERAGE

**Protection For *You* And *Your* Passengers For Medical Expenses**

### DEFINITIONS

The definitions of terms shown under SECTION I - LIABILITY COVERAGES apply to this coverage. In addition, under this coverage, *occupying* means in or upon or entering into or alighting from.

### PAYMENTS WE WILL MAKE

Under this coverage, we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services.

This coverage applies to:

**1.** *you* and each *relative* who sustains *bodily injury* caused by accident:

    (a) while *occupying* the *owned auto*; or
    (b) while *occupying* a *non-owned auto* if *you* or *your relative* reasonably believe *you* have the owner's permission to use the auto; or
    (c) when struck as a pedestrian by an auto or *trailer*.

**2.** any other person who sustains *bodily injury* caused by accident while *occupying* the *owned auto* while being used by *you*, a resident of *your* household, or other persons with *your* permission.

## EXCLUSIONS

**When Section II Does Not Apply**

**1.** There is no coverage for *bodily injury* sustained by any occupant of an *owned auto* used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2.** There is no coverage for an *insured* while *occupying* a vehicle located for use as a residence or premises.

**3.** *You* and *your relatives* are not covered for *bodily injury* sustained while *occupying* or when struck by:

    (a) a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or
    (b) a vehicle operated on rails or crawler-treads.

**4.** There is no coverage for persons employed in the *auto business*, if the accident arises out of that business and if benefits are required to be provided under a workers' compensation law.

**5.** There is no coverage for *bodily injury* sustained due to *war*.

**6.** The United States of America or any of its agencies are not covered as an *insured*, a third party beneficiary, or otherwise.

### LIMIT OF LIABILITY

The limit of liability for Medical Payments stated in the declarations as applying to "each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains *bodily injury* in one accident. This applies regardless of the number of persons insured or the number of autos or *trailers* to which this policy applies.

### OTHER INSURANCE

If the *insured* has other medical payments insurance against a loss covered by Section II of this policy, we will not owe more than our pro rata share of the total coverage available.

Any insurance we provide to a person who sustains *bodily injury* while *occupying* a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

**CONDITIONS**

The following conditions apply to this coverage:

**1.** NOTICE

As soon as possible after an accident, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;
(b) the time, place and details of the accident; and
(c) the names and addresses of the injured, and of any witnesses.

**2.** TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

**3.** ACTION AGAINST US

Suit will not lie against us unless the *insured* has fully complied with all the policy terms.

**4.** MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the *insured*.

**5.** SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

**SECTION III - PHYSICAL DAMAGE COVERAGES**

*Your* Protection For *Loss* Or Damage To *Your* Car

**DEFINITIONS**

The definitions of the terms *auto business, farm auto*, *private passenger auto, relative*, *temporary substitute auto, utility auto*, *you* and *war* under SECTION I -LIABILITY COVERAGES apply to Section III also. Under this Section, the following special definitions apply:

**1.** *Actual cash value* is the replacement cost of the auto or property less *depreciation* or *betterment*.

**2.** *Betterment* is improvement of the auto or property to a value greater than its pre-loss condition.

**3.** *Collision* means *loss* caused by upset of the covered auto or its collision with another object, including an attached vehicle.

**4.** *Depreciation* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness or other causes.

**5.** *Insured* means:

(a) regarding the *owned auto*:

    (i) *you* and *your relatives;*
    (ii) a person or organization maintaining, using or having custody of the auto with *your* permission.

(b) regarding a *non-owned auto*; *you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner.

**6.** *Loss* means direct and accidental loss of or damage to:

(a) the auto, including its equipment; or
(b) other insured property.

**7.** *Non-owned auto* means a *private passenger*, *farm* or *utility* **auto** or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, except a *temporary substitute auto*. *You* or *your relative* must be using the auto or trailer.

Case 4:22-cv-00082-FJG  Document 1-1  Filed 04/07/21  Page 10 of 30

**8.** *Owned auto* means:

(a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;

(b) a *private passenger*, *farm* or *utility auto* or a *trailer*, ownership of which is acquired by *you* during the policy period or for which *you* enter into a lease during the policy period for six months or more; if

    (i) it replaces an *owned auto* as described in (a) above, or

    (ii) we insure all *private passenger*, *farm*, *utility autos* and *trailers* owned or leased by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;

(c) a *temporary substitute auto*.

**9.** *Trailer* means a trailer designed for use with a *private passenger auto* and not used as a home, office, store, display or passenger trailer.

## LOSSES WE WILL PAY FOR YOU

### Comprehensive (Excluding *Collision* )

**1.** We will pay for each *loss,* less the applicable deductible, caused other than by *collision*, to the *owned* or *non-owned auto*. This includes breakage of glass and *loss* caused by:

| | | | |
|---|---|---|---|
| (a) | missiles; | (j) | windstorm; |
| (b) | falling objects; | (k) | hail; |
| (c) | fire; | (l) | water; |
| (d) | lightning; | (m) | flood; |
| (e) | theft; | (n) | malicious mischief; |
| (f) | larceny; | (o) | vandalism; |
| (g) | explosion; | (p) | riot; or |
| (h) | earthquake; | (q) | civil commotion. |
| (i) | colliding with a bird or animal; | | |

No deductible will apply to *loss* caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision Coverage, if included in the policy.

**2.** We will pay, up to $200 per occurrence, less any deductible shown in the declarations, for *loss* to personal effects due to:

| | | | |
|---|---|---|---|
| (a) | fire; | (e) | falling objects; |
| (b) | lightning; | (f) | earthquake; or |
| (c) | flood; | (g) | explosion. |
| (d) | theft of the entire automobile; | | |

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto.*

No deductible will apply due to *loss* by fire or lightning.

**3.** *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

### Collision

**1.** We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

**2.** We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto.*

**3.** *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

**1.** We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by Comprehensive Coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss.*

Reimbursement will not exceed $20 per day nor $600 per *loss.*

**2.** We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

**3.** We will pay for *loss* to any of the following equipment (including *loss* to accessories and antennas):

(a) car phone;
(b) citizen's band radio;
(c) two-way mobile radio;
(d) scanning monitor receiver; or
(e) device designed for the recording and/or reproduction of sound.

We will pay only if the equipment at the time of *loss*:

(a) is permanently installed in or upon an *owned auto*; and
(b) that auto is insured under the appropriate coverage.

## EXCLUSIONS

**When The Physical Damage Coverages Do Not Apply**

**1.** An auto used to carry passengers or goods for hire is not covered. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

**2.** *Loss* due to *war* is not covered.

**3.** We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

**4.** There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical break-down or failure, unless that damage results from a covered theft.

