IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY-LEAVENWORTH DIVISION

| | | |
|---|---|---|
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) | |
| and | ) ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:21-cv-02164-DDC-ADM |
| M.O., | ) ) | |
| and | ) ) | |
| M.B., | ) ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs GEICO General Insurance Company and Government Employees Insurance Company (collectively, "GEICO"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, respectfully seeks a declaratory judgment against Defendants M.O. and M.B., for the purpose of determining a question of actual, immediate controversy between the Parties. In furtherance of this request, GEICO states as follows:

### Nature of Action and Relief Sought

1. This is an action for declaratory relief under 28 U.S.C. § 2201 for the purpose of determining the Parties' rights and obligations, if any, under an automobile insurance policy (the "Auto Policy") issued by GEICO General Insurance Company and umbrella insurance policies

(the "Umbrella Policy") issued by Government Employees Insurance Company (collectively, the "Policies") to M.B.[1]

2. GEICO seeks a declaration that it has no duty under the Policies to defend or indemnify M.B. for the third party bodily injury liability claim asserted by M.O. ("the subject claim").

3. On February 25, 2021, M.O. demanded that GEICO pay $1,000,000 to resolve her "claims against [GEICO's] insured" (*i.e.*, M.B.). She included in her demand letter a proposed state court petition and indicated intent to file it should GEICO not satisfy her demand.

4. GEICO denies the existence of coverage under the Policies for the subject claim.

5. There is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Policies.

6. All necessary and proper parties are before the Court with respect to the matters in controversy as set forth herein.

7. GEICO has no adequate remedy at law.

**Parties**

8. Plaintiffs GEICO General Insurance Company and Government Employees Insurance Company are foreign insurance companies organized and existing under the laws of Nebraska and with their principal place of business in Maryland. They are licensed to conduct insurance business in Kansas.

9. Defendant M.O. resides in and is therefore a citizen of Missouri.

10. Defendant M.B. resides in and is therefore a citizen of Kansas.

---

[1] Due to the sensitive nature of the allegations, and out of abundance of caution, GEICO identifies Defendants by acronym only. GEICO, however, will—once this Court assigns a judge to this matter—provide this Court identifying information in accordance with GEICO's forthcoming reference list, which will be filed under seal per Kansas Civil Administrative Procedures Guide II.J & I and Local Rule 5.4.6.

## Jurisdiction & Venue

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over the Defendants.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the defendants are diverse from one another and Kansas is where a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *See, e.g., Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165-66 (10th Cir. 2010).

## M.O.'s Threatened Tort Lawsuit Against M.B.

14. On February 25, 2021, M.O. sent GEICO a demand letter. The body of the letter stated, in its entirety:

> Here's the Petition that will be filed against your insured, [M.B.]. Before doing so, we have been authorized to make one final attempt to resolve [M.O.'s] claims against your insured for the applicable limits of $1m. Let me know.

15. M.O.'s proposed state court petition sought from M.B. damages for negligence and negligent infliction of emotional distress.

16. In it, M.O. alleges M.B. and M.O. entered into a sexual relationship in November 2017 and early December 2017, including that the two "engaged in unprotected sexual activities, including intercourse, in Defendant [M.B.'s] home and in his 2014 Hyundai Genesis car."

17. M.O. further alleges that M.B. negligently failed to tell M.O. that he was infected with anogenital human papillomavirus (HPV), and that he failed to use adequate protection and take proper precautions to prevent its transmission to her.

18. Additionally, M.O. alleges M.B. caused or contributed to cause M.O.'s own contraction of HPV.

19. M.O. further claims that, as a direct and proximate result of M.B.'s negligence, M.O. suffered physical and emotional injuries and will incur medical expenses.

## The Insurance Policies

20. GEICO issued two insurance policies to M.B.: 1) a Kansas Family Automobile Insurance Policy (No. xxxx-xx-43-91, effective June 23, 2017) listing a 2014 Hyundai Genesis, and 2) a Personal Umbrella Policy (No. P xxx6540, effective November 26, 2016). The Auto Policy has been attached as **Exhibit A** and is incorporated by reference. The Umbrella Policy has been attached as **Exhibits B** (effective November 26, 2016 – November 26, 2017) **and C** (effective November 26, 2017 – November 26, 2018). The 2017-18 version of the Umbrella Policy uses the same liability coverage forms as its 2016-17 iteration and is, for all intents and purposes here, identical. The Umbrella Policies are also incorporated by reference.

