## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| | |
|---|---|
| **M.O.** | )<br>)<br>) |
| Plaintiff, | ) Case No.<br>) |
| vs. | ) **DEMAND FOR JURY TRIAL**<br>) |
| **M.B.** | )<br>) |
| Defendant. | ) |

### PETITION FOR DAMAGES

COMES NOW Plaintiff, M.O., by and through her counsel, Monsees & Mayer, P.C., for her Petition for Damages against Defendant M. B.., hereby states and alleges as follows:

### PARTIES

1. Plaintiff M.O. is an individual citizen and resident of Jackson County, Missouri. Because of the exceptional circumstances present in this case, including allegations of a highly sensitive and personal nature, Plaintiff is referred to in this public filing by pseudonym name to maintain confidentiality of her identity.

2. Defendant M. B. is a resident of Johnson County, Kansas. Defendant M. B. may be served at the above-listed address.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the causes of action asserted herein and over the parties to this action. Plaintiff asserts claims under Missouri common law. This Court has jurisdiction because Plaintiff was first injured in Jackson County, Missouri.

4. Venue is proper in this court under RSMo § 508.010, because Plaintiff was injured in Jackson County, Missouri.

## FACTS COMMON TO ALL COUNTS

5. In November of 2017, Plaintiff M.O. and Defendant M. B. started a romantic relationship.

6. Unknown to Plaintiff, Defendant M. B. had been previously diagnosed with anogenital human papillomavirus (HPV) that is highly contagious through sexual contact.

7. The parties began to have sexual activity in late November and early December of 2017.

8. During November and early December of 2017, Defendant M. B. and Plaintiff M.O. engaged in unprotected sexual activities, including intercourse, in Defendant M. B.'s 2014 Hyundai Genesis car.

9. During the sexual encounters in Defendant's car, M. B. negligently caused or contributed to cause Plaintiff to be infected with HPV by not taking proper precautions and neglecting to inform and/or disclose his diagnosis to Plaintiff.

10. Despite having knowledge of his condition, Defendant negligently did not use adequate protection to protect Plaintiff from getting the sexually transmitted infection.

11. In November of 2018, Plaintiff M.O. went to her regularly scheduled gynecology exam. At that time Plaintiff was diagnosed with anogenital HPV. HPV can lead to precancer and cancerous lesions.

12. Prior to November 2018, Plaintiff did not have any prior history of abnormal pap tests or HPV diagnosis from her gynecology exams.

13. In June 2020, Plaintiff finally learned that Defendant M. B. had HPV and that she contracted the virus through sexual contact with M. B..

14. Plaintiff's condition will now need to be closely monitored by additional exams and medical treatment, including pap tests, colposcopies, surgical excisions procedures, and possible hysterectomy.

15. Plaintiff understands that future medical treatments are recommended, and accordingly intends to follow any recommendations of her healthcare providers with respect to future medical care and treatment.

16. As a direct and proximate result of Defendant's negligence, Plaintiff suffered and will continue to suffer great pain of mind and body, emotional distress, anxiety, and loss of enjoyment of life.

17. Plaintiff is bringing this action to recover compensatory damages from Defendant M. B. arising from his negligent conduct.

18. Plaintiff's damages include past and future medical expenses, past and future mental and physical pain and suffering, and other general and special damages as to be determined by the jury at trial of this action.

## COUNT I
## NEGLIGENCE

19. Plaintiff incorporates paragraphs 1 through 18 of this Petition as if fully set forth herein.

20. At all times mentioned, Defendant M. B. knew or should have known that he was diagnosed with HPV.

21. Prior to engaging in a sexual relationship with Plaintiff, Defendant M. B. owed Plaintiff a duty to protect Plaintiff from contracting HPV from him.

22. Defendant M. B. breached his duty to Plaintiff by:

    a.    failing to inform Plaintiff of his HPV diagnosis;

      b.    failing to warn Plaintiff of the unreasonable risk of harm of contracting HPV through sexual contact; and

      c.    failing to provide or use proper protection during sexual contact.

23. As a direct and proximate result of Defendant M. B.'s negligent acts and omissions as detailed above, Defendant caused or contributed to cause Plaintiff to be infected with HPV, and she has suffered the aforementioned injuries and damages.

WHEREFORE, Plaintiff prays for judgment against Defendant M. B. for compensatory damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000.00) to be determined by a jury at trial, her costs herein, and such further relief as the Court deems just and equitable.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiffs incorporate paragraphs 1 through 23 of this Petition as if fully set forth herein.

25. Defendant had a duty to use ordinary care to protect Plaintiff against unreasonable risks of harm after engaging in a romantic, and then sexual, relationship.

26. Defendant M. B. knew or should have known that he was diagnosed with HPV. As such, it was a foreseeable risk that Plaintiff could contract HPV from Defendant through sexual contact.

27. Despite being armed with this knowledge, Defendant M. B. negligently entered into a sexual relationship with Plaintiff without warning, disclosing, or protecting Plaintiff from the foreseeable harm.

28. Such negligence involved an unreasonable risk of causing emotional distress to Plaintiff of which Defendant knew, or by using ordinary care should have known.

29. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the aforementioned medically diagnosable and significant emotional distress from the sexually transmitted HPV.

WHEREFORE, Plaintiff prays for judgment against Defendant M. B. for compensatory damages in an amount that is fair and reasonable in excess of twenty-five thousand dollars ($25,000.00) to be determined by a jury at trial, her costs herein, and such further relief as the Court deems just and equitable.

Respectfully Submitted,

MONSEES & MAYER, P.C.
A Professional Corporation

BY  /s/ *David M. Mayer*
DAVID M. MAYER, #15880
PHILLIP R. MARTENS, #27386
4717 Grand Avenue, Suite 820
Kansas City, Missouri 64112
(816) 361-5555 telephone
(816) 361-5577 facsimile
dmayer@monseesmayer.com
rmartens@monseesmayer.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - May 25, 2021 - 11:12 AM