IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY-LEAVENWORTH DIVISION

| | | |
|---|---|---|
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE  COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-02164-DDC-ADM |
| | ) | |
| M.O., | ) | JURY TRIAL DEMANDED |
| | ) | |
| and | ) | |
| | ) | |
| M.B., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| M.B. | ) | |
| | ) | |
| Counter-plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE  COMPANY, | ) | |
| | ) | |
| Counter-defendants, | ) | |

GEICO GENERAL INSURANCE COMPANY AND GOVERNMENT EMPLOYEES
INSURANCE COMPANY'S ANSWER & AFFIRMATIVE DEFENSES TO DEFENDANT
M.B.'S COUNTERCLAIMS & DEMAND FOR JURY TRIAL

Plaintiffs/Counter-defendants GEICO General Insurance Company and Government Employees Insurance Company (collectively "GEICO") submit this Answer to M.B.'s Counterclaims, in accordance with Fed. R. Civ. P. 8(b).

## PARTIES

1.      Admitted.

2.      GEICO admits the allegations in paragraph 2 of M.B.'s Counterclaim.

## THE POLICY

3.      GEICO admits that it issued to M.B. Kansas Family Automobile Insurance Policy No. 4133844391 (the "Kansas Auto Policy"), with an effective date of June 23, 2017 through December 23, 2017, a contract of insurance that speaks for itself. GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Kansas Auto Policy by reference to a portion of that policy in isolation and further denies any remaining allegations in paragraph 3 of M.B.'s Counterclaim.

4.      GEICO admits that it issued to M.B. the Kansas Auto Policy, a contract of insurance that speaks for itself. GEICO further admits that the Declarations Page in the Kansas Auto Policy states in part Bodily Injury Liability (Each Person/Each Occurrence) . . . $1 million/$1 million. GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Kansas Auto Policy by reference to a portion of that policy in isolation and further denies that the Kansas Auto Policy affords coverage for the third party liability claims asserted by claimant M.O. against M.B. Additionally, GEICO denies any remaining allegations in paragraph 4 of M.B.'s Counterclaim.

5.      GEICO admits that it issued to M.B. the Kansas Auto Policy, a contract of insurance that speaks for itself. GEICO further admits that the Declarations Page in the Kansas Auto Policy

2

states in part "Named Insured . . . [M.B.]." GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Kansas Auto Policy by reference to a portion of that policy in isolation and further denies that the Kansas Auto Policy affords coverage for the third party liability claims asserted by claimant M.O. against M.B. Additionally, GEICO denies any remaining allegations in paragraph 5 of M.B.'s Counterclaim.

6.      GEICO admits that it issued to M.B. the Kansas Auto Policy, a contract of insurance that speaks for itself. GEICO further admits that the Kansas Auto Policy states in part "[u]nder Section I, we will pay damages which an *insured* becomes legally obligated to pay because of: 1. *bodily injury*, sustained by a person, and; 2: damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit." GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Kansas Auto Policy by reference to a portion of that policy in isolation and further denies that the Kansas Auto Policy affords coverage for the third party liability claim asserted by claimant M.O. against M.B. Additionally, GEICO denies any remaining allegations in paragraph 6 of M.B.'s Counterclaim.

7.      GEICO admits that it issued to M.B. the Kansas Auto Policy, a contract of insurance that speaks for itself. GEICO further admits that the Kansas Auto Policy states in part "*Bodily injury* means bodily injury to a person, including resulting sickness, disease or death." GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Kansas Auto Policy by reference to a portion of that policy in isolation and further denies that the Kansas Auto Policy affords coverage for the third party liability claim asserted by claimant

3

M.O. against M.B. Additionally, GEICO denies any remaining allegations in paragraph 7 of M.B.'s Counterclaim.

THE UNDERLYING CLAIMS

8.     GEICO admits that M.B., by filing his Counterclaim, purports to seek coverage for claims made against him by M.O. resulting from the alleged transmission of HPV. GEICO is without sufficient knowledge or information to admit or deny any remaining allegations contained in Paragraph 8 of M.B.'s Counterclaim and thus denies the same.

