UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY-LEAVENWORTH DIVISION

| | |
|---|---|
| GEICO GENERAL INSURANCE COMPANY, et al. | )<br>)<br>) |
| and | )<br>) |
|      Plaintiffs, | )<br>)<br>) |
| v. | )   Case No. 2:21-cv-02164-DDC-ADM |
| M.O., et al. | )<br>)<br>) |
|      Defendants. | ) |

### DEFENDANT M.B.'S RESPONSE TO THE COURT'S July 30, 2021 NOTICE AND ORDER TO SHOW CAUSE

COMES NOW defendant, M.B., through undersigned counsel, for his response to the Court's Notice and Order to Show Cause entered herein on July 30, 2021 ("Order to Show Cause"). This is a lawsuit filed by M.B.'s own insurance company seeking to exclude coverage for the claims asserted by co-defendant M.O. in a lawsuit in Missouri state court.[1] There is no question that the subject matter involved in this lawsuit is of a nature to warrant proceeding in pseudonym, and it appears the Court may have taken

---

[1] GEICO has chosen to take two (2) dramatically opposite positions in two (2) different Courts in Missouri and Kansas regarding this issue. In this case, GEICO is claiming there is no coverage for M.O.'s claims against M.B. In Missouri GEICO appears to take the contrary position. In the Missouri state court case, Case No. 2116-CV11283, GEICO is seeking to intervene, to address M.O.'s alleged damages and M.B.'s alleged liability for the same, as well seeking to raise and litigate a legitimate defense that M.B. can raise in response to the claims asserted by M.O. based on the fact that it insured M.B. at the time which was relevant to the allegations made by M.O. (See Exhibit A – GEICO General Insurance Company and Government Employees Insurance Company's Motion to Intervene and Suggestions in Support, Exhibit B- GEICO General Insurance Company and Government Employees Insurance Company's Motion for Leave to Conduct Discovery and Suggestions in Support, Exhibit C- GEICO General Insurance Company and Government Employees Insurance Company's Motion to Amend the Judgment and Suggestions in Support, Exhibit D- GEICO General Insurance Company and Government Employees Insurance Company's Motion to Vacate the Arbitration Award and Suggestions in Support, Exhibit E- GEICO General Insurance Company and Government Employees Insurance Company's Motion for New Trial and Suggestions in Support and Exhibit F- GEICO General Insurance Company and Government Employees Insurance Company's Notice of Appeal).

issue with the anonymous filing since GEICO only had obtained provisional leave to proceed in pseudonym when the action was commenced. To cure any possible defect, or impairment to the Court's ability to proceed in pseudonym, the defendants have jointly moved the Court for leave to continue proceeding in pseudonym. (See Doc No. 42).

With respect to the merits of proceeding in pseudonym, a reading of plaintiff's Complaint reveals that it contains intimate personal information of the most sensitive nature regarding defendant M.B. and M.O. If not permitted to proceed via pseudonym, defendants will be subject to social shame, public ridicule and humiliation both now and in the future, particularly given the easy access of court records online and the prevalence of access to Court records. Further, it is noteworthy that the only parties with any possible interest in this case are involved in the lawsuit, so proceeding in actual names serves not public purpose.

Defendant M.B. requests to remain anonymous to avoid public ridicule and humiliation which will result from the disclosure of his insurer's filing. Defendant M.B. also requests to remain anonymous. The defendants should be allowed to remain anonymous so that an Internet search for their names does not forever reveal the scandalous allegations which permeate the plaintiff's pleading to anyone who bothers to look, including friends, acquaintances, co-workers, employers and others, thereby forcing defendant M.B. to discuss personal and private information which is all subject to the physician-patient privilege and re-live the events at issue in the cases now pending.

## **FACTS**

This is a declaratory judgment action filed by Government Employees Insurance Company ("GEICO") against its own insured and the plaintiff in a related lawsuit in

Missouri to ostensibly determine the parties' rights and obligations under an automobile insurance policy (the "Auto Policy") issued by GEICO General Insurance Company ("Privacy Policy") and umbrella insurance policies (the "Umbrella Policy") issued by GEICO (collectively, the "Policies") to defendant M.B.

In consideration of the premium paid, GEICO sold to M.B. a claims-made Kansas Family Automobile Insurance Policy, No. 4133844391, with a policy period of June 23, 2017 through December 23, 2017 (the "Policy"). The Policy has a $1,000,000 limit of liability for all bodily injury claims. M.B. is the named Insured on the policy. The Policy obligates GEICO to pay on behalf of M.B. "damages which insured becomes legally obligated to pay because of:

    A.    Bodily Injury, sustained by a person; and

    B.    damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or non-owned auto. We will defendant any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit." (Policy – Section 1).

