# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) |
| and | ) ) |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) |
|     Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:22-cv-00082-CV-W-FJG |
| M.O., | ) ) |
| and | ) ) |
| MARTIN BRAUNER, | ) ) |
|     Defendants. | ) ) |
| AND | ) ) |
| MARTIN BRAUNER, | ) ) |
| and | ) ) |
| M.O. | ) ) |
|     Counter-plaintiffs, | ) ) |
| v. | ) ) |
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) |
| and | ) ) |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) |
|     Counter-defendants, | ) |

# DEFENDANT M.O.'S ANSWER TO GEICO'S THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM

COMES NOW Defendant M.O. ("Defendant" or "M.O."), and for her Answer to Plaintiff's Third Amended Complaint for Declaratory Judgment ("Amended Complaint") and Counterclaim, in accordance with Fed. R. Civ. P. 8(b), states as follows:

## Nature of Action and Relief Sought

1. With respect to the allegations made in Paragraph 1 of the Amended Complaint, Defendant admits Plaintiffs have filed "an action for declaratory relief" involving the Defendants, and admits the existence of an automobile insurance policy (the "Auto Policy") issued by GEICO General Insurance Company and umbrella insurance policies (the "Umbrella Policy") issued by Government Employees Insurance Company (collectively, the "Policies") to Brauner.

2. Defendant admits plaintiffs seek the relief set forth in Paragraph 2, and denies that plaintiffs are entitled to such relief in response to the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

4. Defendant states that she is without knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Amended Complaint and, therefore, denies the same.

5. Defendant denies the allegation contained in Paragraph 5 of the Amended Complaint.

6. Defendant denies the allegation contained in Paragraph 6 of the Amended Complaint.

7. Defendant denies the allegation contained in Paragraph 7 of the Amended Complaint.

## The Parties

8. Defendant states that the allegations set forth in Paragraph 8 of the Amended Complaint are compound in violation of Fed. R. Civ. P. 10(b).

9. Defendant admits she resided in Missouri and was a citizen of Missouri at the time of the allegations.

10. Defendant admits the allegations contained in Paragraph 10 of the Amended Complaint.

## Jurisdiction & Venue

11. Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

## M.O.'s Threatened Tort Lawsuit Against Brauner

14. Defendant admits the allegations in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Amended Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Amended Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Amended Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Amended Complaint.

### The Insurance Policies

20. Defendant states that the allegations set forth in Paragraph 20 of the Amended Complaint are compound in violation of Fed. R. Civ. P. 10(b).

### The Auto Policy

21. Defendant admits the allegations contained in Paragraph 21 of the Amended Complaint.

22. Defendant admits the allegations contained in Paragraph 22 (including all subparts) of the Amended Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendant admits the allegations contained in Paragraph 24 (including all subparts) of the Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

### The Umbrella Policy

26. Defendant admits the allegations contained in Paragraph 26 (including all subparts) of the Amended Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Amended Complaint, however, M.O. disputes that there is no coverage under the GEICO auto policy.

### COUNT I: DECLARATORY JUDGMENT

28. Defendant incorporates by reference the responses contained in Paragraphs 1 through 27 of her Answer to Plaintiffs' Amended Complaint for Declaratory Judgment, as though fully stated herein.

29. Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendant states that the allegations set forth in Paragraph 33 of the Amended Complaint are compound in violation of Fed. R. Civ. P. 10(b). Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. Defendant admits the umbrella policy does not affect coverage for the allegations contained in Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint, and affirmatively states that the auto policy does provide coverage.

38. Defendant admits the allegations contained in Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

44. Plaintiffs' Amended Complaint fails, in whole or in part, to state a claim against M.O. upon which relief can be granted.

45. Plaintiffs' claims are barred by reason of failure to join an indispensable party.

46. Plaintiffs' claims are barred in whole or in part by reason of estoppel.

47. Plaintiffs' claims are barred in whole or in part by reason of laches.

48. Plaintiffs' claims are barred in whole or in part by reason of res judicata.

49. Plaintiffs' claims are barred by the statute of limitations.

50. Plaintiffs' claims are barred in whole or in part by reason of waiver.

51. Plaintiffs' claims are barred by the doctrine of unclean hands.

52. Plaintiffs' claims are barred and/or limited, in whole or in part, by the terms, conditions and provisions of the Policy.

