**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION – KANSAS CITY**

| | | |
|---|---|---|
| **GEICO GENERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:22-cv-00082-FJG** |
| | ) | |
| **M.O.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **and** | ) | |
| | ) | |
| **MARTIN BRAUNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **MARTIN BRAUNER,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **M.O.** | ) | |
| | ) | |
| **Counter-Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GEICO GENERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) | |
| | ) | |
| **Counter-defendants,** | ) | |

**GEICO GENERAL INSURANCE COMPANY AND GOVERNMENT EMPLOYEES
INSURANCE COMPANY'S ANSWER & AFFIRMATIVE DEFENSES TO
DEFENDANT MARTIN BRAUNER'S MARCH 18, 2022 COUNTERCLAIMS
& DEMAND FOR JURY TRIAL**

Plaintiffs/Counter-defendants GEICO General Insurance Company and Government Employees Insurance Company (collectively "GEICO") submit this Answer to Martin Brauner's March 18, 2022 Counterclaims (the "Counterclaims"), in accordance with Fed. R. Civ. P. 8(b).

## PARTIES

1.     GEICO admits the allegations in paragraph 1 of Martin Brauner's Counterclaims.

2.     GEICO admits the allegations in paragraph 2 of Martin Brauner's Counterclaims.

## THE POLICY

3.     GEICO admits that it issued to Martin Brauner ("Brauner") Kansas Family Automobile Insurance Policy No. 4133844391 (the "Auto Policy"), with an effective date of June 23, 2017 through December 23, 2017, a contract of insurance that speaks for itself. GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Auto Policy by reference to a portion of that policy in isolation and further denies any remaining allegations in paragraph 3 of Brauner's Counterclaims.

4.     GEICO admits that it issued to Brauner the Auto Policy, a contract of insurance that speaks for itself. GEICO further admits that the Declarations Page in the Auto Policy states in part "Bodily Injury Liability (Each Person/Each Occurrence) . . . $1 million/$1 million." GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Auto Policy by reference to a portion of that policy in isolation and further denies that the Auto Policy affords coverage for the third party liability claims asserted by claimant M.O. against Brauner. Additionally, GEICO denies any remaining allegations in paragraph 4 of Brauner's Counterclaims.

5.     GEICO admits that it issued to Brauner the Auto Policy, a contract of insurance that speaks for itself.  GEICO further admits that the Declarations Page in the Auto Policy states in part "Named Insured . . . [Martin Brauner]."  GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Auto Policy by reference to a portion of that policy in isolation and further denies that the Auto Policy affords coverage for the third party liability claims asserted by claimant M.O. against Brauner.  Additionally, GEICO denies any remaining allegations in paragraph 5 of Brauner's Counterclaims.

6.     GEICO admits that it issued to Brauner the Auto Policy, a contract of insurance that speaks for itself.  GEICO further admits that the Auto Policy states in part "[u]nder Section I, we will pay damages which an *insured* becomes legally obligated to pay because of: 1. *bodily injury*, sustained by a person, and; 2: damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*.  We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit."  GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Auto Policy by reference to a portion of that policy in isolation and further denies that the Auto Policy affords coverage for the third party liability claim asserted by claimant M.O. against Brauner.  Additionally, GEICO denies any remaining allegations in paragraph 6 of Brauner's Counterclaims.

7.     GEICO admits that it issued to Brauner the Auto Policy, a contract of insurance that speaks for itself.  GEICO further admits that the Auto Policy states in part "*Bodily injury* means bodily injury to a person, including resulting sickness, disease or death."  GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Auto Policy by reference to a portion of that policy in isolation and further denies that the Auto Policy affords coverage for the third party liability claim asserted by claimant M.O. against

3

Brauner. Additionally, GEICO denies any remaining allegations in paragraph 7 of Brauner's Counterclaims.

## THE UNDERLYING CLAIMS

8.     GEICO admits that Brauner, by filing his Counterclaims, purports to seek coverage for claims made against him by M.O. resulting from the alleged transmission of HPV. GEICO is without sufficient knowledge or information to admit or deny any remaining allegations contained in Paragraph 8 of Brauner's Counterclaims and thus denies the same.

9.     GEICO is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Brauner's Counterclaims and thus denies the same.

10.     Paragraph 10 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations contained in paragraph 10 of Brauner's Counterclaims.

11.     Paragraph 11 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations contained in paragraph 11 of Brauner's Counterclaims.

## FACTS OF CASE

12.     GEICO only admits that Brauner, after initially stating claimant M.O.'s claim cannot be proven or words to that effect, subsequently requested that GEICO pay a certain amount within its limit of liability to claimant M.O. GEICO denies the remaining allegations in paragraph 12 of Brauner's Counterclaims as phrased.

