# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION – KANSAS CITY

| | | |
|---|---|---|
| **GEICO GENERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Case No.** 4:22-cv-00082-CV-W-FJG |
| | ) | |
| **MARTIN BRAUNER,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **M.O.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **MARTIN BRAUNER** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **M.O.,** | ) | |
| | ) | |
| Counter-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GEICO GENERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** | ) | |
| | ) | |
| Counter-defendants, | ) | |

1

**PARTIES' JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

The Parties, pursuant to Fed. R. Civ. P. Rules 16 and 26, and Local Rules 16.1(d), (f) and 26.1(c)-(d), hereby submit their Joint Proposed Discovery Plan and Scheduling Order setting forth the parties' agreed upon proposal for the Court's review and consideration:

1.      **Rule 26(f) Conference**.  Prior to transfer and at the outset of this case in the District of Kansas, the Parties held a discovery plan and scheduling order conference, which was attended by representatives of all parties.

2.      **Initial Disclosures**.  Pursuant to this Court's order of March 8, 2022 (Dkt. 104), the parties will make initial disclosures pursuant to Rule 26(a)(1) no later than April 22, 2022.

3.      **Mediator Assignment**. This case has been selected for a "MAP Director" early referral assignment. The Parties agreed to seek an extension of the initial mediation scheduling deadline, which was requested in writing from the MAP Director pursuant to the MAP General Order.  That mediation has been set for May 16, 2022 at 9 am CST.

4.      **Electronically-Stored Information.** The parties agree that all information produced by either party shall initially be produced in .PDF format with all produced documents Bates-labeled. In the event either party wishes to review a document in native format or associated metadata, the party will notify the other party in writing and identify the specific document by Bates number. The parties would then confer in good faith regarding the availability of the requested data and any expenses associated with the production of such information.  The parties would attempt to agree on custodians and search terms. If a party believes there is ESI that is relevant that has not been produced, the parties would confer in good faith regarding the existence of such information and the expenses associated with confirming the existence or nonexistence of such information.  The parties do not at this time anticipate significant issues arising related to

electronically-stored information that would require this Court's intervention, however, should such issues arise, the parties agree to first confer amongst themselves in a good faith effort at resolution of such issues.[1]

5.     **Privilege/Work Product.** The parties do not anticipate any nuanced issues regarding privilege or work product. Should any dispute arise, the parties have agreed to meet and confer before seeking intervention from the Court.   Further, the inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or document to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.

6.     **Protective Order.** The parties agree to be bound by the Stipulated Protective Order filed in this matter prior to transfer (D. Kan. Case No. 2:21-cv-2164, Dkt. 38).

7.     **Topics for Discovery**. Given the informal understanding between the parties outlined in the transfer agreement (Dkt. 91-1) regarding resolving the threshold coverage question in this litigation before embarking on discovery directed to a bad faith or extra-contractual claim against GEICO, the parties do not anticipate the need for any formalized phased discovery

---

[1] As this case is not properly classified as complex litigation as it is described in the Manual for Complex Litigation (Fourth), the parties are not including at this time any discussion of ESI's location, cost to produce, schedule of production, and/or preservation.

schedule at this time. M.O. and Brauner contend, however, that—as set forth below—a phased dispositive motion briefing schedule is appropriate (with a June 1, 2022 deadline to file any summary judgment motion directed to the threshold coverage question). Without waiving GEICO's position that additional discovery is not necessary to resolve the purely legal issue of contract interpretation presented by this action, the parties anticipate discovery subject to the appropriate protections and privileges (including insurer-insured privilege, attorney-client privilege, and work product doctrine) on the following subjects:

     a. The facts and circumstances leading up to the subject liability claim against Brauner;

     b. Correspondence between M.O., Brauner, and GEICO regarding the subject liability claim;

     c. Brauner's damages in relation to his bad faith or extra-contractual counter-claims, including attorneys' fees allegedly expended defending and settling M.O.'s claims;

     d. GEICO's claims file and any related depositories, including claim file materials such as e-mails, diaries, etc.;

     e. Information concerning any witness who possesses relevant evidence and information;

     f. An opportunity to review and inspect any evidence or documentation supporting the claims, damages, and/or defenses in this action;

     g. Computation of any category of damages claimed in this action;

     h. Depositions of fact witnesses;

     i. Depositions of expert witnesses;

     j. All applicable policies of insurance; and

k.   Such other discovery as may be appropriate based upon the facts revealed during investigation and discovery.

8.      **Limitations on Discovery.** Physical and/or mental examinations may be necessary; the Parties will seek the Court's assistance only after they have in good faith attempted to agree upon a protocol for any such physical and/or mental examination.  The Parties do not anticipate requiring additional depositions and interrogatories in excess of the presumptive limits set forth in Federal Rules 30 and 33, respectively.