**5.** Tires, when they alone are damaged by *collision*, are not covered.

**6.** *Loss* due to radioactivity is not covered.

**7.** *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

**8.** We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger*, *farm* or *utility autos*.

## LIMIT OF LIABILITY

The limit of our liability for *loss*:

**1.** is the *actual cash value* of the property at the time of the *loss*;

**2.** will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution in the property's value that is claimed to result from the *loss*;

**3.** to personal effects arising out of one occurrence is $200;

**4.** to a *trailer* not owned by *you* is $500;

**5.** for custom options is limited to the *actual cash value* of equipment, furnishings or finishings (including paint) installed in or upon the vehicle only by the auto factory or an authorized auto dealer and included in the purchase price of the vehicle.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* and for the physical condition of the property.

## OTHER INSURANCE

If the *insured* has other insurance against a *loss* covered by Section III, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply only to the Physical Damage coverages:

**1.** NOTICE

As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;
(b) a description of the auto or *trailer*;
(c) the time, place and details of the *loss*; and
(d) the names and addresses of any witnesses.

In case of theft, the *insured* must promptly notify the police.

**2.** TWO OR MORE AUTOS

If this policy covers two or more autos or *trailers*, the limit of coverage and any deductibles apply separately to each.

**3.** ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) in the investigation of the *loss*;
(b) in making settlements;
(c) in the conduct of suits;
(d) in enforcing any right of subrogation against any legally responsible person or organization;
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

**4.** ACTION AGAINST US

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

**5. INSURED'S DUTIES IN EVENT OF *LOSS***

In the event of *loss* the *insured* will:

(a) Use reasonable means to protect the auto from further *loss*. Reasonable expenses incurred for this protection will be paid by us.
(b) File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require.
(c) At our request, the *insured* will exhibit the damaged property.

**6. APPRAISAL**

If we and the *insured* do not agree on the amount of *loss*, either may, within 30 days after proof of loss is filed, request an appraisal of the *loss*. **The appraisal procedure is voluntary, and both we and the *insured* must mutually agree to the procedure. The decision by the appraiser will be binding on both parties.** The appraiser will state separately the *actual cash value* and the amount of the *loss*. We and the *insured* will bear equally the other expenses of the appraisal.

We will not waive our rights by any of our acts relating to appraisal.

**7. PAYMENT OF *LOSS***

We may at our option:

(a) pay for the *loss*; or
(b) repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

**8. NO BENEFIT TO BAILEE**

This insurance does not apply directly or indirectly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

**9. SUBROGATION**

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

**SECTION IV - UNINSURED MOTORISTS COVERAGE Protection For *You* And *Your* Passengers For Injuries Caused By Uninsured And Hit-And-Run Motorists**

**DEFINITIONS**

The definitions of terms for SECTION I -LIABILITY COVERAGES apply to Section IV, except for the following special definitions:

**1. *Hit-and-run motor vehicle*** is a motor vehicle whose operator or owner cannot be identified and which causes an accident resulting in *bodily injury* without hitting:

(a) *you* or any *relative*;
(b) a vehicle which *you* or any *relative* are *occupying*; or
(c) *your insured auto*,

provided the *insured* or someone on his behalf:

(a) reports the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles;
(b) files with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person; and
(c) makes available for inspection, at our request, the auto *occupied* by the *insured* at the time of the accident.

In an accident involving a *hit-and-run motor vehicle* where there has not been any physical contact with the *hit-and-run motor vehicle*, the facts of the accident must be proven by reliable evidence from disinterested witnesses who are not making claim under this or similar coverage.

**2. *Insured*** means:

(a) the individual named in the declarations and his or her spouse if a resident of the same household;
(b) *relatives* of (a) above if residents of his household;
(c) any other person while *occupying* an *owned auto*;
(d) any person who is entitled to recover damages because of *bodily injury* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured*, our limit of liability will not be increased.

3. **Insured auto** is an auto:

(a) described in the declarations and covered by the bodily injury liability coverage of this policy;

(b) temporarily substituted for an **insured auto** when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or

(c) operated by **you** or **your** spouse if a resident of the same household.

But the term *"insured auto"* does not include:

(i) an auto being used without the owner's permission; or

(ii) under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an **insured**.

4. **Occupying** means in, upon, entering into or alighting from.

5. **State** includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

6. **Underinsured motor vehicle** means an auto with respect to the operation, maintenance or **use** of which the sum of the limits of liability under all bodily injury liabil ity bonds and insurance policies applicable at the time of the accident is less than the limit of Uninsured Motorists Coverage provided in **your** policy.

7. **Uninsured motor vehicle** is a motor vehicle which has no bodily injury liability bond or insurance policy applicable with liability limits complying with the financial responsibility law of the **state** in which the **insured auto** is principally garaged at the time of an accident. This term also includes an auto whose insurer is or becomes insolvent or denies coverage and an **underinsured motor vehicle** as defined.

The term **uninsured motor vehicle** does not include:

(a) an **insured auto**;

(b) an auto owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

(c) an auto owned by the United States of America, any other national government, a **state**, or a political sub-division of any such government or its agencies;

(d) a land motor vehicle or **trailer** operated on rails or crawler-treads or located for use as a residence or premises; or

(e) a farm-type tractor or equipment designed for **use** principally off public roads, except while used upon public roads.

**LOSSES WE PAY**

Under the Uninsured Motorists coverage we will pay damages for **bodily injury** caused by accident which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **hit-and-run motor vehicle** arising out of the ownership, maintenance or **use** of that auto.

The amount of the **insured's** recovery for these damages will be determined by agreement between the **insured** or his representative and us.

**EXCLUSIONS**

**When Section IV Does Not Apply**

1. This coverage does not apply to **bodily injury** to an **insured** if the **insured** or his legal representative has made a settlement or has been awarded a judgment of his claim without our prior written consent.

2. **Bodily injury** to an **insured** while **occupying** or through being struck by an **uninsured motor vehicle** or **trailer** owned by or provided for the regular **use** of an **insured** or a **relative** is not covered.

3. The Uninsured Motorists coverage will not benefit any workers' compensation insurer, self insurer, or disability benefits insurer.

4. We do not cover the United States of America or any of its agencies as an **insured**, a third party beneficiary or otherwise.

5. We do not cover any person while **occupying** a vehicle described in the declarations on which Uninsured Motorists coverage is not carried.

**LIMITS OF LIABILITY**

Regardless of the number of autos or **trailers** to which this policy applies:

1. The limit of liability for Uninsured Motorists coverage stated in the declarations for "each person" is the limit of our liability for all damages, including those for care or loss of services, due to **bodily injury** sustained by one person as the result of one accident.

If, however, the **bodily injury** is caused by an underinsured motorist, the coverage will be limited to the difference between the limits of liability for Uninsured Motorists coverage stated in the declarations as applicable to "each person" and the limits of Bodily Injury coverage carried by the owner or operator of the **underinsured motor vehicle**.

2. The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above

provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of one accident.

If, however, the **bodily injury** is caused by an underinsured motorist, the coverage will be limited to the difference between the limits of liability for Uninsured Motorists coverage stated in the declarations as applicable to "each accident" and the limits of Bodily Injury coverage carried by the owner or operator of the **underinsured motor vehicle**.