## The Auto Policy

21. The Auto Policy issued to M.B. is a "Kansas Family Automobile Insurance Policy."

22. In Section I ("Liability Coverages"), the Auto Policy explains that GEICO will "pay damages which an *insured* becomes legally obligated to pay because of (1) *bodily injury*, sustained by a person, and; (2) damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit."

   a. Section I defines "*insured*" as "a person or organization described under PERSONS INSURED," which includes the named insured, in this case, M.B.

   b. Section I's definition of "*bodily injury*" includes "sickness, disease or death."

4

    c. Section I defines "***non-owned auto***" to include an automobile or ***trailer*** not owned by or furnished for the regular use of either ***you*** or a ***relative***, other than a ***temporary substitute auto.***

    d. Section I defines "***owned auto***" as, among other things, "a vehicle described in this policy for which a premium charge is shown for these coverages." The car for which a premium charge is shown under this Auto Policy is the listed 2014 Hyundai Genesis.

    e. Section I defines "***you***" and "***your***" as "the policyholder named in the declarations or his or her spouse if a resident of the same household."

23. In the "Exclusions" portion of Section I, the Auto Policy's exclusion 2 provides that GEICO "will not defend any suit for damage if" "***bodily injury*** or property damage [is] caused intentionally by or at the direction of an ***insured***."

24. In Section VI ("Amendments and Endorsements"), GEICO states it will pay certain limited benefits "incurred because of ***bodily injury*** sustained by an ***eligible injured person*** caused by an accident arising out of the ownership, operation, maintenance or use of a ***motor vehicle***." In the Exclusions of Section VI, GEICO precludes coverage for "***bodily injury*** to ***you*** or any ***relative*** while ***occupying*** any ***motor vehicle*** owned by ***you*** which is not an ***insured auto***" or "***bodily injury*** to any person if that person [] caused such ***bodily injury*** to such person intentionally."

    a. Section VI adopts Section I's definition of ***bodily injury***.

    b. Section VI defines "***eligible injured person***" as, among other things, "any other person who sustains ***bodily injury*** while ***occupying*** the ***insured auto*** or through direct physical contact with the ***insured auto*** while not ***occupying*** any ***motor vehicle***."

    c. Section VI defines "***insured auto***" as a ***motor vehicle*** which ***you*** own and with respect to which; (a) the bodily injury liability insurance of the policy applies and for which a specific premium is charged; and (b) ***you*** are required or have elected to maintain security required under the Kansas Automobile Injury Reparations Act.

    d. Section VI defines "***motor vehicle***" as a self-propelled vehicle of a kind required to be registered in the State of Kansas, including any trailer, semi-trailer, or pole trailer designed for use with such vehicle, but such term does not include a motorized bicycle.

5

25. Irrespective of any other provision of the Auto Policy, Section I's exclusion 12 excludes coverage for punitive or exemplary damages.

### The Umbrella Policy

26. Part II of the Umbrella Policy states that GEICO will pay "*damages* on behalf of an *insured* arising out of an *occurrence*, subject to the terms and conditions of this policy."

   a. The Umbrella policy defines "*damages*" as "the total of damages an insured must pay: (1) legally; or (2) by agreement with [GEICO's] written consent."

   b. The Umbrella Policy defines "*insured*" as "*[y]ou* and *your* spouse if a resident of *your* household. With respect to a motor vehicle, such person is an *insured* only if the motor vehicle meets the definition of *auto* in this policy and is insured by a primary auto policy."

   c. The Umbrella Policy defines "*[a]uto*" as an owned or non-owned auto as defined in *your* primary automobile liability insurance policy; or any other vehicle described in the policy *declarations*.

   d. The Umbrella policy defines "*occurrence*" as "an accident or event, including a continuous or repeated exposure to conditions which results in *personal injury* or *property damage* neither expected or intended by *you*."

   e. The Umbrella policy defines "*personal injury*" as, among other things, "mental or bodily injury, shock, sickness, disease or death including care and loss of services."

   f. The Umbrella policy defines "*primary insurance*" as insurance for which a minimum required liability limit is shown on the *declarations*; and which is payable on behalf of an *insured* for liability for *personal injury* or *property damage*; and which must be maintained as a condition of this policy.