9.     GEICO is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of M.B.'s Counterclaim and thus denies the same.

10.     Paragraph 10 of M.B.'s Counterclaim improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations contained in paragraph 10 of M.B.'s Counterclaim.

11.     Paragraph 11 of M.B.'s Counterclaim improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations contained in paragraph 11 of M.B.'s Counterclaim.

FACTS OF CASE

12.     GEICO only admits that M.B., after initially stating claimant M.O.'s claim cannot be proven or words to that effect, subsequently requested that GEICO pay a certain amount within its limit of liability to claimant M.O. GEICO denies the remaining allegations in paragraph 12 of M.B.'s Counterclaim as phrased.

13.     GEICO admits that the Kansas Auto Policy does not afford coverage for the third party liability claim asserted by claimant M.O. against M.B. GEICO denies the remaining allegations in paragraph 13 of M.B.'s Counterclaim as phrased.

4

14.     GEICO admits that M.B. purports to seek the relief outlined in paragraph 14 of M.B.'s Counterclaim, but denies M.B. is entitled to any such relief, including a declaration that GEICO has any obligation to defend and indemnify M.B. under the Kansas Auto Policy. GEICO denies any remaining allegations in paragraph 14 of M.B.'s Counterclaim as phrased.

COUNT I

15.     GEICO incorporates its answers to paragraphs 1-14 as if fully set forth herein.

16.     Paragraph 16 of M.B.'s Counterclaim improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations contained in paragraph 16 of M.B.'s Counterclaim as phrased.

17.     GEICO denies the allegations contained in paragraph 17 of M.B.'s Counterclaim.

18.     GEICO only admits that M.B., after initially stating claimant M.O.'s claim cannot be proven or words to that effect, subsequently requested that GEICO pay a certain amount within its limit of liability to claimant M.O. GEICO further admits that it sent certain letters to M.B. concluding in part that its Kansas Auto Policy did not afford coverage for the third party liability claim asserted by claimant M.O. against M.B., and GEICO further states these letters speak for themselves. GEICO denies any remaining allegations contained in paragraph 18 of M.B.'s Counterclaim as phrased.

19.     GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Kansas Auto Policy. GEICO denies any remaining allegations contained in paragraph 19 of M.B.'s Counterclaim as phrased.

20.     GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Kansas Auto Policy.  GEICO denies any remaining allegations contained in paragraph 20 of M.B.'s Counterclaim as phrased.

GEICO denies M.B. is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 20 of M.B.'s Counterclaim, including all sub-parts.

## COUNT II

21.     GEICO incorporates its answers to paragraphs 1-20 as if fully set forth herein.

22.     GEICO denies that the Kansas Auto Policy affords coverage for any "share of the proposed settlement of M.O.'s claims and related expenses."  GEICO denies any remaining allegations in paragraph 22 of M.B.'s Counterclaim.

23.     GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Kansas Auto Policy.  GEICO denies any remaining allegations contained in paragraph 23 of M.B.'s Counterclaim as phrased.

24.     GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Kansas Auto Policy.  GEICO denies any remaining allegations contained in paragraph 24 of M.B.'s Counterclaim as phrased.

GEICO denies M.B. is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 24 of M.B.'s Counterclaim, including all sub-parts.

## COUNT III

25.     GEICO incorporates its answers to paragraphs 1-24 as if fully set forth herein.

26.     GEICO admits that it issued to M.B. the Kansas Auto Policy, a contract of insurance that speaks for itself.  GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Kansas Auto Policy by reference to a portion or portions of that

6

policy in isolation and further denies that the Kansas Auto Policy affords coverage for the third party liability claims asserted by claimant M.O. against M.B. Additionally, GEICO denies any remaining allegations in paragraph 26 of M.B.'s Counterclaim as phrased.

27.     GEICO denies the allegations contained in paragraph 27 of M.B.'s Counterclaim.

28.     GEICO denies the allegations contained in paragraph 28 of M.B.'s Counterclaim.

29.     GEICO denies the allegations contained in paragraph 29 of M.B.'s Counterclaim.

30.     GEICO denies the allegations contained in paragraph 30 of M.B.'s Counterclaim.

GEICO denies M.B. is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 30 of M.B.'s Counterclaim, including all sub-parts.