"Bodily Injury" means bodily injury to a person including resulting sickness, disease or death." (Policy– Section 1).

M.B. sought coverage from GEICO for claims made in Missouri against him by M.O. resulting from the alleged transmission of anogenital human papillomavirus (HPV). As discussed more later, the allegations of M.O. fall squarely within the coverage afforded by the GEICO Policy. All conditions required by the Policy had been performed by M.B. and/or waived by GEICO. GEICO refused to provide a defense or coverage, denying the existence of an obligation under its policy. Following GEICO leaving its insured without coverage, or counsel, M.B. entered into a RSMo 537.065 agreement to resolve M.O.'s

3

claims against him. M.B. had demanded that GEICO provide coverage to him under the GEICO policy and defense related to the underlying claims made by M.O. M.B. had also demanded that GEICO provide coverage under the GEICO policy for the proposed settlement of M.O. claims. GEICO has previously denied any contractual obligation to advance and/or reimburse M.B. for defense expenses related to the claims made by M.O. and has denied any contractual obligation to provide coverage for the proposed settlement of M.O.'s claims. More recently, GEICO's position appears to have changed and it sought to intervene in the Jackson County case ostensibly under the theory that it does not have coverage.

In the middle of the legal wrangling sits M.B. who purchased insurance, paid his premiums, and was first left without counsel or coverage by GEICO, only later to be sued by his own carrier. He should not now also have his private, personal, information smattered about in the Court file and, thereby, being publicly available. There can be little doubt that any lay person reviewing this brief would want to have their highly sensitive and personal information become public knowledge.

## ARGUMENT AND AUTHORITY

I. **DESPITE THE LANGUAGE OF THE FEDERAL RULES OF CIVIL PROCEDURE, NUMEROUS COURTS, HAVE RECOGNIZED THAT, UNDER THE PROPER CIRCUMSTANCES, A PARTY MAY PROCEED BY AN ANONYMOUS NAME IN "EXCEPTIONAL CIRCUMSTANCES"**

The federal Courts of Appeals, which have heard appeals involving the use pseudonyms have held that a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998);

4

Case 4:22-cv-00082-FJG   Document 43   Filed 08/13/21   Page 4 of 10

*James v. Jacobson*, 6 F.3d 233 at 238 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180 at 186 (5th Cir. 1981). Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, see Stegall, 653 F.2d at 186; *Gomez v. Buckeye Sugars*, 60 F.R.D. 106, 107 (N.D. Ohio 1973) (permitting FLSA plaintiffs to use pseudonyms to protect them from employer reprisals); (2) when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' *James*, 6 F.3d at 238; see also *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing plaintiff to sue insurance company anonymously to protect against identification as a homosexual); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (permitting plaintiff in abortion suit to use pseudonym due to the personal nature of pregnancy); and (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution,' *Stegall*, 653 F.2d at 185; see also *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975), judgment aff'd by 425 U.S. 985 (1976).

Proceeding under a pseudonym has been noted by the Tenth Circuit to be "an unusual procedure." *M.M. v. Zavaras,* 139 F.3d 798, 800 (10th Cir.1998), however, there are circumstances which clearly warrant protecting an innocent individual like M.B. from public disclosure. There does not appear to be any specific statute or rule addressing the practice. *M.M. v. Zavaras,* 139 F.3d 798, 800 (10th Cir.1998). In some circumstances, courts may permit a party to proceed under a pseudonym when highly sensitive and important privacy interests are at stake. *M.M. v. Zavaras,* 139 F.3d 798, 802–03 (10th Cir.1998) (An indigent, pregnant prisoner's right to privacy in challenging the state

5

constitution's prohibition on public expenditure for abortions was outweighed by public's interest because she was petitioning to use public funds). The Tenth Circuit held that a district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. *M.M. v. Zavaras,* 139 F.3d at 800 (1998).

Ultimately, whether to allow a party to proceed under a pseudonym is within the district court's discretion, *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 410 (10th Cir. 2005). By its filing GEICO and both defendants clearly recognize that the present case fits squarely within this criteria of the law for proceeding anonymously. The Tenth Circuit has recognized that in circumstances like that at bar it is warranted to proceed anonymously in a judicial proceedings. Adopting the standard of the Eleventh Circuit, the Tenth Circuit has previously ruled that:

> Lawsuits are public events. A [party] should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer v. Haun*, 227 F.3d 1244 (10th Circuit 2000) (quoting *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir.1992)).