53. Plaintiffs have failed to set out its claim with sufficient particularity to permit M.O. to raise all appropriate defenses, and thus, M.O. reserves its right to add additional defenses.

54. Defendant affirmatively reserves the right to amend her Answer above, and assert other affirmative defenses during the course and at the completion of discovery, and incorporate, as though fully set forth herein, all defenses and objections provided by Kansas and/or Missouri law as applicable to the claims and defenses.

WHEREFORE, having fully answered, defendant M.O. prays that plaintiffs take nothing by their cause of action, for her costs incurred herein and for such other relief as the Court deems just and equitable.

## DEFENDANT M.O.'S COUNTERCLAIM AGAINST PLAINTIFF GEICO

Defendant M.O., by and through her counsel of record, counterclaims against GEICO General Insurance Company and Government Employees Insurance Company as follows:

### Parties, Jurisdiction, & Venue

1. Counterclaimant M.O is an adult individual that resided in Jackson County, Missouri, was injured in Jackson County, Missouri and brought a lawsuit against Defendant Martin Brauner in Jackson County, Missouri.

2. Defendant GEICO is a foreign insurance corporation and is licensed to do business in and provide insurance in the State of Missouri. Pursuant to RSMo §375.906, Defendant GEICO can lawfully be served with process by service on the Director of the Missouri Department of Insurance, 301 W. High Street, Room 530, Jefferson City, Missouri.

3. Defendant Martin Brauner is an adult individual that resides in Johnson County, Kansas.

4. At all times relevant hereto, GEICO has been an insurance company and has issued policies of insurance and engaged in the regular practice of business throughout the State of Missouri.

## Nature of Action and Relief Sought

5. This action involves the insurance coverage of injuries that occurred in Jackson County, Missouri and a Judgment that was entered in Jackson County, Missouri. *See* Ex. "A", Judgment entered July 2, 2021, and Ex "B", Judgment Nunc Pro Tunc entered September 8, 2021. Therefore, venue is proper with this Court.

6. M.O. and Brauner entered into a sexual relationship in November 2017 and early December 2017, and the two "engaged in unprotected sexual activities, including intercourse, in M.B.'s 2014 Hyundai Genesis car."

7. Brauner negligently failed to tell M.O. that he was infected with anogenital human papillomavirus (HPV) and failed to use adequate protection and take proper precautions to prevent its transmission to M.O.

8. As a result of Brauner's actions, Brauner directly caused, or directly contributed to cause, M.O.'s own contraction of HPV.

9. As a direct and proximate result of Brauner's negligence, M.O. suffered physical and emotional injuries, incurred medical expenses, and is reasonably likely to incur future medical expenses for necessary medical treatment.

10. M.O. filed a claim against Brauner for her injuries. Brauner provided the claim to Defendant GEICO, who issued a denial of coverage letter and informed Brauner that GEICO would not provide any coverage or defense to a lawsuit.

11. In fact, directly in conflict with Brauner's interest, on April 7, 2021, GEICO filed an improper declaratory judgment action in Kansas against Brauner and M.O. M.O. has been dismissed from that lawsuit as a result of lack of personal jurisdiction.

12. Due to the sensitive nature of these allegations and in an effort to save personal money (since GEICO denied coverage and refused to provide a defense to Brauner), M.O. and Brauner agreed to submit the issues of liability and damages to an arbitrator.

13. After receiving evidence from both parties, the arbitrator entered an award finding Brauner negligent and liable for causing damages to M.O. in the amount of $5,200,000. *See* Ex. A and Ex. B.

14. On May 25, 2021, M.O. filed a lawsuit in Jackson County, Missouri, Case Number 2116-CV11283 and requested the Court to enter the arbitration award as a judgment.

15. Defendant GEICO filed a motion to intervene, which was granted.

16. On September 8, 2021, the Honorable S. Margene Burnett confirmed the Arbitration Award and entered judgment thereon which judgment incorporated the Arbitration Award therefore resulting in a judgment against Brauner in the amount of $5,200,000 plus interest. A copy of the judgment is attached hereto and denominated as Exhibit "B" and incorporated by reference.