13.     GEICO admits that the Auto Policy does not afford coverage for the third party liability claim asserted by claimant M.O. against Brauner, and that it communicated its position to

4

Brauner.  GEICO denies the remaining allegations in paragraph 13 of Brauner's Counterclaims as phrased.

14.    GEICO admits that Brauner purports to seek the relief outlined in paragraph 14 of Brauner's Counterclaim, but denies Brauner is entitled to any such relief, including a declaration that GEICO has any obligation to defend and indemnify Brauner under the Auto Policy.  GEICO denies any remaining allegations in paragraph 14 of Brauner's Counterclaims as phrased.

## COUNT I

15.    GEICO incorporates its answers to paragraphs 1-14 as if fully set forth herein.

16.    Paragraph 16 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO admits that Brauner paid premiums to GEICO, but denies the remaining allegations contained in paragraph 16 of Brauner's Counterclaims as phrased.

17.    Paragraph 17 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations contained in paragraph 17 of Brauner's Counterclaims as phrased.

18.    GEICO only admits that Brauner, after initially stating claimant M.O.'s claim cannot be proven or words to that effect, subsequently requested that GEICO pay a certain amount within its limit of liability to claimant M.O.  GEICO further admits that it sent certain letters to Brauner concluding in part that its Auto Policy did not afford coverage for the third party liability claim asserted by claimant M.O. against Brauner, and GEICO further states these letters speak for themselves.  GEICO denies any remaining allegations contained in paragraph 18 of Brauner's Counterclaims as phrased.

19.    GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Auto Policy.  GEICO denies any remaining allegations contained in paragraph 19 of Brauner's Counterclaims as phrased.

20.    GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Auto Policy.  GEICO denies any remaining allegations contained in paragraph 20 of Brauner's Counterclaims as phrased.

GEICO denies Brauner is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 20 of Brauner's Counterclaims, including all sub-parts.

## COUNT II

21.    GEICO incorporates its answers to paragraphs 1-20 as if fully set forth herein.

22.    GEICO denies that the Auto Policy affords coverage for any "share of the proposed settlement of M.O.'s claims and related expenses."  GEICO denies any remaining allegations in paragraph 22 of Brauner's Counterclaims.

23.    GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Auto Policy.  GEICO denies any remaining allegations contained in paragraph 23 of Brauner's Counterclaims as phrased.

24.    GEICO admits only that there is an actual, immediate controversy among the Parties as to whether coverage for the subject claim exists under the Auto Policy.  GEICO denies any remaining allegations contained in paragraph 24 of Brauner's Counterclaims as phrased.

GEICO denies Brauner is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 24 of Brauner's Counterclaims, including all sub-parts.

## COUNT III

25.    GEICO incorporates its answers to paragraphs 1-24 as if fully set forth herein.

26.     GEICO admits that it issued to Brauner the Auto Policy, a contract of insurance that speaks for itself.  GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Auto Policy by reference to a portion or portions of that policy in isolation and further denies that the Auto Policy affords coverage for the third party liability claims asserted by claimant M.O. against Brauner.  Additionally, GEICO denies any remaining allegations in paragraph 26 of Brauner's Counterclaims as phrased.

27.     Paragraph 27 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations contained in paragraph 27 of Brauner's Counterclaims.

28.     Paragraph 28 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations contained in paragraph 28 of Brauner's Counterclaims.

29.     Paragraph 29 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations contained in paragraph 29 of Brauner's Counterclaims.

30.     Paragraph 30 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations contained in paragraph 30 of Brauner's Counterclaims.

GEICO denies Brauner is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 30 of Brauner's Counterclaims, including all sub-parts.

## <u>COUNT IV</u>

31.     GEICO incorporates its answers to paragraphs 1-30 as if fully set forth herein.

32.     Paragraph 32 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations in paragraph 32 of Brauner's Counterclaims.

33.     Paragraph 33 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations in paragraph 33 of Brauner's Counterclaims.

34.     GEICO denies the allegations in paragraph 34 of Brauner's Counterclaims.

35.     GEICO denies the allegations in paragraph 35 of Brauner's Counterclaims.

36.     Paragraph 36 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations in paragraph 36 of Brauner's Counterclaims.

37.     Paragraph 37 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required.  To the extent a response is required, GEICO denies the allegations in paragraph 37 of Brauner's Counterclaims.