9.      **Additional Discovery Deadlines and Trial Date.**

a.   **Deadline to File Threshold Coverage Dispositive Motion.**

i.      *Position of Defendants/Counter-claim Plaintiffs*: M.O. and Brauner request that any dispositive motion directed to the threshold question of coverage (for M.O.'s subject liability claim against Brauner under the GEICO Auto Policy) be filed by June 1, 2022.

ii.     *Position of GEICO Plaintiffs/Counter-claim Defendants*: GEICO, however, notes that a separate deadline by which to file the coverage summary judgment motion is unnecessary where all parties are in agreement to resolve the threshold legal question of coverage at the outset of this case.  Further, certain limited coverage discovery remains ongoing. M.O. has already served certain written discovery requests upon GEICO in this consolidated, transferred matter, so to err cautiously GEICO requests time in the schedule to allow for its responses, the meet and confer period to address any discovery disputes, and coverage-related depositions (to the extent they are needed).  So, should this Court be inclined to set a date certain for the filing of any coverage summary judgment motion, GEICO requests that any such motion be filed by August 31, 2022.  GEICO otherwise agrees that the general informal bifurcation of this matter, with coverage discovery and a resolution of the threshold legal coverage issue to precede

5

bad faith or extra-contractual discovery, remains sensible (as described more fully in the parties'

transfer agreement (Dkt. 91-1)).

b. **Joinder of Additional Parties.** Any motion for leave to join additional parties

shall be filed by July 29, 2022.

c. **Amendment of Pleadings.** Any motion to amend the pleadings shall be filed by

July 29, 2022.

d. **Discovery Cut-off.** All Parties agree that in light of the parties' understanding to

informally bifurcate discovery in order to resolve the threshold coverage question at the outset of

this case and given the lag time involved in adding (previously dismissed defendant) M.O. back

as a party to this consolidated action (which consolidated a District of Kansas federal district court

declaratory action and Missouri state court equitable garnishment), the presumptive 180-day

deadline for all discovery, set forth in Local Rule 26.1, is not likely feasible.[2] The parties

respectfully request a discovery cut-off of December 16, 2022, with the understanding that all

written discovery requests shall be served sufficiently far in advance that any response deadlines

shall come due by December 16, 2022.

e. **Expert Witnesses.** Plaintiff shall designate expert witnesses pursuant to Federal

Rule 26 by August 26, 2022. Defendant shall designate expert witnesses pursuant to Federal Rule

26 by October 21, 2022. A party who intends to call a rebuttal expert shall disclose the same by

November 18, 2022.

---

[2] The Parties submit that good cause exists for this jointly requested discovery track in order to allow the Parties time to initially resolve the threshold legal coverage question before embarking on any bad faith or extra-contractual discovery targeted to GEICO. Out of respect for this Court's time and resources, the parties have aimed to keep this jointly made request brief. Should the Court, however, be disinclined to deviate from the presumptive standard discovery track, the parties request an opportunity to supplement their good cause showing.

f.  **Deadlines for Other Potentially Dispositive Motions.** Aside from those dispositive motions described in paragraph 9(a) above, all other dispositive motions shall be filed by January 27, 2023. Any evidentiary objections to another party's expert witness, whether directed to the witness's qualifications or to the foundation for the anticipated testimony, such as a *Daubert* motion, shall be filed by January 27, 2023.

g.  **Trial.** This case will be tried to a jury. The parties anticipate this case could reasonably be expected to be ready for jury trial no sooner than July 24, 2023 at the convenience and availability of the Court. At the present time, trial is expected to take approximately three days.

h.  **Pre-trial Conference.** The Parties request a pre-trial conference.

Dated: April 22, 2022

By: /s/ *W. Clark Richardson*
SHOOK, HARDY & BACON L.L.P.
Douglas S. Beck (MO #49984)
W. Clark Richardson, #66948
Michael Hayes, #71922
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
dbeck@shb.com
wrichardson@shb.com
mhayes@shb.com
***Attorneys for GEICO Plaintiffs/Counter-***
***Defendants***

By: /s/ *Brian Niceswanger*
EVANS & DIXON
Brian Niceswanger
Stephanie Preut
82 Corporate Woods, Suite 900
10851 Mastin Blvd,
Overland Park, KS 66210
T: 913-701-6810
F: 913-341-2293
spreut@evans-dixon.com
bniceswanger@evans-dixon.com
***Attorneys for Defendant/***
***Counter-plaintiff Martin Brauner***

By: /s/ *David Mayer*
MONSEES & MAYER
David M. Mayer, #40861
Phillip R. Martens, #69213
4717 Grand Avenue, Suite 820
Kansas City, Missouri 64112
 (816) 361-5555 telephone
 (816) 361-5577 facsimile
dmayer@monseesmayer.com
rmartens@monseesmayer.com
***Attorney for Defendant/Counter-plaintiff M.O.***

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed on April 22, 2022, using the Court's CM/ECF filing system, thereby sending notice of the filing to all counsel of record for this matter:

*/s/ W. Clark Richardson*