**3.** When coverage is afforded to two or more autos, the limits of liability shall apply separately to each auto as stated in the declarations but shall not exceed the highest limit of liability applicable to one auto.

If separate policies with us are in effect for **you** or any person in **your** household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this coverage will be reduced by all amounts:

   (a)  paid by or for all persons or organizations liable for the injury;
   (b)  paid or payable under the Bodily Injury and Personal Injury Protection coverages of this policy; or
   (c)  paid or payable under any workers' compensation law, disability benefits law or any similar law.

**OTHER INSURANCE**

When an **insured occupies** an auto not described in this policy, this insurance is excess over any other similar insurance available to the **insured** and the insurance which applies to the **occupied** auto is primary.

Except as provided above, if the **insured** has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the **insured** has other insurance against a loss covered by the Uninsured Motorist provisions of this policy, we will not be liable for more than our pro-rata share of the total coverage available.

**ARBITRATION**

Except as set forth in the last sentence of this paragraph, any dispute arising between any **insured** and us regarding:

   (a)  the extent to which the **insured** is legally entitled to recover against an owner or operator of an

**uninsured motor vehicle** or **underinsured motor vehicle** (i.e., issues of liability); or
   (b)  the amount of damages sustained by the **insured**

may be arbitrated. However, neither the **insured** nor we will be required to arbitrate. **The arbitration procedure will be voluntary, and both we and the insured must mutually agree to the procedure.** Arbitration will not be used to resolve disputes regarding policy interpretation, the existence of this Coverage in a particular policy, or the application of this Coverage to a particular claim or claimant.

We will be obligated to pay no more than the applicable policy limits for this Coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this Coverage as defined in this policy. **The arbitration award shall be binding up to the amount of the applicable policy limit.**

Unless otherwise required by state law, the method, manner and format of any arbitration process will be subject to agreement by **you** and us. Attorney fees and expenses will be paid by the party incurring them.

**TRUST AGREEMENT**

When we make a payment under this coverage:

**1.** We will be entitled to repayment of that amount out of any settlement or judgment the **insured** recovers from any person or organization legally responsible for the **bodily injury**.

**2.** The **insured** will hold in trust for our benefit all rights of recovery which he may have against any person or organization responsible for these damages. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

**3.** At our written request, the **insured**, in his own name, will take, through a designated representative, appropriate actions necessary to recover payment for damages from the legally responsible person or organization.

**4.** The **insured** will execute and furnish us with any needed documents to secure his and our rights and obligations.

**CONDITIONS**

The following conditions apply only to the Uninsured Motorists coverage:

**1.** NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

Case 4:22-cv-00082-FJG   Document 1-1   Filed 04/07/21   Page 15 of 30

(a) the identity of the *insured*;
(b) the time, place and details of the accident; and
(c) the names and addresses of the injured, and of any witnesses.

If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings.

## 2. ASSISTANCE AND COOPERATION OF THE INSURED

After we receive notice of a claim, we may require the *insured* to take any action necessary to preserve his recovery rights against any allegedly legally responsible person or organization. We may require the *insured* to make that person or organization a defendant in any action against us.

## 3. ACTION AGAINST US

Suit will not lie against us unless the *insured* or his legal representative have fully complied with all the policy terms.

## 4. PROOF OF CLAIM - MEDICAL REPORTS

As soon as possible, the *insured* or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to examination by doctors chosen by us, at our expense, as we may reasonably require. In the event of the *insured's* incapacity or death, his legal representative must, at our request, authorize us to obtain medical reports and copies of records.

## 5. PAYMENT OF LOSS

Any amount due is payable:

(a) to the *insured* or his authorized representative;
(b) if the *insured* is a minor, to his parent or guardian; or
(c) if the *insured* is deceased, to his surviving spouse; otherwise
(d) to a person authorized by law to receive the payment; or to a person legally entitled to recover payment for the damages.

We may, at our option, pay any amount due in accordance with (d) above.

## 6. SUBROGATION

When we make a payment under this coverage, we shall be subrogated to all rights of recovery, to the extent of our payment, that the *insured* may have against any person or organization legally responsible for the *bodily injury*. The *insured* will help us to enforce this right and will do nothing after loss to prejudice this right.

If the damages in connection with an Underinsured Motorists claim exceed the policy limits of the negligent party's liability insurance, we shall be subrogated to all rights of recovery, to the extent of our total payment, provided that:

(a) if the *insured* reached a tentative agreement with the negligent party's insurance carrier for payment of the liability policy limits, the *insured* provides us with written notice by certified mail that such an agreement has been reached. The notice shall include documentation of pecuniary losses including copies of all medical bills and written authorization of a court order to obtain reports from all employers and medical providers; and
(b) within 60 days of receipt of the written notice, we substitute payment to the *insured* for the tentative agreement amount.

## SECTION V - GENERAL CONDITIONS

These conditions apply to all coverages in this policy.

## 1. TERRITORY - POLICY PERIOD

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

## 2. PREMIUM

When you dispose of, acquire ownership of, or replace a *private passenger*, *farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

## 3. CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your* state.

The premium for each auto is based on the information we have in *your* file. *You* agree:

(a) that we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.

(b) that *you* will cooperate with us in determining if this information is correct and complete.

(c) that *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your* state.

### 4. ASSIGNMENT

*Your* rights and duties under this policy may not be assigned without our written consent.

If *you* die, this policy will cover *your* surviving spouse, if covered under the policy prior to *your* death. Until the expiration of the policy term, we will also cover:

(a) the executor or administrator of *your* estate, but only while using an *owned auto* and only while acting within the scope of his duties;

(c) any person having proper temporary custody of and using the *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate.

### 5. POLICY PERIOD

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the declarations.

### 6. CANCELLATION BY THE *INSURED*

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

### 7. CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

(a) 10 days in advance if the proposed cancellation is for non-payment of premium or any of its installments when due;

(b) 30 days in advance in all other cases.

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

We will mail the notice of cancellation by registered or certified mail or United States Post Office certificate of mailing.

If this policy is cancelled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals. Payment or tender of unearned premium is not a condition of cancellation.

### 8. CANCELLATION BY US IS LIMITED

After this notice has been in effect for 60 days or, if the policy is a renewal, effective immediately, we will not cancel or (except as otherwise permitted by Kansas Law) fail to renew the Bodily Injury Liability, Property Damage Liability or Personal Injury Protection coverages of this policy solely because of age or unless:

(a) *You* do not pay the initial or any additional premium for this policy or fail to pay any premium installment when due to us or our agent.

(b) *You* obtained the policy through fraudulent misrepresentation.

(c) Any *insured* violates any term or condition of the policy.

(d) *You*, any operator who resides in *your* household or any operator who customarily operates an insured auto, has had their driver's license suspended or revoked during the policy period.

(e) *You*, any operator who resides in *your* household or any operator who customarily operates an insured auto, is or becomes subject to epilepsy or heart attacks and cannot produce a physician's certificate testifying to that person's ability to operate a motor vehicle.