   g. The Umbrella Policy states that "**[a]ny terms that are not specifically defined in this policy will follow the definitions of *your* primary insurance policy.**"

27. Part III of the Umbrella Policy provides specific exclusions from coverage. Under the Umbrella Policy, GEICO will not cover *damages* resulting from: . . . "4. [a]cts committed by or at an *insured's* direction with intent to cause *personal injury* or *property damage*," "11. [t]he transmission of a communicable disease by an *insured*," "14. [s]exual molestation . . . or physical

6

Case 4:22-cv-00082-FJG   Document 4   Filed 04/08/21   Page 6 of 9

or mental abuse inflicted upon any person by or at the direction of an *insured*," or "16. [a]n award of punitive or exemplary damages."

## COUNT I: DECLARATORY JUDGMENT

28. GEICO re-alleges and incorporates paragraphs 1 through 27 of this Complaint for Declaratory Judgment as if fully set forth herein.

29. The Auto Policy only covers bodily injuries and property damage that arise "out of the ownership, maintenance or use of the *owned* or *non-owned auto*."

30. The above-described facts and damages alleged by M.O. do not arise out of the ownership, maintenance, or use of the listed 2014 Hyundai Genesis. Therefore, the damages demanded by M.O. are not covered by the Auto Policy.

31. Even assuming M.O. contracted HPV from M.B. in the listed 2014 Hyundai Genesis (meaning the motor vehicle was the situs of a claimed injury), there is no causal connection between a covered use of the insured vehicle and the alleged injury.

32. Any injury to M.O. did not arise out of a covered use of the listed 2014 Hyundai Genesis.

33. Any injury to M.O. instead arose from an intervening cause not identifiable with normal ownership, maintenance, and use of an insured vehicle—namely unprotected sexual activities, a failure to adhere to protections against the transmission of sexually transmitted disease, and/or the failure to warn of such a possible transmission.

34. Further, coverage is precluded, to the extent Section I's exclusion 2 applies.

35. Additionally, to the extent M.O. seeks punitive damages arising from M.B.'s alleged conduct, those damages are precluded from coverage under Section I's exclusion 12.

36. Likewise, the Umbrella Policy does not afford coverage for the subject claim.

37. The Umbrella Policy provides that with respect to a motor vehicle, M.B. is an *insured* only if the listed 2014 Hyundai Genesis meets the definition of *auto **and*** is insured by a primary auto policy. As such, because M.O.'s alleged damages arise out of HPV transmission in the 2014 Hyundai Genesis, such damages are not covered by the Umbrella Policy because they are not covered by the Auto Policy (*i.e.*, the primary auto policy).

38. Regardless, the Umbrella Policy also explicitly excludes coverage for the subject claim against M.B.

39. Because M.O. seeks damages resulting from the alleged transmission of a communicable disease (HPV), her claims against M.B. are excluded from coverage by Part III's exclusion 11 of the Umbrella Policy.

40. Further, the Umbrella Policy excludes coverage, to the extent Part III's exclusion 4 applies, or to the extent M.O.'s allegations fall outside the definition of an *occurrence.*

41. Moreover, the Umbrella Policy excludes coverage, to the extent Part III's exclusion 14 applies.

42. Part III's exclusion 16 of the Umbrella Policy also precludes coverage, to the extent M.O. seeks punitive damages arising from M.B.'s alleged conduct.

43. There is therefore no coverage for the subject claim under either the Auto Policy or the Umbrella Policy.

WHEREFORE, GEICO prays this Court enter judgment in its favor for a declaration that it does not have a duty to defend or indemnify M.B. under either the Auto Policy or Umbrella Policy with respect to the subject claim asserted by M.O. against M.B., for GEICO's costs, and for such other and further relief as the Court deems just and proper.

**Trial Location Request**

Pursuant to Local Rule 40.2(a), GEICO requests trial be held in Kansas City, Kansas.

>Respectfully submitted,
>
>SHOOK, HARDY & BACON L.L.P.
>
>By: /s/ W. Clark Richardson
>    Douglas S. Beck, #70743
>    W. Clark Richardson, #27740
>    2555 Grand Boulevard
>    Kansas City, Missouri 64108-2613
>    Telephone: 816-474-6550
>    Facsimile: 816-421-5547
>    dbeck@shb.com
>    wrichardson@shb.com
>
>*Attorneys for Plaintiffs*