## COUNT IV

31.     GEICO incorporates its answers to paragraphs 1-30 as if fully set forth herein.

32.     GEICO denies the allegations in paragraph 32 of M.B.'s Counterclaim.

33.     GEICO denies the allegations in paragraph 33 of M.B.'s Counterclaim.

34.     GEICO denies the allegations in paragraph 34 of M.B.'s Counterclaim.

35.     GEICO denies the allegations in paragraph 35 of M.B.'s Counterclaim.

36.     GEICO denies the allegations in paragraph 36 of M.B.'s Counterclaim.

37.     GEICO denies the allegations in paragraph 37 of M.B.'s Counterclaim.

38.     GEICO denies the allegations in paragraph 38 of M.B.'s Counterclaim.

39.     GEICO denies the allegations in paragraph 39 of M.B.'s Counterclaim.

40.     GEICO denies the allegations in paragraph 40 of M.B.'s Counterclaim, including all sub-parts.

41.     GEICO denies the allegations in paragraph 41 of M.B.'s Counterclaim.

42.     GEICO denies the allegations in paragraph 42 of M.B.'s Counterclaim.

43.     GEICO denies the allegations in paragraph 43 of M.B.'s Counterclaim.

44.     GEICO denies the allegations in paragraph 44 of M.B.'s Counterclaim.

GEICO denies M.B. is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 44 of M.B.'s Counterclaim, including all sub-parts.

## COUNT V

45.     GEICO incorporates its answers to paragraphs 1-44 as if fully set forth herein.

46.     Paragraph 46 of M.B.'s Counterclaim improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations contained in paragraph 46 of M.B.'s Counterclaim.

47.     GEICO denies the allegations contained in paragraph 47 of M.B.'s Counterclaim, including all sub-parts.

GEICO denies M.B. is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 47 of M.B.'s Counterclaim, including all sub-parts.

## COUNT VI

48.     GEICO incorporates its answers to paragraphs 1-47 as if fully set forth herein.

49.     GEICO admits that it issued to M.B. the Kansas Auto Policy, a contract of insurance that speaks for itself.  GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Kansas Auto Policy by reference to a portion or portions of that policy in isolation and further denies that the Kansas Auto Policy affords coverage for the third party liability claims asserted by claimant M.O. against M.B.  Additionally, GEICO denies any remaining allegations in paragraph 49 of M.B.'s Counterclaim as phrased.

50.     GEICO denies the allegations in paragraph 50 of M.B.'s Counterclaim.

51.     GEICO denies the allegations in paragraph 51 of M.B.'s Counterclaim.

8

52.     GEICO denies the allegations in paragraph 52 of M.B.'s Counterclaim.

GEICO denies M.B. is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 52 of M.B.'s Counterclaim, including all sub-parts.

<u>GENERAL DENIAL</u>

GEICO denies each and every allegation contained in Defendant M.B.'s Counterclaims not specifically admitted herein.

<u>ADDITIONAL & AFFIRMATIVE DEFENSES</u>

In further defense of and response to the allegations contained in Defendant/Counter-plaintiff M.B.'s Counterclaims, and/or as affirmative defenses to the claims asserted therein, and without assuming the burden of proof or the burden of persuasion on any issue to which such burden falls upon M.B. or another party under law, GEICO states:

1.      M.B.'s counterclaims fail to state claims upon which relief can be granted.

2.      M.B.'s counterclaims are subject to each and every term, limitation, provision, condition, and exclusion in the Kansas Auto Policy.

3.      The Kansas Auto Policy neither obligates GEICO to provide a defense to or indemnity coverage for the subject liability claim asserted by claimant M.O. against M.B.

4.      In Section I ("Liability Coverages"), the Kansas Auto Policy explains that GEICO will "pay damages which an *insured* becomes legally obligated to pay because of (1) *bodily injury*, sustained by a person, and; (2) damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit."

      a.   Section I defines "*insured*" as "a person or organization described under PERSONS INSURED," which includes the named insured, in this case, M.B.

      b.   Section I's definition of "*bodily injury*" includes "sickness, disease or death."