This lawsuit certainly invokes the criteria identified in *Doe v. Frank* and endorsed by the Tenth Circuit. First, it involves matters of a highly sensitive and personal nature in that defendant M.B. will have to disclose personal, intimate, sexual information, as well as information from his personal medical condition (and records which are privileged), past sexual history, disease and other intimate details relating to his relationship with co-defendant M.O. Second, disclosure of the identify of M.B. clearly creates a risk of injury

6

to defendant M.B. if he is required to disclose his identity. M.B. fears that disclosure of his identity will devastate his employment, professional relationships, family, life, jeopardize his future political and personal opportunities and provoke further unwarranted and resource-consuming investigations. In other words, M.B. fears that disclosure of his identity will destroy his life and he should be allowed to proceed anonymously to prevent this result.

As the Court advised in its July 30, 2021 Order, the identity of defendant M.B. is contained in sealed filings, and is known to the Court, GEICO and M.O. Requiring GEICO to file an Amended Complaint using M.B.'s full name will cause him harm and affect his ability to maintain a life which he has built here in Kansas City. If M.B.'s full name is disclosed in this litigation, any future personal relationships he has, future employment opportunities or professional relationships will be harmed along with his longstanding social and personal friendships when his personal, intimate relationship details will be public knowledge and he will be subject to ridicule, harassment, retaliation, repercussions and embarrassment by his peers, co-workers, friends and family.

II. **DEFENDANT M.B.'S NEED FOR ANONYMITY OUTWEIGHS THE PRESUMPTION THAT PARTIES' IDENTITIES ARE PUBLIC INFORMATION, GIVEN THAT THE SENSITIVE NATURE OF THE ALLEGATIONS. MOREOVER, THERE IS NO RISK OF UNFAIRNESS TO THE PLAINTIFF, AND THE PUBLIC INTEREST WOULD NOT BE SERVED BY REQUIRING DEFENDANTS TO REVEAL THEIR IDENTITIES.**

This case is of absolutely no interest to the people other than the parties. There are simply no people who pay interest in the case outside of the parties. Co-defendant M.O. brought a cause of action for the negligent transmission of a sexual disease in the Missouri state courts, under pseudonym, where the negligent acts allegedly took place. M.O. and M.B. entered into an agreement in order to protect their identities/interests due to the

sensitive nature of the underlying cause of action and their family members. The arbitration proceeded under pseudonyms and the arbitration award was entered with the arbitrator protecting M.O. and M.B.'s identities.

This case involves the same personal, confidential health information which is involved in the Missouri cases, including protected records that reveal sensitive details about M.B.'s medical conditions and sexual relationships, which are sensitive and highly personal matters. This litigation will require disclosure of information of the "utmost intimacy," including highly sensitive, personal information concerning M.B. and M.O.'s sexual relationship.

M.B. did not elect to bring this lawsuit in Kansas Federal Court and had no control over GEICO's failure to file a motion for leave to bring this Complaint against defendants under pseudonyms.. M.B. has been named as a defendant in this lawsuit brought by GEICO and plaintiff will not be prejudiced by M.B. continuing to proceed under his pseudonym because they already know his name and GEICO filed this case using his initials.

Further, this is not the kind of case in which the public has an important interest in M.B.'s identity. This case is not an attack on the constitutionality of legislation as in *Femedeer*. Nor does the outcome of this case involve issues of public policy or the expenditure of public funds as in *M.M.* and M.B. is not attempting to shield his identity from plaintiff. Rather, M.B. is trying to protect his identity from persons not associated with him.

The undersigned has conferred with counsel for Defendant M.O. and both defendants agree that proceeding in the manner GEICO has elected to file this lawsuit would be in the best interest of all parties.

WHEREFORE, defendant M.B. respectfully requests this Court's entry allowing him to proceed anonymously based on findings that he has demonstrated exceptional circumstances in which the need for his anonymity outweighs the public interest, and for such further relief as this Court deems just and proper.

Respectfully submitted,

**EVANS & DIXON, L.L.C.**

*/s/Brian J. Niceswanger*
| | |
|---|---|
| Brian J. Niceswanger | KS #12531 |
| Stephanie A. Preut | KS #24971 |

82 Corporate Woods, Suite 900
10851 Mastin Boulevard
Overland Park, Kansas 66210
(T) 913.701.6810
(F) 913.341.2293
KCCivilLit@evans-dixon.com
**ATTORNEYS FOR DEFENDANT M.B.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of August, 2021, a true and correct copy of the above and foregoing was served *via email* to the following:

Douglas S. Beck, Esq.
W. Clark Richardson, Esq.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
dbeck@shb.com
wrichardson@shb.com
**ATTORNEYS FOR PLAINTIFFS**

David M. Mayer, Esq.
Phillip R. Martens, Esq.
4717 Grand, Suite 820
Kansas City, Missouri 64112
dmayer@monseemayer.com
rmartens@monseemayer.com
**ATTORNEYS FOR DEFENDANT M.O.**

          */s/Brian J. Niceswanger*
          ATTORNEY FOR DEFENDANT M.B.