## EQUITABLE GARNISHMENT

17. M.O. is a judgment creditor of Brauner as that term is used in section RSMo § 379.200.

18. At the time of the acts and/or omissions of Brauner, he was insured against his personal liability arising from his negligence in actions involving his automobile by Defendant GEICO. A true and accurate copy of the Policy is attached hereto and marked as Exhibit "C".

19. The declarations for the Policy indicate personal liability limits of $1,000,000.

20. The Policy was in full force and effect on the date of the Incident.

21. The liability of Brauner for the judgment was covered by the Policy and the damages sustained by M.O. were covered under the Policy and GEICO is, therefore, obligated to pay, at minimum, its one-million-dollar liability limits to M.O.

22. The Policy also obligates GEICO to pay post-judgment interest on the entire amount of the judgment until such time as GEICO has tendered its liability limits and GEICO is therefore liable to pay all post-judgment interest on the entire amount of the judgment as it has not yet tendered its liability limits.

23. At various times throughout the pendency of M.O.'s claims, Brauner notified GEICO of the existence of M.O.'s claims and requested GEICO to provide them with an attorney to defend against the claims.

24. GEICO refused to hire an attorney to defend Brauner or otherwise take any action to protect and defend Brauner as GEICO incorrectly stated the Policy did not provide coverage to Brauner for the claims being asserted by M.O.

25. In fact, in January 2021, GEICO sent letters to M.O. and Brauner informing the parties that GEICO "would take no further action on the claims" and "hereby withdraws from the matter entirely."

26. Prior to filing a lawsuit, Brauner by and through counsel, made settlement offers to settle for an amount within the liability limits of the Policy and GEICO refused to pay the demand or engage in any settlement negotiations with Brauner

27. More than thirty days have passed since the entry of the aforementioned judgment and no monies have been paid by or on behalf of M.O. in satisfaction of Counterclaimant's judgment against Brauner and the judgment remains unsatisfied.

28. Accordingly, pursuant to RSMo § 379.200, Counterclaimant is entitled to receive the proceeds of any monies owed by Defendant GEICO under the Policy and other damages arising from breach of the Policy.

29. GEICO acted in bad faith in refusing to defend Brauner despite multiple requests from or on behalf of Brauner that it do so and GEICO placed its own financial interests ahead of Brauner's financial interests in making the decision to not defend him.

30. GEICO acted in bad faith in refusing to accept M.O.'s settlement offer and in refusing to otherwise engage in any settlement negotiations or make any effort to settle the claims and in engaging in this conduct GEICO placed its own financial interests ahead of Brauner's financial interest.

31. Because GEICO acted in bad faith, it is liable for their insured's total damages which includes the entire amount of the judgment plus interest and costs.

WHEREFORE, Counterclaimant prays the Court enter judgment in favor of Counterclaimant and against Defendant GEICO finding coverage for the Judgment in the amount of the $5,200,000.00, plus interest, for costs incurred in the underlying judgment, costs incurred herein, attorney fees and for any other and further relief consistent herewith.

## **DEMAND FOR JURY TRIAL**

Defendant M.O. hereby demands a trial by jury in this action.

Respectfully Submitted,

MONSEES & MAYER, P.C.
A Professional Corporation

BY  /s/ *David M. Mayer*
DAVID M. MAYER, #40861
PHILLIP R. MARTENS, #69213
4717 Grand Avenue, Suite 820
Kansas City, Missouri 64112
(816) 361-5555 telephone
(816) 361-5577 facsimile
dmayer@monseesmayer.com
rmartens@monseesmayer.com

**ATTORNEYS FOR DEFENDANT M.O.**

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 8th day of March, 2022. Defendant M.O. served the foregoing to all counsel of record by operation of this Court's electronic case notification system.

*/s/ David M. Mayer*
DAVID M. MAYER

12

Case 4:22-cv-00082-FJG   Document 103   Filed 03/08/22   Page 12 of 12