38.     GEICO denies the allegations in paragraph 38 of Brauner's Counterclaims.

39.     GEICO denies the allegations in paragraph 39 of Brauner's Counterclaims.

40.     GEICO denies the allegations in paragraph 40 of Brauner's Counterclaims, including all sub-parts.

41.     GEICO denies the allegations in paragraph 41 of Brauner's Counterclaims.

42.     GEICO denies the allegations in paragraph 42 of Brauner's Counterclaims.

43.     GEICO denies the allegations in paragraph 43 of Brauner's Counterclaims.

44. Paragraph 44 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations in paragraph 44 of Brauner's Counterclaims.

GEICO denies Brauner is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 44 of Brauner's Counterclaims, including all sub-parts.

## COUNT V

45. GEICO incorporates its answers to paragraphs 1-44 as if fully set forth herein.

46. Paragraph 46 of Brauner's Counterclaim improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations contained in paragraph 46 of Brauner's Counterclaims.

47. Paragraph 47 of Brauner's Counterclaims improperly seeks to require GEICO admit or deny a legal conclusion and thus no response of GEICO is required. To the extent a response is required, GEICO denies the allegations contained in paragraph 47 of Brauner's Counterclaims, including all sub-parts.

GEICO denies Brauner is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 47 of Brauner's Counterclaims, including all sub-parts.

## COUNT VI

48. GEICO incorporates its answers to paragraphs 1-47 as if fully set forth herein.

49. GEICO admits that it issued to Brauner the Auto Policy, a contract of insurance that speaks for itself. GEICO specifically denies any insinuation or characterization of the terms, conditions, and exclusions in the Auto Policy by reference to a portion or portions of that policy in isolation and further denies that the Auto Policy affords coverage for the third party liability

claims asserted by claimant M.O. against Brauner. Additionally, GEICO denies any remaining allegations in paragraph 49 of Brauner's Counterclaims as phrased.

50. GEICO denies the allegations in paragraph 50 of Brauner's Counterclaims.

51. GEICO denies the allegations in paragraph 51 of Brauner's Counterclaims.

52. GEICO denies the allegations in paragraph 52 of Brauner's Counterclaims.

GEICO denies Brauner is entitled to any of the relief requested in the WHEREFORE clause following Paragraph 52 of Brauner's Counterclaims, including all sub-parts.

## **GENERAL DENIAL**

GEICO denies each and every allegation contained in Defendant/Counter-plaintiff Brauner's Counterclaims not specifically admitted herein.

## **ADDITIONAL & AFFIRMATIVE DEFENSES**

In further defense of and response to the allegations contained in Defendant/Counter-plaintiff Brauner's Counterclaims, and/or as affirmative defenses to the claims asserted therein, and without assuming the burden of proof or the burden of persuasion on any issue to which such burden falls upon Brauner or another party under law, GEICO states:

1. Brauner's Counterclaims fail to state claims upon which relief can be granted.

2. Brauner's Counterclaims are barred or limited to the extent that they allege a bad faith claim in the absence of a valid underlying personal injury judgment, which is not cognizable under applicable State law.

3. Brauner's Counterclaims are barred or limited to the extent that such claims are not ripe pursuant to operation of the "pending action" doctrine and/or that they fail to present a justiciable dispute in that he seeks to require GEICO to litigate a bad faith claim without an underlying judgment (*i.e.*, while the underlying Jackson County case No. 2116-cv11283 (the

"Underlying Case") remains pending in the appellate court where that underlying judgment is being challenged as void and is not final).

4.      Brauner's Counterclaims are barred by barred by the doctrines of waiver, estoppel, judicial estoppel, *res judicata*, fraud, collusion, illegality, laches, and unclean hands.

5.      Brauner's Counterclaims are barred by the doctrines of accord, satisfaction, and release.

6.      Brauner's Counterclaims are barred or limited in that GEICO had no duty to defend or duty to indemnify Brauner for the subject liability claim.

7.      Brauner's Counterclaims are barred or limited to the extent they amount to or constitute impermissible claim-splitting.

8.      Brauner's Counterclaims impermissibly seek an advisory opinion.

9.      Brauner's Counterclaims allege a nonjusticiable controversy.

10.     Brauner's Counterclaims are barred to the extent Brauner lacks standing to assert a claim that GEICO breached its alleged duty to defend or indemnify Brauner arising out of the subject liability claim, in the event Brauner assigns any such claims away.