(f) *You*, any operator who resides in *your* household or any operator who customarily operates an insured auto, has been convicted of any felony during the policy period or the 36 months prior to the policy effective date.

(g) *You*, any operator who resides in *your* household or any operator who customarily operates an insured auto, has been convicted of criminal negligence resulting in death, homicide or assault, arising out of the operation of a motor vehicle during the policy period or the 36 months prior to the policy effective date.

(h) *You*, any operator who resides in *your* household or any operator who customarily operates an insured auto, has been convicted of operating a motor vehicle while intoxicated or under the influence of drugs, during the policy period or the 36 months prior to the policy effective date.

(i) *You*, any operator who resides in *your* household or any operator who customarily operates an insured auto, has been convicted of leaving the

scene of an accident without stopping to report, during the policy period or the 36 months prior to the policy effective date.

(j) **You**, any operator who resides in **your** household or any customary operator of an insured auto, has been convicted of theft of a motor vehicle, during the policy period or the 36 months prior to the policy effective date.

(k) **You**, any operator who resides in **your** household or any customary operator of an insured auto, has been convicted of making false statements in an application for a driver's license, during the policy period or the 36 months prior to the policy effective date.

(l) **You**, any operator who resides in **your** household or any customary operator of an insured auto, has been convicted, during the policy period or the 36 months prior to the policy effective date, of a third moving violation, committed within an 18 month period of:

   (1) any speed limit regulation,
   (2) any state motor vehicle laws if the violation is a misdemeanor or traffic infraction, or
   (3) any traffic infraction ordinance, or ordinance which prohibits the same acts as a misdemeanor statute of the uniform act regulating traffic on the highways, whether or not the violations were repetitions of the same offense or were different offenses.

The renewal or continuation of this policy shall not act as a bar with respect to reasons for cancellation which existed prior to the effective date of the renewal.

**9.** RENEWAL

We will not refuse to renew the Bodily Injury Liability, Property Damage Liability or Personal Injury Protection coverages of **your** policy except:

(a) for one of the reasons listed in Condition 8., "CANCELLATION BY US IS LIMITED", above; or
(b) we are otherwise permitted to do so by the laws of the State of Kansas.

Should we choose not to renew **your** policy, written notice of our refusal to renew will be mailed to **you**, at the address shown in the policy at least 30 days prior to the policy expiration date. We will mail this notice by registered or certified mail or United States post office certificate of mailing. The mailing or delivery of this notice by us will be sufficient proof of notice.

This policy will expire without notice if any of the following conditions exist.

If **you**:
(1) do not pay the premium as required to renew this policy; or
(2) have informed us or our agent that **you** wish the policy cancelled or not renewed; or

(3) do not accept our offer to renew.
it will be construed to mean that **you** have refused our renewal offer and the policy will expire.

**10.** OTHER INSURANCE

If other insurance is obtained on **your** insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance.

**11.** DISPOSAL OF VEHICLE

If **you** relinquish possession of a leased vehicle or if **you** sell or relinquish ownership of an **owned auto**, any coverage provided by this policy will terminate on the date **you** do so.

**12.** DIVIDEND PROVISION

**You** are entitled to share in a distribution of the surplus of the Company as determined by its Board of Directors from time to time.

**13.** DECLARATIONS

By accepting this policy, **you** agree that:

(a) the statements in **your** application and in the declarations are **your** agreements and representations;
(b) this policy is issued in reliance upon the truth of these representations; and
(c) this policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

**14.** FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly and with intent to defraud, conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) at the time of application; or
(b) at any time during the policy period; or
(c) in connection with the presentation or settlement of a claim.

**15.** EXAMINATION UNDER OATH

The **insured** or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

**16.** TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Kansas are amended to conform to those statutes.

Case 4:22-cv-00082-FJG   Document 1-1   Filed 04/07/21   Page 18 of 30

**PERSONAL INJURY PROTECTION AMENDMENT**

We agree with *you*, subject to all of the provisions of this amendment and to all of the provisions of the policy except as changed by this amendment, as follows:

**PART I - PERSONAL INJURY PROTECTION COVERAGE**

We will pay to the *eligible injured person* personal injury protection benefits for:

a) *medical expenses*,
b) *rehabilitation expenses*,
c) *work loss*,
d) *essential service expenses*,
e) *funeral expenses*, and
f) *survivor's loss*

incurred because of *bodily injury* sustained by an *eligible injured person* caused by an accident arising out of the ownership, operation, maintenance or use of a *motor vehicle*.

**EXCLUSIONS**

**When This Coverage Does Not Apply**

a) There is no coverage for *bodily injury* to *you* or any *relative* while *occupying* any *motor vehicle* owned by *you* which is not an *insured auto*.

b) There is no coverage for *bodily injury* to any person operating the *insured auto* without *your* express or implied consent.

c) There is no coverage for *bodily injury* to any person if that person:

1) caused such *bodily injury* to such person intentionally; or
2) sustained *bodily injury* while a converter of the *motor vehicle* of another for his own purposes or for those of a third party; or
3) was injured as a result of conduct within the course of a business of repairing, servicing or otherwise maintaining *motor vehicles* unless such conduct occurred off the business premises, or
4) was injured as a result of conduct in the course of loading or unloading a *motor vehicle* unless the conduct occurred while *occupying* such *motor vehicle*.

d) There is no coverage for *bodily injury* to any person other than *you* if that person is the owner of a *motor vehicle* for which security is required under the Kansas Automobile Injury Reparations Act.

e) There is no coverage for *bodily injury* to any person other than *you* or any *relative*, who is not a resident of Kansas, if injured while not *occupying* the *insured auto*.

**DEFINITIONS**

The definition of *bodily injury*, as shown in SECTION I - LIABILITY COVERAGES of the policy applies to this coverage. The following special definitions apply:

1. *Any workmen's compensation law* means the States Longshoremen's and Harbor Workers' Compensation Act, the Federal Employer Liability Acts, and any similar state or federal law;

2. *Eligible injured person* means:

a) *you* or any *relative* who sustains *bodily injury* while *occupying*, or through being struck by any *motor vehicle*, or

b) any other person who sustains *bodily injury* while *occupying* the *insured auto* or through direct physical contact with the *insured auto* while not *occupying* any *motor vehicle*;

3. *Essential service expenses* means appropriate and reasonable expenses incurred in obtaining ordinary and necessary services in place of those that the *eligible injured person* would have performed for the benefit of such person or such person's family had he not been injured;

4. *Funeral expenses* means funeral, burial or cremation expenses incurred;

5. *Insured auto* means a *motor vehicle* which *you* own and with respect to which; (a) the bodily injury liability insurance of the policy applies and for which a specific premium is charged; and (b) *you* are required or have elected to maintain security required under the Kansas Automobile Injury Reparations Act;

6. *Medical expenses* means and includes allowances for all reasonable expenses incurred for necessary health care rendered by practitioners licensed by the board of

healing arts or licensed psychologists, surgical, x-ray and dental services including prosthetic devices and necessary ambulance, hospital and professional nursing services. Also includes services recognized and permitted under the laws of Kansas for an *eligible injured person* who relies upon spiritual means through prayer alone for healing in accordance with such person's religious beliefs;