9

c. Section I defines "*non-owned auto*" to include an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto.*

d. Section I defines "*owned auto*" as, among other things, "a vehicle described in this policy for which a premium charge is shown for these coverages." The car for which a premium charge is shown under this Auto Policy is the listed 2014 Hyundai Genesis.

e. Section I defines "*you*" and "*your*" as "the named insured shown in the declarations or his or her spouse if a resident of the same household."

In the "Exclusions" portion of Section I, the Kansas Auto Policy's exclusion 2 provides that GEICO "will not defend any suit for damage if" "*bodily injury* or property damage [is] caused intentionally by or at the direction of an *insured*."

In Section VI ("Amendments and Endorsements"), GEICO states it will pay certain limited benefits "incurred because of *bodily injury* sustained by an *eligible injured person* caused by an accident arising out of the ownership, operation, maintenance or use of a *motor vehicle*." In the Exclusions of Section VI, GEICO precludes coverage for "*bodily injury* to *you* or any *relative* while *occupying* any *motor vehicle* owned by *you* which is not an *insured auto*" or "*bodily injury* to any person if that person [] caused such *bodily injury* to such person intentionally."

a. Section VI adopts Section I's definition of *bodily injury*.

b. Section VI defines "*eligible injured person*" as, among other things, "any other person who sustains *bodily injury* while *occupying* the *insured auto* or through direct physical contact with the *insured auto* while not *occupying* any *motor vehicle*."

c. Section VI defines "*insured auto*" as a *motor vehicle* which *you* own and with respect to which; (a) the bodily injury liability insurance of the policy applies and for which a specific premium is charged; and (b) *you* are required or have elected to maintain security required under the Kansas Automobile Injury Reparations Act.

d. Section VI defines "*motor vehicle*" as a self-propelled vehicle of a kind required to be registered in the State of Kansas, including any trailer, semi-trailer, or pole trailer

10

designed for use with such vehicle, but such term does not include a motorized bicycle.

Irrespective of any other provision of the Kansas Auto Policy, Section I's exclusion 12 excludes coverage for punitive or exemplary damages.

5.  The Kansas Auto Policy only covers bodily injuries and property damage that arise "out of the ownership, maintenance or use of the *owned* or *non-owned auto*," and the subject liability claim asserted by M.O. against M.B. does not arise out of the ownership, maintenance, or use of the listed 2014 Hyundai Genesis.  Even assuming M.O. contracted HPV from M.B. in the listed 2014 Hyundai Genesis (meaning the motor vehicle was the situs of a claimed injury), there is no causal connection between a covered use of the insured vehicle and the alleged injury. Further, coverage is precluded under the Kansas Auto Policy, to the extent Section I's exclusion 2 applies.

6.  M.B.'s counterclaims are barred or limited in that GEICO had no duty to defend or duty to defend M.B. for the subject liability claim.

7.  M.B.'s counterclaims are barred or limited in that M.B. breached the Kansas Auto Policy and/or breached the duty of good faith and fair dealing and duty of cooperation thereby voiding coverage, including that M.B. proceeded through a secretive non-adversarial arbitration at which he offered no real defense resulting in the purported arbitration award that did not reasonably reflect his actual liability or M.O.'s actual damages arising out of the subject liability claim.

8.  M.B.'s counterclaims are barred or limited in that M.B. breached the Kansas Auto Policy and/or breached the duty of good faith and fair dealing and duty of cooperation thereby voiding coverage, including if M.B. assigned his rights contrary to the terms and conditions of the Kansas Auto Policy.

11

9.     M.B.'s counterclaims are barred or limited to the extent M.B. and/or M.O. knowingly concealed or misrepresented a material fact or circumstance in relation to the subject liability claim.

10.     M.B.'s counterclaims are barred or limited to the extent any purported award to M.O. is based upon uncovered claims in relation to the Kansas Auto Policy.  GEICO is entitled to an allocation between uncovered and covered claims and damages.

11.     Defendant M.B.'s counterclaims are barred or limited to the extent that they allege an independent tort of "bad faith" based on an insurer's duty to defend, which is not a valid claim under Kansas law.

12.     Defendant M.B.'s counterclaims are barred or limited to the extent that a breach of a duty of good faith and fair dealing is not a valid claim under Kansas law.