11.     Brauner's Counterclaims are subject to each and every term, limitation, provision, condition, and exclusion in the Auto Policy, including the following:

**SECTION I - LIABILITY COVERAGES**

*Your* **Protection Against Claims From Others**

**BODILY INJURY LIABILITY**
**PROPERTY DAMAGE LIABILITY**

**DEFINITIONS**

\*      \*      \*

**11.** *Use* of an auto includes the loading and unloading of the auto.

\*      \*      \*

## LOSSES WE WILL PAY FOR *YOU* UNDER SECTION I

Under Section I, we will pay damages which an *insured* becomes legally obligated to pay because of:

1.  **bodily injury**, sustained by a person, and;

2.  damage to or destruction of property, arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

\*       \*       \*

## EXCLUSIONS

The introduction sentence is revised as follows:

Section I does not apply to any claim or suit for damage if one or more of the exclusions listed below applies:

\*       \*       \*

2.  **Bodily injury** or property damage caused intention-ally by or at the direction of an *insured* is not covered.

\*       \*       \*

12. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages.

\*       \*       \*

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1.  The limit of bodily injury liability stated in the decla-rations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of **bodily injury** sustained by one person as the result of one occurrence.

2.  The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** sustained by two or more persons as the result of any one occurrence.

\*       \*       \*

**OTHER INSURANCE**

If the *insured* has other insurance against a loss covered by Section I of this policy, we will not owe more than our pro-rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

\*     \*     \*

3. ASSISTANCE AND COOPERATION OF THE **INSURED**

The *insured* will cooperate and assist us, if requested:

(a) in the investigation of the occurrence;
(b) in making settlements;
(c) in the conduct of suits;
(d) in enforcing any right of contribution or indemnity against any legally or responsible person or organization because of **bodily injury** or property damage;
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

\*     \*     \*

4. ACTION AGAINST US

No suit will lie against us:

(a) unless the *insured* has fully complied with all the policy's terms and conditions; and
(b) until the amount of the *insured's* obligation to pay has been finally determined, either:

    (i) by a final judgment against the *insured* after actual trial; or
    (ii) by written agreement of the *insured*, the claimant and us.

\*     \*     \*

**SECTION V - GENERAL CONDITIONS**

These conditions apply to all coverages in this policy.

1. TERRITORY - POLICY PERIOD

This policy applies only to accidents, occurrences or losses during the policy period within the United States of America, its territories or possessions, or Canada or when the auto is being transported between ports thereof.

\*     \*     \*

13

**4.** ASSIGNMENT

**Your** rights and duties under this policy may not be assigned without our written consent.

\*      \*      \*

**14.** FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly and with intent to defraud, conceals or misrepresents any material fact or circumstance relating to this insurance:

    (a) at the time of application; or
    (b) at any time during the policy period; or
    (c) in connection with the presentation or settlement of a claim.

\*      \*      \*

**PART I - PERSONAL INJURY PROTECTION COVERAGE**

We will pay to the **eligible injured person** personal injury protection benefits for:

    a) **medical expenses**,
    b) **rehabilitation expenses**,
    c) **work loss**,
    d) **essential service expenses**,
    e) **funeral expenses**, and
    f) **survivor's loss**

incurred because of **bodily injury** sustained by an **eligible injured person** caused by an accident arising out of the ownership, operation, maintenance or use of a **motor vehicle**.

\*      \*      \*

2. **Eligible injured person** means:

    a) **you** or any **relative** who sustains **bodily injury** while **occupying**, or through being struck by any **motor vehicle**, or

    b) any other person who sustains **bodily injury** while **occupying** the **insured auto** or through direct physical contact with the **insured auto** while not **occupying** any **motor vehicle**;

\*      \*      \*

**SECTION V - GENERAL CONDITIONS**

The following condition is added:

**16.** TERMS OF POLICY CONFORMED TO STATUTES

The policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of the state of Kansas.

\*      \*      \*

The condition for POLICY PERIOD is revised as follows:

Unless otherwise cancelled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and **your** acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire as stated in the declarations.

14

12.     Brauner's Counterclaims are barred or limited because GEICO has no duty to indemnify or defend Brauner, as it relates to the Underlying Case, the subject injury claim, or under the Auto Policy, and GEICO has not breached any term or condition of the Auto Policy. GEICO did not have a contractual duty to provide a defense, indemnification, and/or insurance coverage to Brauner in connection with the subject liability claim and Underlying Case due to the terms, conditions, and provisions contained in the GEICO Policy.

13.     Brauner's Counterclaims are barred because M.O.'s alleged injury did not arise out of the ownership, use, or maintenance of Brauner's listed vehicle within the meaning of the Auto Policy.

14.     Particularly, the Auto Policy only covers bodily injuries and property damage that arise "out of the ownership, maintenance or use of the *owned* or *non-owned auto*," and the subject liability claim asserted by M.O. against Brauner does not arise out of the ownership, maintenance, or use of the listed 2014 Hyundai Genesis.  Even assuming M.O. contracted HPV from Martin Brauner in the listed 2014 Hyundai Genesis (meaning the motor vehicle was the situs of a claimed injury), there is no causal connection between a covered use of the insured vehicle and the alleged injury.