7. **Monthly earnings** means: (1) one-twelfth of the annual earnings, at the time the *bodily injury* was sustained, of an *eligible injured person* who is regularly employed or regularly self-employed; or (2) one-twelfth of the anticipated annual earnings of an *eligible injured person* who is not regularly employed or self-employed, or who is unemployed, from the time such person would reasonably have been expected to be so employed. Anticipated annual earnings of an unemployed *eligible injured person* who has previously been employed or self-employed shall be calculated by averaging the annual compensation of such person for a period not to exceed (5) years preceding the year of his *bodily injury*, during which such person was employed. For the purpose of *survivor's loss*, monthly earnings shall include, in the case of a person who was a social security recipient or a retirement or pension benefit recipient, or both, at the time of such injured person's death, one-twelfth of the annual amount of the difference between the annual amount of the social security benefits or the retirement benefits, or both, that such injured person was receiving at the time of such injured person's death and the annual amount of the social security benefits or the retirement benefits, or both, that the survivor is receiving after the time of such injured person's death;

8. **Motor vehicle** means a self-propelled vehicle of a kind required to be registered in the State of Kansas, including any trailer, semi-trailer, or pole trailer designed for use with such vehicle, but such term does not include a motorized bicycle;

9. **Occupying** means in or upon, getting into or getting out of;

10. **Rehabilitation expenses** means all reasonable expenses incurred for necessary psychiatric or psychological services, occupational therapy and such occupational training and retraining as may be reasonably necessary to enable the *eligible injured person* to obtain suitable employment;

11. **Relative** means a spouse and any other person related to *you* by blood, marriage or adoption (including a ward or foster child) who is a resident of *your* household or who usually makes such person's home in the same household but temporarily lives elsewhere;

12. **Survivor** means a deceased *eligible injured person's* spouse, or child under the age of eighteen (18) years, where such person's death resulted from *bodily injury*;

13. **Survivors loss** means total allowance to all *survivors* for: (1) loss after an *eligible injured person's* death of such person's *monthly earnings*; and (2) *essential services expenses* incurred after such person's death, reduced by the amount of any expenses of the *survivors* which have been avoided by reason of such person's death;

14. **Work loss** means loss during the *eligible injured person's* lifetime of *monthly earnings* due to such person's inability to engage in available and appropriate gainful activity, provided the *bodily injury* sustained is the proximate cause of such liability;

15. **You** means the individual named in Item 1. of the declarations and also includes such person's spouse, if a resident of the same household, and also includes the owner.

**Limits of Liability**

Regardless of the number of persons insured, policies or bonds applicable, claims made or *insured autos* to which this coverage applies, our liability for personal injury protection benefits for *bodily injury* sustained by any one person in any one motor vehicle accident is limited as follows:

1. **medical expenses** shall not include **rehabilitation expenses** and the maximum amount payable shall not exceed four thousand five hundred dollars ($4,500);

2. **rehabilitation expenses** shall not include **medical expenses** and the maximum amount payable shall not exceed four thousand five hundred dollars ($4,500);

3. for **work loss**, the maximum amount payable (a) shall not exceed nine hundred dollars ($900) per month for a period of no more than one (1) year after the date the *eligible injured person* first becomes unable to engage in available and appropriate gainful activity and (b)shall be limited to 85% of any such **work loss**; however, if the amount payable will be included in gross income for federal income tax purposes, the 85% limitation shall not apply;

4. for **essential service expenses** incurred during the lifetime of the *eligible injured person*, the maximum amount payable shall not exceed twenty-five dollars ($25) per day for a period of not longer than three hundred sixty-five (365) days after the date such expenses are first incurred;

5. for **funeral expenses**, the maximum amount payable shall not exceed two thousand dollars ($2000);

6. for **survivor's loss** the maximum amount payable shall not exceed nine hundred dollars ($900) per month for the loss of **monthly earnings** of the *eligible injured person* and shall not exceed twenty-five dollars ($25) per day for **essential service expenses**. All **survivors' benefits** shall be paid for a period of not longer than one

(1) year after the *eligible injured person's* death, less the number of months such person received *work loss* prior to such person's death; and

7. if two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one person, the maximum benefits payable from all applicable policies shall be the highest limit of any one policy providing this coverage.

Primary Personal Injury Protection coverage shall be provided by the policy covering:

    a) the *motor vehicle occupied* by the injured person at the time of the accident; or
    b) the *motor vehicle* causing such physical contact.

8. Any amount payable by us under the terms of this coverage shall be reduced by the amount payable on account of such *bodily injury* under any *workmen's compensation law*.

**Policy Period; Territory**

This coverage applies only to accidents which occur during the policy period and within the United States of America, its territories, or possessions, or Canada.

**Conditions**

A. <u>Action Against Us</u>. No action shall lie against us unless there has been full compliance with all the policy terms and conditions.

B. <u>Notice</u>. As soon as possible after an accident, notice must be given us or our agent by or on behalf of the *eligible injured person*. This notice must state:

    a) the time, place and details of the accident; and
    b) the names and addresses of the *eligible injured persons*.

If any *eligible injured person* or such person's survivor shall institute legal action to recover damages for *bodily injury* against a person or organization who is or may be liable in tort therefore, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded as soon as practicable to us by such *eligible injured person*, such person's legal representatives or such person's survivors. No claim for personal injury protection benefits shall be made after two (2)years from the date of the *bodily injury*.

C. <u>Medical Reports, Proof of Claim.</u> As soon as practicable, the *eligible injured person* or someone on such person's behalf shall give us written proof of claim. The proof of claim shall include full particulars of the nature and extent of the bodily injury treatment and rehabilitation received and contemplated, and such other information as may assist us in determining the amount due and payable. The *eligible injured person* shall submit to

physical and mental examinations by physicians selected by us when and as often as we may reasonably require.

D. <u>Subrogation.</u> The *eligible injured person*, such person's dependents or personal representatives shall have the right to file suit against any party legally liable for the *bodily injury* only when the tort threshold has been met. If an award is made against a party legally liable for the *bodily injury*, by judgment, settlement, or other means, we shall have the right to recover from the proceeds the amount of any payment actually made by us. We shall have a lien to the extent of our payment and we shall have the right to intervene in any action to enforce the lien. If the award is made prior to the completion of payment of personal injury protection benefits, the amount actually paid through the judgment, settlement or other recovery which is in excess of the amount of personal injury protection benefits paid to the date of recovery shall be credited against future payments of the personal injury protection benefits.

If the injured person, such person's dependents or personal representative fails to file suit against the party legally liable for the *bodily injury* within 18 months after the accident date, his failure to act will transfer to us any cause of action that person may have against the party legally liable for the injury, to the extent of our payment. We may then file suit in our name or in the name of the injured person, his representative or his dependents for their benefit as their interest may appear.