13.     Defendant M.B.'s counterclaims are barred or limited to the extent that they allege a bad faith claim in the absence of a valid underlying personal injury judgment, which is not cognizable in Kansas.

14.     Defendant M.B.'s counterclaims are barred or limited to the extent that is action is not yet ripe in that he seeks to require GEICO to litigate a bad faith claim without an underlying judgment.

15.     Defendant M.B.'s counterclaims impermissibly seek an advisory opinion.

16.     Defendant M.B.'s counterclaims allege a nonjusticiable controversy.

17.     Defendant M.B.'s counterclaims seek punitive damages that are not available by law.

18.     Defendant M.B.'s counterclaims seek attorney fees and costs not available by law.

19.     Even assuming coverage is afforded for M.O.'s subject liability claim under the Kansas Auto Policy (which GEICO specifically denies), Defendant M.B.'s counterclaims are barred or limited by law insofar as they seek damages in excess of the limits of the insurance policies at issue.

20.     Defendant M.B.'s counterclaims are barred to the extent they seek an impermissible double recovery of damages or otherwise subject GEICO to multiple or inconsistent liability.

21.     Defendant M.B.'s counterclaims are barred by accord and satisfaction, settlement and compromise, release, estoppel, *res judicata,* unclean hands, fraud, collusion, illegality, payment, waiver, and/or laches.

22.     To the extent Defendant M.B. may be legally entitled to recover damages in this action, which is denied, such entitlement to recover must be reduced by the percentage of fault attributable to any persons or entities not under GEICO's control.

23.     Defendant M.B.'s alleged damages, if any, were caused by his own contributory or comparative fault.

24.     To the extent Defendant M.B. may be legally entitled to recover damages in this action, which is denied, such entitlement to recover must be reduced by the percentage of fault attributable to Defendant M.B. negligently causing or contributing to cause his damages.

25.     Defendant M.B. failed to mitigate his alleged damages, if any.

26.     Defendant M.B.'s alleged damages, if any, were not proximately caused by GEICO's conduct.

27.     Defendant M.B.'s counterclaims are barred or limited because any coverage offered by GEICO, if applicable, is excess over coverage provided by other homeowners and automobile carriers of M.B. such as, for example, Progressive, Travelers, and/or Acuity.

13

28.     GEICO is entitled to a set-off for any other applicable coverage provided by homeowners and automobile carriers of M.B. such as, for example, Progressive, Travelers, and/or Acuity.

29.     GEICO is entitled to contribution and/or indemnity (including equitable indemnification) from other entities such as those that afforded automobile and homeowners coverage to M.B. such as, for example, Progressive, Travelers, and/or Acuity.

30.     GEICO specifically reserves its right, and places all parties on notice, to contribution, indemnity, set-off, or statutory credit for any amounts paid to or for the benefit of M.B. or M.O., by settlement, through other available insurance, or otherwise.

31.     Any purported agreement under Rev. Stat. Mo. § 537.065 between M.B. and M.O. is invalid or unenforceable.

32.     Any purported agreement under § 537.065 between M.B. and M.O. arises out of fraud and/or collusion.

33.     Any arbitration award purportedly entered in M.O.'s favor is invalid or unenforceable.

34.     The May 18, 2021 arbitration award purportedly entered in M.O.'s favor involved a non-justiciable case or controversy, including to the extent M.O. and M.B. had already settled the subject liability claim on March 11, 2021.

35.     M.B.'s counterclaims are barred or limited because M.B. failed to provide proper and timely notice of the purported § 537.065 agreement entered into with M.O. or the secret arbitration entered into with M.O. of May 17, 2021.

36.     M.B.'s counterclaims are barred or limited to the extent that GEICO was not provided notice of, or an opportunity to participate in, the secretive non-adversarial underlying arbitration proceeding that allegedly occurred on May 17, 2021.

37.     M.B.'s counterclaims are barred or limited to the extent that the underlying secretive non-adversarial purported arbitration award was procured by corruption, fraud, collusion, or other undue means and should, therefore, be vacated.

38.     RSMo. § 435.415 does not permit entering into evidence any arbitration award for personal injury in any lawsuit against any insurer for any party to an arbitration award, including any garnishment, unless the insurer agreed in writing to the arbitration proceeding and written arbitration agreement.