15.     Coverage is precluded under the Auto Policy, to the extent Section I's exclusion 2 applies in the event *bodily injury* was caused intentionally by or at the direction of an insured. *See, e.g.*, *R.W. v. T.F.*, 528 N.W.2d 869, 873 (Minn. 1995).

16.     Brauner's Counterclaims are barred or limited to the extent they are premised on losses, claims, injuries, damages, and/or harm known (or which reasonably should have been known) or already in progress before the effective date of the Auto Policy.

17.     Brauner's Counterclaims are barred or limited to the extent the injuries or damages M.O. allegedly sustained were the result of events occurring outside the effective policy period of

the Auto Policy and/or no accident, occurrence, or loss resulted during the effective policy period of the Auto Policy.

18.     Brauner's Counterclaims are barred because no **_bodily injury_** arising out of the ownership, maintenance or use of Brauner's listed vehicle occurred during the effective policy period of the Auto Policy.

19.     Brauner's counterclaims against GEICO are barred or limited because M.O. and/or Brauner failed to satisfy all conditions precedent to suit and recovery.

20.     M.O.'s Counterclaim is barred, in whole or in part, because Brauner, in collusion with M.O., breached the GEICO Policy, breached his duty of good faith and fair dealing and duty of cooperation owed to GEICO under the GEICO Policy pursuant to "3. ASSISTANCE AND COOPERATION OF THE INSURED," in part by proceeding through a secretive non-adversarial arbitration at which Brauner offered no substantive defense, risking and resulting in the so-called underlying judgment that did not reasonably reflect Brauner's actual liability or M.O.'s actual damages arising out of the subject liability claim.

21.     Brauner's counterclaims are barred or limited in that Brauner breached the Auto Policy and/or breached the duty of good faith and fair dealing and duty of cooperation thereby voiding coverage, including if Brauner assigned his rights contrary to the terms and conditions of the Auto Policy.

22.     Brauner's counterclaims are barred or limited to the extent Brauner and/or M.O. knowingly concealed or misrepresented a material fact or circumstance in relation to the subject liability claim in the underlying secretive non-adversarial purported arbitration.

23.     Brauner's counterclaims are barred or limited to the extent Brauner and/or M.O. knowingly concealed or misrepresented a material fact or circumstance in relation to the subject liability claim to GEICO.

24.     Brauner's counterclaims are barred or limited to the extent any purported award to M.O. is based upon uncovered claims in relation to the Auto Policy.  GEICO is entitled to an allocation between uncovered and covered claims and damages.

25.     Even assuming coverage is afforded for M.O.'s subject liability claim under the Auto Policy (which GEICO specifically denies), Brauner's Counterclaims are barred or limited by law insofar as they seek damages in excess of the limit of liability in the Auto Policy.

26.     Brauner's Counterclaims are barred to the extent they seek an impermissible double recovery of damages or otherwise subject GEICO to multiple or inconsistent liability.

27.     To the extent Brauner may be legally entitled to recover damages in this action, which is denied, such entitlement to recover must be reduced by the percentage of fault attributable to any persons or entities not under GEICO's control.

28.     Brauner's alleged damages, if any, were caused by his own contributory or comparative fault.

29.     To the extent Brauner may be legally entitled to recover damages in this action, which is denied, such entitlement to recover must be reduced by the percentage of fault attributable to Brauner negligently causing or contributing to cause his damages.

30.     Brauner failed to mitigate his alleged damages, if any.

31.     Brauner's Counterclaims seek attorneys fees and costs not available by law.

32.     Brauner's alleged damages, if any, were not proximately caused by GEICO's conduct.

33.     Brauner's Counterclaims are barred or limited because any coverage offered by GEICO, if applicable, is excess over coverage provided by other homeowners, automobile, and umbrella carriers of Brauner such as, for example, Progressive Northwestern Insurance Company (including under umbrella policy number 67070144-1), Progressive Direct Insurance Company

(including under policy number 918650189 (effective period of December 23, 2017 to June 23, 2018)), Travelers, and/or Acuity.

34.     GEICO is entitled to a set-off for any other applicable coverage provided by homeowners, automobile, and umbrella carriers of Brauner such as, for example, Progressive Northwestern Insurance Company (including under umbrella policy number 67070144-1), Progressive Direct Insurance Company (including under policy number 918650189 (effective period of December 23, 2017 to June 23, 2018)), Travelers, and/or Acuity.