If the Kansas Comparative Negligence Law applies, our right of subrogation shall be reduced by the percentage of negligence attributable to the injured person.

In accordance with this section, the court shall fix attorney fees which shall be paid proportionately by us and the injured person, such person's dependents or personal representatives in the amounts determined by the court.

E. <u>Other Insurance</u> If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one person, the maximum benefits payable shall be the total of the various maximum benefits provided by the Kansas Automobile Injury Reparations Act, and we shall be entitled to recover from each of the other insurers or self-insurers an equitable pro rata share of the benefits paid and expenses incurred in processing the claim.

F. <u>Payment of Benefits.</u> Personal injury protection benefits payable under this policy shall be overdue if not paid within thirty (30) days after we are furnished written notice of the fact of a covered loss and of the amount of loss except that *work loss* payable under this policy shall be paid not less than every two weeks after such notice. If written notice is not furnished as to the entire claim, any partial amounts supported by written notice is overdue if not paid within thirty (30) days after the written notice is furnished. Any part or all of the remainder of the claim that is subsequently supported by

written notice is overdue if not paid within thirty (30) days after such written notice is furnished by the Company. All overdue payments shall bear simple interest at the rate of eighteen percent (18%) per annum.

G. Payment of Loss. We may at our option pay: (a) the *eligible injured person*, or (b) if the *eligible injured person* is a minor, his parent or guardian, or (c) if the *eligible injured person*, be incapacitated, or deceased, his spouse, or (d) any person or organization rendering the services; and such payment shall reduce the amount payable under this coverage. Payment of these benefits shall not constitute an admission of liability to any person.

**Part II**

In consideration of the coverage given under Part I and the adjustment of rates, the following conditions shall apply.

a) Excess Insurance: Any Automobile Medical Payments Coverage afforded under this policy shall be excess insurance over any personal injury protection benefits paid or payable under this or any other automobile insurance policy because of *bodily injury* sustained by an *eligible injured person*.

b) Conflict of Provisions : If there is a conflict between the provisions of this amendment and provisions of the policy to which it is attached, the provisions of this amendment shall control.

c) Notice: In the event of an accident, written notice of the loss must be given to us or any of our authorized agents as soon as possible. No claim for personal injury protection shall be made after two (2) years from the date of injury.

d) Terms Of Policy Conformed To Statute : Terms of this policy which are in conflict with the provisions of the Kansas Automobile Injury Reparations Act are hereby amended to conform to such law.

**SPECIAL ENDORSEMENT - UNITED STATES GOVERNMENT EMPLOYEES**

**A.** Under the Property Damage liability coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

1. Motor vehicles owned or leased by the United States Government or any of its agencies, or
2. Rented motor vehicles used for United States Government business,

when such use is with the permission of the United States Government. Subject to the limits described in paragraph **B.** below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

**B.** The following limits apply to this coverage:

1. A $100 deductible applies to each occurrence.
2. For vehicles described in **A.** 1. above, our liability shall not exceed the lesser of the following:

    a. the *actual cash value* of the property at the time of the occurrence; or
    b. the cost to repair or replace the property, or any of its parts with other of like kind and quality; or
    c. two months basic pay of the *insured*; or
    d. the limit of Property Damage liability coverage stated in the declarations.

3. For vehicles described in **A.** 2. above, our liability shall not exceed the lesser of the following:

    a. the *actual cash value* of the property at the time of the occurrence; or
    b. the cost to repair or replace the property, or any of its parts with other of like kind and quality; or
    c. the limit of Property Damage liability coverage stated in the declarations.

This insurance is excess over other valid and collectible insurance.


W. C. E. Robinson
Secretary

Todd A. Combs
President


GEICO Casualty Company
HOME OFFICE - 5260 Western Avenue
Chevy Chase, Maryland 20815-3799



**Automobile Policy Amendment**

Policy Number:

***Your*** policy is amended as follows:

**SECTION V - GENERAL CONDITIONS**
The condition for POLICY PERIOD  is revised as follows:
Unless otherwise cancelled, this policy will expire as shown in the declarations.  But, it may be continued by our offer to renew and ***your*** acceptance by payment of the required renewal premium prior to the expiration date.  Each period will begin and expire as stated in the declarations.


We affirm this amendment.


W. C. E. Robinson
Secretary

William E. Roberts
President



**Automobile Policy Amendment**
Kansas

Policy Number:

*Your* policy is amended as follows:
**SECTION I - LIABILITY COVERAGES**
**DEFINITIONS**
The following definitions are revised:

**3.** *Farm auto* means a truck type vehicle with a gross vehicle weight of 15,000 pounds or less, not used for commercial purposes other than farming.
**12.** *Utility auto* means a vehicle, other than a *farm auto*, with a gross vehicle weight of 15,000 pounds or less of the pick-up body, van, or panel truck type not used for commercial purposes.
**14.** *You* and *your* means the named insured shown in the declarations or his or her spouse if a resident of the same household.

The following definitions are added:

**15.** *Personal vehicle sharing program* means a business, organization, network or group facilitating the sharing of private passenger motor vehicles for use by individuals or businesses.
**16.** *Ride-sharing* means the use of any vehicle by any *insured* in connection with a *transportation network company* from the time an *insured* logs on to or signs in to any computer or digital application or platform that connects or matches driver(s) with passenger(s) until the time an *insured* logs out of or signs off of any such application or platform, including while en route to pick up passenger(s) and while transporting passenger(s).
**17.** *Transportation network company* means a company or organization facilitating and/or providing transportation services using a computer or digital application or platform to connect or match passengers with drivers for compensation or a fee.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES**
Item **3.** is revised as follows:
**3.** Interest calculated on that part of a judgment that is within our limit of liability and accruing:
   (a) Before the judgment, where owed by law, and until we pay, offer to pay, or deposit in court the amount due under this coverage;
   (b) After the judgment, and until we pay, offer to pay, or deposit in court, the amount due under this coverage.

After item **5.** the following sentence is added.
   We will upon request by an *insured*, provide reimbursement for the following items:
Items **6.**, **7.**, and **8.** are renumbered as follows:
**a.** Costs incurred by any *insured* for first aid to others at the time of an accident involving an *owned auto* or *non-owned auto.*
**b.** Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.
**c.** All reasonable costs incurred by an *insured* at our request.

**EXCLUSIONS**
The introduction sentence is revised as follows:
Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies:
Item 1. is revised as follows:
**1.** Section I does not apply to any vehicle used:
   (a) to carry persons for compensation or a fee; or
   (b) while being used for *ride-sharing*.
   However, a vehicle used in an ordinary car pool is covered.

The following exclusions are added:
**10.** We do not cover any liability assumed under any contract or agreement.
**11.** We do not cover *bodily injury* or property damage caused by an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized. This exclusion only applies to damages in excess of the minimum financial responsibility limits for the state of Kansas.

**12.** Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

**13.** Section I does not apply to any vehicle used to carry property for compensation or a fee, including but not limited to the delivery of food or any other products. This exclusion only applies to damages in excess of the minimum financial responsibility limits for the state of Kansas.