39.     Recent amendments to RSMo. § 435.415 reflect that the Missouri legislature intended that no arbitration award for personal injury in any lawsuit against any insurer for any party to an arbitration award is admissible into evidence, including any garnishment, unless the insurer agreed in writing to the arbitration proceeding and written arbitration agreement.

40.     RSMo. § 435.415 does not permit secret arbitrations to form the basis for any garnishment or other judgment or decree with respect to a liability insurer, unless the insurer agreed in writing to the arbitration proceeding and written arbitration agreement.

41.     Recent amendments to RSMo. § 435.415 reflect that the Missouri legislature intended that secret arbitrations could not form the basis for any garnishment or other judgment or decree with respect to a liability insurer, unless the insurer agreed in writing to the arbitration proceeding and written arbitration agreement.

42.     To the extent GEICO has any duty to pay under any purported judgment confirming the purported arbitration award in Jackson County, Missouri, GEICO is entitled to reimbursement

15

of an equitable share of sums paid concerning the Underlying Tort Action and any action to confirm the arbitration award from any and all other applicable insurers.

43.     M.B.'s counterclaims are barred or limited in that M.B. failed to notify GEICO that during the pendency of this action, and despite purporting to "settle" the liability claim against him on March 11, 2021, M.B. subsequently entered into a secret arbitration with M.O. on May 17, 2021.

44.     In the event GEICO is denied the ability to participate in any underlying action to confirm the arbitration award, M.B.'s counterclaims therefore are barred or limited as violative of the public policy and legislative intent behind § 537.065.2.

45.     GEICO was denied the ability to participate in the underlying arbitration proceeding, which resulted in a putative arbitration award, and, therefore, M.B.'s counterclaims are barred or limited as violative of the public policy and legislative intent behind § 537.065.2.

46.     M.B.'s counterclaims are barred or limited in the event that GEICO is improperly denied the opportunity to intervene, permissively or as a matter of right, in the Underlying Tort Action (Jackson County, Missouri Case No. 2116-cv11283) or any other action to confirm the purported arbitration award.

47.     M.B.'s counterclaims are barred or limited to the extent that M.B. and/or M.O.'s conduct violates GEICO's constitutional rights under the Constitution of the United States and/or any applicable State constitution, including the rights to due process and access to the courts.

48.     M.B.'s counterclaims are barred or limited to the extent that M.B. and/or M.O.'s conduct violates GEICO's constitutional rights under the Constitution of the United States and/or any applicable State constitution, including the rights to due process and equal protection of the

16

law as guaranteed by the Kansas Constitution and the Fourteenth Amendment of the United States Constitution.

49.     M.B.'s counterclaims are barred or limited to the extent that M.B. and/or M.O.'s conduct seeks to impermissibly interfere with the private right to contract and the terms of the Kansas Auto Policy in violation of the protection afforded and constitutionally guaranteed to contracting parties under the Contract Clause of Article 1 § 10 of the United States Constitution or under any similar provision of any applicable State constitution.

50.     M.B.'s counterclaims are barred or limited to the extent that the purported underlying arbitration award encompasses an award for punitive damages or punitive conduct such that recovery here against GEICO would violate public policy against the insurability of punitive damages.

51.     In the event the Circuit Court of Jackson County, Missouri confirms the purported arbitration award in the Underlying Tort Action, M.B.'s counterclaims are barred or limited to the extent that the underlying Jackson County Court lacked subject matter jurisdiction over the action to confirm the purported arbitration award.

52.     M.B.'s counterclaims are barred to the extent M.B. lacks standing to assert a claim that GEICO breached its alleged duty to defend or indemnify M.B. arising out of the subject liability claim, in the event the purported § 537.065 Agreement assigns any such claims away.

53.     M.B.'s counterclaims are barred to the extent he accepted or was party to an assignment of any rights under the Kansas Auto Policy in violation of applicable State or Federal law, public policy, and/or the terms and provisions of the GEICO Policy.

54.     M.B.'s counterclaims fail because there are litigable questions of fact and/or issues regarding coverage and a duty to defend, and GEICO is entitled to a judicial determination on those questions without being penalized.