35.     GEICO is entitled to contribution and/or indemnity (including equitable indemnification) from other entities such as those that afforded homeowners, automobile, and umbrella coverage to Brauner such as, for example, Progressive Northwestern Insurance Company (including under umbrella policy number 67070144-1), Progressive Direct Insurance Company (including under policy number 918650189 (effective period of December 23, 2017 to June 23, 2018)), Travelers, and/or Acuity.

36.     GEICO is, upon information and belief, entitled to contribution or a set-off, credit, or reduction related to $200,000 paid by Progressive Direct Insurance Company under insurance policy number 918650189 (effective period of December 23, 2017 to June 23, 2018).

37.     GEICO is, upon information and belief, entitled to contribution or a set-off, credit, or reduction in relation to coverage afforded for the subject liability claim under Brauner's Progressive Northwestern Insurance Company umbrella policy number 67070144-1.

38.     GEICO specifically reserves its right, and places all parties on notice, to contribution, indemnity, set-off, or statutory credit for any amounts paid to or for the benefit of Brauner or M.O., by settlement, through other available insurance, or otherwise.

39.     Brauner's Counterclaims are barred or limited by superseding and/or intervening causes, including but not limited to further negligent acts of M.O. and Brauner.

40.     Brauner's Counterclaims are barred or limited to the extent that GEICO was not provided an opportunity to participate in the underlying secretive non-adversarial arbitration proceeding at all, let alone within 30 days of receiving notice of the 537.065 Agreement.

41.     Brauner's counterclaims are barred or limited to the extent that the underlying secretive non-adversarial purported arbitration award was procured by corruption, fraud, collusion, or other undue means and should, therefore, be vacated.

42.     Brauner's Counterclaims are barred or limited in that RSMo. § 435.415 does not permit entering into evidence any arbitration award for personal injury in any lawsuit against any insurer for any party to an arbitration award, including any garnishment, unless the insurer agreed in writing to the arbitration proceeding and written arbitration agreement.

43.     Brauner's Counterclaims are barred or limited in that Brauner failed to notify GEICO that during the pendency of this action, and despite purporting to "settle" the liability claim against him on March 11, 2021 (or by March 15, 2021), Brauner subsequently entered into a secret arbitration with M.O. on May 17, 2021.

44.     In the event GEICO is denied the ability to participate in any underlying action to confirm the arbitration award, Brauner's counterclaims therefore are barred or limited as violative of the public policy and legislative intent behind § 537.065.2. Particularly, Brauner's Counterclaims are barred or limited in that GEICO was denied the ability to participate in the underlying arbitration proceeding and Underlying Case, which resulted in the purported Arbitration Award, and, therefore, said counterclaim is barred or limited as violative of the public policy and legislative intent behind § 537.065.2.

45.     Brauner's Counterclaims are barred or limited in the event that GEICO is improperly denied the opportunity to intervene, permissively or as a matter of right, in the Underlying Case or any other action to confirm the purported arbitration award.

46.     Brauner's Counterclaims are barred or limited to the extent that Brauner and/or M.O.'s conduct, including entering into arbitration and seeking confirmation of the Arbitration Award, violates GEICO's constitutional rights under the Constitution of the United States and/or any applicable State constitution, including the rights to due process and equal protection of the law as guaranteed by applicable State constitutions and the Fourteenth Amendment of the United States Constitution.

47.     Brauner's Counterclaims are barred or limited to the extent that GEICO's pre-judgment inability to intervene in the Underlying Case pursuant to § 537.065.2 violates GEICO's constitutional rights, including to due process and access to the courts.

48.     Brauner's Counterclaims are barred or limited to the extent that GEICO's pre-judgment inability to intervene in the Underlying Case pursuant to § 537.065.2 violates GEICO's constitutional rights under applicable State constitutions and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

49.     Brauner's counterclaims are barred or limited to the extent that Brauner and/or M.O.'s conduct, including entering into arbitration and seeking confirmation of the Arbitration Award, seeks to impermissibly interfere with the private right to contract and the terms of the Auto Policy in violation of the protection afforded and constitutionally guaranteed to contracting parties under the Contract Clause of Article 1 § 10 of the United States Constitution or under any similar provision of any applicable State constitution.

50.     Brauner's Counterclaims are barred or limited to the extent that, given GEICO's pre-judgment inability to intervene in the underlying action seeking to confirm the Arbitration Award, they seek to impermissibly interfere with the private right to contract and the terms of the Policy in violation of the protection afforded and constitutionally guaranteed to contracting parties under the Contract Clause of Article 1 § 10 of the United States Constitution.

51.     Brauner's Counterclaims are barred or limited to the extent that GEICO had no opportunity to control and manage the Underlying Case.