**14.** There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a ***personal vehicle sharing program*** .

**OTHER INSURANCE** is replaced as follows:

**OTHER INSURANCE**

If there is other applicable liability insurance available, any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will not owe more than our pro-rata share of the total liability insurance available.

**SECTION II – AUTO MEDICAL PAYMENTS COVERAGE**

**EXCLUSIONS**

The following exclusions are revised as follows:

**1.** Section II does not cover any person or ***owned auto***:
  - (a) used to carry persons or property for compensation or a fee, including but not limited to delivery of food or any other products; or
  - (b) while being used for ***ride-sharing.***
  
  However, a vehicle used in an ordinary car pool is covered.

The following exclusions are added:

**7.** We do not cover ***bodily injury*** caused by an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

**8.** There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a ***personal vehicle sharing program*** .

**SECTION III - PHYSICAL DAMAGE COVERAGES**

**DEFINITIONS**

The definitions of ***personal vehicle sharing program, ride-sharing*** and ***transportation network company*** under Section I apply to Section III also.

The following definition is revised:

**9.** ***Trailer*** means a trailer designed to be towed by a ***private passenger auto*** and not used as a home, residence, office, store, display or passenger trailer. ***Trailer*** does not mean a trailer with built-in sleeping facilities designed for recreational or camping use.

The following definition is added:

**10.** ***Custom parts or equipment*** means paint, equipment, devices, accessories, enhancements, and changes, other than those which are original manufacturer installed, which:
  - (a) are permanently installed or attached; or
  - (b) alter the appearance or performance of a vehicle;
  
  This includes any electronic equipment, antennas, and other devices used exclusively to send or receive audio, visual, or data signals, or to play back recorded media, other than those which are original manufacturer installed, that are permanently installed in the ***owned auto*** or a newly acquired vehicle using bolts or brackets, including slide-out brackets.

**LOSSES WE WILL PAY FOR YOU**

**Comprehensive (Excluding Collision)** is revised as follows:

**1.** We will pay for each ***loss,*** less the applicable deductible, caused other than by ***collision***, to the ***owned*** or ***non-owned auto.*** This includes glass breakage or ***loss*** caused by:

  - (a) Missiles;
  - (b) Falling objects;
  - (c) Fire;
  - (d) Lightning;
  - (e) Theft;
  - (f) Larceny;
  - (g) Explosion;
  - (h) Earthquake;
  - (i) Colliding with a bird or animal;
  - (j) Windstorm;
  - (k) Hail;
  - (l) Water;
  - (m) Flood;
  - (n) Malicious mischief;
  - (o) Vandalism;
  - (p) Riot; or
  - (q) Civil commotion.

At the option of the *insured*, breakage of glass caused by *collision* may be paid under the Collision Coverage, if included in the policy.

**2.** We will pay, up to $200 per occurrence, less any applicable deductible, for *loss* to personal effects due to:

(a) Fire;                              (e) Earthquake;
(b) Lightning;                    (f) Explosion; or
(c) Flood;                          (g) Theft of the entire auto.
(d) Falling objects;

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

**3.** *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

**ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES**

The second paragraph under 1. is changed to read:

Reimbursement will not exceed $25 per day, or $750 per *loss.*

Item **3.** is deleted.

**EXCLUSIONS**

Exclusion **1.** is revised as follows:

**1.** There is no coverage for an auto:
(a) used to carry passengers or goods for hire; or
(b) while being used for *ride-sharing*.
However, a vehicle used in an ordinary car pool is covered.

The following exclusions are added:

**9.** We do not cover *loss* for *custom parts or equipment* unless the existence of those *custom parts or equipment* has been previously reported to us and an endorsement to the policy has been added.

**10.** There is no coverage for any liability assumed under any contract or agreement.

**11.** There is no coverage for any *loss* resulting from:
a.  the acquisition of a stolen vehicle;
b.  any governmental, legal or other action to return a vehicle to its legal, equitable, or beneficial owner, or anyone claiming an ownership interest in the vehicle; or
c.  any confiscation, seizure or impound of a vehicle by governmental authorities.
d.  the sale of an *owned auto.*

**12.** There is no coverage for the destruction, impoundment, confiscation or seizure of a vehicle by governmental or civil authorities due to its use by *you*, a *relative* or a permissive user of the vehicle in illegal activity.

**13.** This coverage does not apply to damage caused by an *insured's* participation in or preparation for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

**14.** There is no coverage under this Section for any person or organization while any motor vehicle is operated, maintained or used as part of personal vehicle sharing facilitated by a *personal vehicle sharing program* .

**LIMIT OF LIABILITY**

Item **2.** is revised as follows:

**2.** Will not exceed the prevailing competitive price to repair or replace the property at the time of  *loss*, or any of its parts, including parts from non-original equipment manufacturers, with other of like kind and quality and will not include compensation for any diminution of value claimed to result from the  *loss*. Although *you* have the right to choose any repair facility or location, the limit of liability for repair or replacement of such property is the prevailing competitive price which is the price we can secure from a competent and conveniently located repair facility. At  *your* request, we will identify a repair facility that will perform the repairs or replacement at the prevailing competitive price;

The Limit of Liability 5. is replaced with the following:

**5.** For *custom parts or equipment* is limited to the *actual cash value* of the *custom parts or equipment,* not to exceed the *actual cash value* of the vehicle.

**CONDITIONS**

Condition 4. ACTION AGAINST US

The following paragraph is added:

If we retain salvage, we have no duty to preserve or otherwise retain the salvage for any purpose, including as evidence for any civil or criminal proceeding. If  *you* ask us immediately after a loss to preserve the salvage for inspection, we will do so for a period not to exceed 30 days.  *You* may purchase the salvage from us if you wish.

The following condition is added:

**10.** ASSIGNMENT

With respect to Section III, Physical Damage Coverages, an Assignment of interest under this policy will not bind us without our consent. Any nonconforming assignment shall be void and invalid. Moreover, the assignee of a nonconforming assignment shall acquire no rights under this contract and we shall not recognize any such assignment.

## SECTION IV - UNINSURED MOTORISTS COVERAGE

## DEFINITIONS

The following definitions are revised:

**1.** *Hit-and-run motor vehicle* is a motor vehicle that directly causes an accident, with or without physical contact and whose operator or owner cannot be identified, resulting in *bodily injury* to:

(a) *you* or any *relative*;

(b) a vehicle which *you* or any *relative* are *occupying*; or

(c) *your insured auto*,

provided the *insured* or someone on his behalf:

(a) reports the accident within 24 hours, or as soon as practical, to a police, peace or judicial officer or to the Commissioner of Motor Vehicles; and

(b) makes available for inspection, at our request, the auto *occupied* by the *insured* at the time of the accident.

In an accident involving a *hit-and-run motor vehicle* where there has not been any physical contact with the *hit-and-run motor vehicle* , the facts of the accident must be proven by reliable evidence from disinterested witnesses who are not making claim under this or similar coverage.