55.     GEICO is not bound by the resolution of any factual questions or damage issues in the Underlying Tort Action or any underlying action to confirm the purported arbitration award because an insurer has a right to separately litigate factual questions pertaining to coverage under a policy issued to a person or entity alleged to be entitled to liability coverage under that policy.

56.     GEICO is not bound by the resolution of any factual questions or damage issues in the Underlying Tort Action or any underlying action to confirm the purported arbitration award because neither the purported award nor any judgment thereon was procured in an adversarial proceeding involving an actual case or controversy.

57.     M.B.'s counterclaims against GEICO are barred or limited because M.O. and/or M.B. failed to satisfy all conditions precedent to suit and recovery.

58.     M.B.'s counterclaims are barred or limited because any damages awarded to M.O. arising out of her subject liability claim must be reasonable and supported by the evidence.

59.     M.B.'s counterclaims are barred or limited because the evidence presented at the purported arbitration of May 17, 2021 was not consistent with the true state of affairs concerning the subject liability claim, and no judge ever made a determination as to liability or damages as it relates to said claim, demonstrating fraud and collusion between M.O. and M.B.

60.     GEICO is not bound by any factual determinations, to the extent there are any, supporting the purported arbitration findings associated with the Underlying Tort Action, and any judgment arising out of the same is subject to review for reasonableness and/or is unenforceable against GEICO because said judgment would not be a result of an adversarial proceeding or

contested trial but, rather, was in the nature of a settlement, agreement, consent judgment, or uncontested proceeding; and/or the amount of damages awarded to M.O. was not reasonable. Further, GEICO believes that a reasonable opportunity for further investigation and discovery is likely to reveal any such judgment was the product of fraud, collusion, and/or fraud on the court.

61.     M.B.'s counterclaims are barred or limited because the amount of damages set forth in the purported arbitration award is unreasonable.

62.     M.B.'s counterclaims are barred or limited to the extent they amount to or constitute impermissible claim-splitting.

63.     If M.B. sustained punitive damages as alleged in his counterclaim, which GEICO specifically denies, the assessment of exemplary or punitive damages or damages for aggravating circumstances violates GEICO's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution or rights under any similar provision of any applicable State constitution.

64.     Plaintiff's claims, seeking to impose damages above policy limits on GEICO without an independent showing of tortious conduct by GEICO, constitute a taking without just compensation in contravention of the rights guaranteed to GEICO by the Constitution of the United States, the Constitution of the State of Kansas, or under any similar provision of any applicable State constitution.

65.     M.B.'s counterclaims against GEICO, seeking to impose damages above policy limits on GEICO without an independent showing of tortious conduct by GEICO, constitute a deprivation of liberty and property in contravention of rights guaranteed to GEICO by the due process clauses of the United States Constitution, the Constitution of the State of Kansas, or under any similar provision of any applicable State constitution.

66.     M.B.'s counterclaims against GEICO, seeking to impose damages above policy limits on GEICO without a trial by jury, violate GEICO's right to trial by jury of the Seventh Amendment of the United States Constitution or right under any similar provision of any applicable State constitution.

67.     GEICO reserves its right to assert any and all additional, supplemental, alternative, and other defenses to the claims asserted in the Petition. GEICO reserves its right to add, delete or amend its defenses, admissions and denials set forth herein and to include third party claims, counterclaims, and/or cross-claims as may be necessary as discovery progresses.

WHEREFORE, GEICO prays this Court for relief consistent with this Answer and Affirmative Defenses, and specifically requests that M.B.'s Counterclaims be dismissed with prejudice, with M.B. to take nothing and for any and all other further relief as the Court may deem just and proper.

<u>JURY TRIAL DEMANDED</u>

GEICO requests a trial by jury as to all issues and claims in this matter so triable.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: <u>*/s/ W. Clark Richardson*</u>
Douglas S. Beck, #70743
W. Clark Richardson, #27740
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816-474-6550
Facsimile: 816-421-5547
dbeck@shb.com
wrichardson@shb.com

*Attorneys for GEICO Plaintiffs*

20

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed and served via the Court's electronic filing system on July 1, 2021, upon all counsel of record.

/s/ W. Clark Richardson