52.     Brauner's Counterclaims are barred or limited to the extent that GEICO had no opportunity to control and manage the subject arbitration proceeding of May 17, 2021.

53.     Brauner's Counterclaims are barred to the extent he lacks privity with GEICO to assert his claims against GEICO, including but not limited to by operation of an assignment of Brauner's claims.

54.     Brauner's counterclaims are barred to the extent he accepted or was party to an assignment of any rights under the Auto Policy in violation of applicable State or Federal law, public policy, and/or the terms and provisions of the Auto Policy.

55.     GEICO is not bound by the resolution of any factual questions or damage issues in the Underlying Case, the arbitration, or any underlying action to confirm the purported arbitration award because an insurer has a right to separately litigate factual questions pertaining to coverage under a policy issued to a person or entity alleged to be entitled to liability coverage under that policy.

56.     GEICO is not bound by the resolution of any factual questions or damage issues in the Underlying Case, the arbitration, or any underlying action to confirm the purported arbitration award, because GEICO was not provided an opportunity in which to participate in those proceedings.

57.     GEICO is not bound by the resolution of any factual questions or damage issues in the Underlying Case, the arbitration, or any underlying action to confirm the purported arbitration award because neither the purported Arbitration Award nor underlying judgment was procured in an adversarial proceeding involving an actual case or controversy.

58.     GEICO is not bound by the resolution of any factual questions or damage issues in the Underlying Case, the arbitration, or any underlying action to confirm the purported arbitration award, because an insurer has a Constitutional right of access to the courts and judicial system and to participate in the judicial proceedings giving rise to the so-called underlying judgment.

59.     GEICO cannot be held liable to satisfy the so-called underlying judgment, or any portion thereof because said judgment is void and unenforceable for lack of subject matter jurisdiction in that (i) there existed in the Underlying Case at the time said judgment was entered no actual, justiciable case or controversy; and (ii) there existed no valid Arbitration Award or agreement upon which to base the judgment. Particularly, the May 18, 2021 Arbitration Award purportedly entered in M.O.'s favor involved a non-justiciable case or controversy, including to the extent M.O. and Brauner had already settled the subject liability claim on March 11, 2021 (or by March 15, 2021).

60.     Brauner's Counterclaims are barred or limited because the damages awarded in the Underlying Case were not reasonable, necessary, supported by the evidence, or finally determined.

61.     Brauner's Counterclaims are barred or limited because the evidence presented at the purported arbitration of May 17, 2021 was not consistent with the true state of affairs concerning the subject liability claim, and no judge ever made a determination as to liability or damages as it relates to said claim, demonstrating fraud and collusion between M.O. and Brauner. Particularly, M.O. received a purported underlying judgment from the Honorable Judge Burnett, of the Jackson County Circuit Court, based upon an arbitration proceeding that occurred before arbitrator Rick Holtsclaw. Upon information and belief, this so-called underlying Judgment was based solely on evidence presented by M.O. as Brauner presented none of the defenses available to him and that would have been asserted by counsel retained for him by GEICO. The evidence presented at the arbitration omitted material information key to Brauner's defense, and no Missouri

judge ever made a determination as to liability or damages as it relates to the subject alleged injury, demonstrating fraud and collusion between M.O. and Brauner. See *Vaughan v. United Fire & Cas. Co.*, 90 S.W. 3d 220 (S.D. Mo. 2002); *Taggart v. Maryland Cas. Co.*, 242 S.W. 3d 755 (W.D. Mo. 2008).

62.     The so-called underlying judgment is void, invalid and unenforceable as to GEICO pursuant to the holdings of *Gulf Ins. Co. v. Noble Broadcast*, 936 S.W.2d 810 (Mo. banc 1997) and other controlling authority such that GEICO is not bound by said Judgment. GEICO is not bound by any factual determinations, to the extent there are any, supporting the judgment or the amount of damages awarded in the judgment, and the judgment is subject to review for reasonableness and/or is unenforceable against GEICO because the judgment was not a result of an adversarial proceeding or contested trial but, rather, was in the nature of a collusive settlement, agreement, consent judgment, or uncontested proceeding; and/or the amount of damages awarded to M.O. in the underlying judgment is not reasonable. Further, GEICO believes that a reasonable opportunity for further investigation and discovery is likely to reveal said judgment was the product of fraud, collusion, and/or fraud on the court.

63.     Pursuant to Missouri Revised Statute § 537.060, should any contingencies of that section occur, GEICO is entitled to a reduction of any judgment against Brauner and/or GEICO by any such stipulated amount or by any consideration paid, whichever is greater.

64.     Brauner's Counterclaims are barred or limited to the extent any purported agreement under Missouri Revised Statute § 537.065 between M.O. and Brauner is invalid or unenforceable, including to the extent it arises out of fraud and/or collusion.