The following is added to *7. Uninsured motor vehicle*, under "The term uninsured motor vehicle does not include:"

(f) a *hit-and-run motor vehicle* .

## LOSSES WE PAY

The first paragraph is revised:

Under the Uninsured Motorists coverage we will pay damages for *bodily injury* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* or *hit-and-run motor vehicle* arising out of the direct operation, ownership, maintenance or *use* of that motor vehicle.

## EXCLUSIONS

The following exclusions are added:

**6.** Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

**7.** This coverage does not apply to any liability assumed under any contract or agreement.

**8.** This coverage does not apply to damage caused by an *insured's* participation in or preparation for any racing, speed or demolition contest or stunting activity of any nature, whether or not prearranged or organized.

**9.** There is no coverage for *bodily injury* under this Section for any person while an *owned auto* or *non-owned auto*:

(a) is being used to carry persons for compensation or a fee; or

(b) is being used for *ride-sharing*.

A vehicle used in an ordinary car pool is covered. This exclusion does not apply to *you* or any *relative* while a passenger and not operating the vehicle.

**OTHER INSURANCE** is replaced as follows:

## OTHER INSURANCE

If there is other applicable uninsured motorists insurance available, any insurance we provide, subject to the **LIMITS OF LIABILITY** under **Section IV**, shall be excess over any other applicable uninsured motorists insurance.

If more than one uninsured motorists policy applies and its terms provide that it is excess to other uninsured motorists coverage, the damages will be deemed not to exceed the higher of the applicable limits of liability of this uninsured motorists insurance and the other uninsured motorists insurance.

If more than one uninsured motorists policy applies and its terms provide that it is excess to other uninsured motorists coverage, we will not be liable for more than our pro-rata share of the total uninsured motorists coverage available.

## SECTION V - GENERAL CONDITIONS

The following condition is added:

**16.** TERMS OF POLICY CONFORMED TO STATUTES

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Kansas.

**SECTION VI - AMENDMENTS AND ENDORSEMENTS PART I - PERSONAL INJURY PROTECTION COVERAGE**

**EXCLUSIONS**

The following exclusion is added:

f) There is no coverage for ***bodily injury*** suffered by any person arising out of the operation or use of any ***motor vehicle*** for ***ride-sharing***. This exclusion does not apply to ***you*** or any ***relative*** while a passenger and not operating the ***motor vehicle***.

**DEFINITIONS**

The definitions of ***bodily injury*** and ***transportation network company*** , as shown in SECTION I - LIABILITY COVERAGES of the policy, apply to this coverage.

The following special definition has been added:

**16.** ***Ride-sharing*** means the use of any vehicle by any person in connection with a ***transportation network company*** from the time a person logs on to or signs in to any computer or digital application or platform that connects or matches driver(s) with passenger(s) until the time a person logs out of or signs off of any such application or platform, including while en route to pick up passenger(s) and while transporting passenger(s).

We affirm this amendment.

W. C. E. Robinson
Secretary

Todd A. Combs
President



# Automobile Policy Amendment
## Emergency Road Service Coverage

Policy Number:

*Your* policy provisions are amended as follows:

**SECTION III**

**PHYSICAL DAMAGE COVERAGES**

**Emergency Road Service**

We will pay reasonable expenses an *insured* incurs for the *owned* or *non-owned auto*, for:

1. mechanical labor up to one hour at the place of breakdown;
2. lockout services up to $100 per lockout if keys to the auto are lost, broken or accidentally locked in the auto;
3. if it will not run, towing to the **nearest** repair facility where the necessary repairs can be made;
4. towing it out if it is stuck on or immediately next to a public highway;
5. delivery of gas, oil, loaned battery, or change of tire. WE DO NOT PAY FOR THE COST OF THE GAS, OIL, LOANED BATTERY, OR TIRE(S).

**OBTAINING SERVICE UNDER THIS AMENDMENT**

*You* may secure service under this amendment in the following manner:

**SIGN AND DRIVE**

The first method, called sign and drive, features a toll-free number in which the *insured* calls a GEICO Emergency Road Service representative who will dispatch a service vendor. Upon verification of Emergency Road Service (ERS) coverage, reasonable and necessary charges for covered services provided will be automatically billed to the Company by the Service vendor. The *insured* need only sign a receipt at the time of service which authorizes the company to directly pay the service vendor. Any additional mileage, other fees not specifically addressed above, or lockout services in excess of $100 will be at the *insured's* expense.

**HIRED SERVICES**

The second method occurs when the *insured* does not use the sign and drive feature described above and hires services without prior approval from the Emergency Road Service (ERS) Department. Upon verification of Emergency Road Service (ERS) coverage, for covered services provided, up to a limit of $50 will apply. Lockout services are limited to $100. Requests for reimbursement must be accompanied by an original itemized receipt and must be submitted within 60 days of service.

There will be a limit of one reimbursement per disablement.

We affirm this amendment.

W. C. E. Robinson
Secretary

Todd A. Combs
President



Policy Number:

We agree with you that the policy is amended as follows:

**SECTION III - PHYSICAL DAMAGE COVERAGES** The
following coverage is added:

**Coverage-Rental Reimbursement**

When there is a *loss* to an *owned auto* for which a specific premium charge indicates that rental reimbursement coverage is afforded:

We will reimburse the *insured* toward costs the *insured* incurs to rent an auto. Reimbursement will not exceed the limits described in the declarations and payment will be limited to a reasonable and necessary period of time required to repair or replace the *owned auto*. This coverage applies only if:

1.  The *owned auto* is withdrawn from use for more than 24 consecutive hours, and
2.  The *loss* to the *owned auto* is covered under comprehensive or collision coverage of this policy.

When there is a total theft of the entire auto, we will reimburse the *insured* toward costs the *insured* incurs to rent an auto, subject to the following limitations:

1.  This coverage will reimburse the *insured* for reasonable rental expenses beginning 48 hours after a theft of the entire vehicle covered under the comprehensive coverage of this policy; and
2.  This coverage may be used to reimburse reasonable rental expenses in excess of those provided by Section III of the policy if and to the extent the coverage limits under rental reimbursement exceed those provided in Section III of the policy. In that event, the amount payable under this amendment is the amount by which this coverage exceeds those described in Section III of the policy; and
3.  Subject to number 2 above, in no event shall the total amount payable under both this coverage and the supplemental coverage in Section III of the policy exceed the daily limit of coverage provided by this amendment.

Reimbursement for rental charges shall end the earliest of when the *owned auto* has been:

1.  Returned to *you*;
2.  Repaired;
3.  Replaced; or
4.  If the *owned auto* is deemed by us to be a total loss, then seventy two (72) hours after we pay the applicable limit of liability under Section III.

No deductible applies to this coverage.

The coverage provided by this amendment is subject to all the provisions and conditions of SECTION III of the policy.

The COMPANY affirms this amendment.


W. C. E. Robinson
Secretary

Todd A. Combs
President