65.     M.O.'s Counterclaim is barred or limited to the extent the purported underlying judgment entered in the Underlying Case arises out of fraud between M.O. and Brauner.

66.     M.O.'s Counterclaim is barred or limited to the extent the purported underlying judgment entered in the Underlying Case arises out of collusion between M.O. and Brauner.

67.     Brauner's counterclaims are barred or limited to the extent that the purported Arbitration Award encompasses an award for punitive damages or punitive conduct such that recovery here against GEICO would violate public policy against the insurability of punitive damages.

68.     Brauner's counterclaims are barred or limited to the extent that they allege an independent extra-contractual tort (including for "bad faith") based on an insurer's duty to defend, which is not a valid claim under Kansas law.

69.     Brauner's Counterclaims are barred or limited to the extent that a breach of a duty of good faith and fair dealing is not a valid claim under Kansas law.

70.     Brauner's Counterclaims, seeking to impose damages above the limit of liability in the Auto Policy on GEICO without an independent showing of tortious conduct by GEICO, constitute a taking without just compensation in contravention of the rights guaranteed to GEICO by applicable State constitutions and the Constitution of the United States.

71.     Brauner's Counterclaims, seeking to impose damages above the limit of liability in the Auto Policy on GEICO without an independent showing of tortious conduct by GEICO, constitute a taking without just compensation in contravention of rights guaranteed to GEICO by applicable State constitutions and the Constitution of the United States in that the Auto Policy is a private contract that contains agreed upon and express limitations on the amount of any recovery under the contract. Imposing liability beyond that agreed to by the parties to the contract, without any finding of bad faith or other tortious conduct by GEICO, would constitute a taking of private property by the government without just compensation for the benefit of the public purportedly to promote public policy in violation of the Fifth Amendment of the United States Constitution and

would further deny GEICO due process and equal protection of the law as guaranteed by applicable State constitutions and the Fourteenth Amendment of the United States Constitution.

72.     Brauner's Counterclaims against GEICO, seeking to impose damages above policy limits on GEICO without an independent showing of tortious conduct by GEICO, constitute a deprivation of liberty and property in contravention of rights guaranteed to GEICO by the due process clauses of the United States Constitution and applicable State constitutions.

73.     Brauner's Counterclaims against GEICO, seeking to impose damages above the limit of liability in the Auto Policy on GEICO for breach of the duty to defend or indemnify without a showing of independent tortious conduct by GEICO, improperly imposes what amounts to "automatic" punitive damages based on breach of contract.

74.     Brauner's Counterclaims seek punitive damages that are not available by law.

75.     Brauner's Counterclaims seek attorney fees and costs not available by law.

76.     If Brauner sustained punitive damages as alleged in his Counterclaims, which GEICO specifically denies, the assessment of exemplary or punitive damages or damages for aggravating circumstances violates GEICO's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution or rights under any similar provision of any applicable State constitution.

77.     Brauner's Counterclaims against GEICO, seeking to impose damages above policy limits on GEICO without a trial by jury, violate GEICO's right to trial by jury of the Seventh Amendment of the United States Constitution or right under any similar provision of any applicable State constitution.

78.     For the purposes of preservation only, GEICO asserts those affirmative defenses set forth in Federal Rule of Civil Procedure 8(c) and other defenses in Federal Rule of Civil

Procedure 12(b) that are not otherwise affirmatively stated in these Additional & Affirmative Defenses and incorporate them by reference as if fully set forth herein.

79.     GEICO reserves its right to assert any and all additional, supplemental, alternative, and other defenses to the claims asserted in Brauner's Counterclaims.  GEICO reserves its right to add, delete or amend its defenses, admissions and denials set forth herein and to include third party claims, counterclaims, and/or cross-claims as may be necessary as discovery progresses.

WHEREFORE, GEICO prays this Court for relief consistent with this Answer and Affirmative Defenses, and specifically requests that Brauner take nothing and for any and all other further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

GEICO requests a trial by jury as to all issues and claims in this matter so triable.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ W. Clark Richardson*
  Douglas S. Beck, #49984
  W. Clark Richardson, #66948
  Michael Hayes, #71922
  2555 Grand Boulevard
  Kansas City, Missouri  64108-2613
  Telephone:  816-474-6550
  Facsimile:   816-421-5547
  dbeck@shb.com
  wrichardson@shb.com
  mhayes@shb.com

*Attorneys for Plaintiffs/Counter-defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed and served via the Court's electronic filing system on April 8, 2022, upon all counsel of record.

*/s/ W. Clark Richardson*