# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION – KANSAS CITY

| | | |
|---|---|---|
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Case No.** 4:22-cv-00082-CV-W-FJG |
| | ) | |
| MARTIN BRAUNER, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| M.O., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| MARTIN BRAUNER | ) | |
| | ) | |
| and | ) | |
| | ) | |
| M.O., | ) | |
| | ) | |
| Counter-plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) | |
| | ) | |
| Counter-defendants, | ) | |

1

## GEICO PLAINTIFFS' COMBINED MOTION FOR CLARIFICATION AND SUGGESTIONS IN SUPPORT

Plaintiffs Government Employees Insurance Company and GEICO General Insurance Company (collectively "GEICO") move for clarification of this Court's May 12, 2022 Scheduling Order (Doc. 114). In support, GEICO states:

1.      On May 12, 2022, this Court entered its Scheduling Order, which formally bifurcates discovery and states in part:

> Phase I discovery will include discovery of all issues relating to the parties' anticipated dispositive motions directed to the threshold coverage issue. Phase II discovery will involve discovery relating to bad faith or extra-contractual claims, as well as any other merits issues. To the extent that issues overlap, the Court directs the parties to undertake discovery within Phase I.

2.      GEICO files the instant motion for clarification out of an abundance of caution to confirm the Court's understanding of what constitutes the "threshold coverage issue" to be addressed in Phase I.

3.      GEICO understands the "threshold coverage issue" is: whether coverage does or does not attach under the GEICO Auto Policy's express language assuming sexual activity in the listed vehicle (a 2014 Hyundai Genesis) caused M.O.'s HPV during the GEICO Auto Policy period (June 23, 2017 through December 23, 2017). GEICO understands this to be what the Court intended as the "threshold coverage issue" because this is a pure legal question that would potentially resolve all other claims at issue in this lawsuit without the need for substantial fact discovery.[1]

4.      GEICO understand all other issues in this lawsuit, including certain of GEICO's affirmative defenses to the lodged counterclaims, and upon which GEICO intends to conduct

---

[1] GEICO expressly reserves its right to conduct discovery on and challenge the assumption that sexual activity in the listed vehicle caused M.O.'s HPV during the GEICO Auto Policy period, if necessary, as this issue is only assumed for the limited purposes of presenting the threshold coverage issue to the Court on summary judgment.

discovery, are to be addressed in Phase II, if necessary. Such issues include but are not limited to:

    a.    GEICO's position that it is not bound by any purported fact-finding made at the Missouri arbitration between only Brauner and M.O, including when and how Brauner and M.O. occupied Brauner's 2014 Hyundai Genesis listed under the GEICO Auto Policy.

    b.    GEICO's position that the arbitration award and any judgment entered thereon is not binding on GEICO and inadmissible to support any claim in this matter, including without limitation Brauner's claim for bad faith, pursuant to the plain language of RSMo. § 435.415—which applies to any and all arbitrations conducted without the insurer's written consent and any judgments thereon, provides insurers with substantive rights to avoid any purported preclusive effect of secret Missouri arbitrations, and applies equally in federal and state court.[2]

    c.    GEICO's position that it cannot be bound by any alleged fact-finding at the arbitration and any facts included in the arbitration award or any judgment entered thereon, if such fact was not actually necessary to support a finding of liability against Brauner, including but not limited to any finding of fact relating to the number of sexual encounters, the location of such encounters, or the location of the encounter that allegedly caused M.O. to contract HPV.[3]

---

[2] The lack of written consent by GEICO to the arbitration is uncontested here. *See* RSMo. § 435.415 ("Any arbitration award . . . or judgment or decree entered on an arbitration award . . . shall not be binding on any insurer, shall not be admissible in evidence in any lawsuit . . . ."); *see also Hill v. Morrison*, 870 F. Supp. 978 (W.D. Mo. 1994) (applying Missouri rules in federal court to prevent harms identified in *Erie R. Co. v. Tomkins*, 304 U.S. 64 (1938)); 28 U.S.C. § 1738.

[3] *See In re City of Wichita*, 86 P.3d 513 (Kan. 2004); *see also Burton v. State*, 726 S.W.2d 497 (Mo. App. 1987).

d.  GEICO's position that the arbitration award is void, invalid and unenforceable as to GEICO and/or subject to review for reasonableness because it was not a result of an adversarial proceeding but, rather, was in the nature of a collusive settlement agreement, consent judgment, or uncontested proceeding and/or the result of collusion, fraud or undue means and thus GEICO cannot be bound by the arbitration award or any judgment entered thereon because, in part, Brauner failed to contest tort liability and damages at the arbitration and may have affirmatively withheld exculpatory evidence in that, pre-arbitration, Brauner told GEICO that 1) before a romantic relationship with M.O., he had informed M.O. three times of his prior HPV-positive throat cancer diagnosis, 2) M.O. had sexual partners other than Brauner at the relevant time, 3) certain sexual activity occurred between the two outside of the claimed sexual activity in Brauner's vehicle, 4) M.O. had never been told he had HPV prior to 2017, 5) a doctor had recently told him he did not in fact have HPV; and 6) that he believed M.O.'s claim could not be proven against him.[4]

e.  GEICO's position that Brauner and/or M.O. failed to comply with the requirements of RSMo. 537.065 and/or the public policy and legislative intent behind RSMo. 537.065.

f.  GEICO's position that Brauner breached the GEICO Auto Policy's cooperation clause and/or his duty of good faith and fair dealing owed to

---

[4] *See Gulf Ins. Co. v. Noble Broadcast,* 936 S.W.2d 810 (Mo. banc 1997) (In the context of defending against a garnishment claim, an insurer's reasonableness defense "involves a consideration of the facts bearing on the liability and damage aspects of plaintiff's claim."); *Vaughan v. United Fire &Cas. Co.*, 90 S.W. 3d 220 (S.D. Mo. 2002); *Taggart v. Maryland Cas. Co.*, 242 S.W. 3d 755 (W.D. Mo. 2008).

4

GEICO as a result, in part, of the secret arbitration and the manner in which that arbitration was conducted, which involves at least in part the Court's ultimate determination as to whether GEICO is bound, in whole or in part, by the arbitration award and any judgment entered thereon and the extent of discovery GEICO is entitled to pursue into those issues.

g.  GEICO position that causation for the alleged tort injury has not and cannot be established in such a way that would result in the GEICO Auto Policy being triggered, which involves at least in part the Court's ultimate determination as to whether GEICO is bound, in whole or in part, by the arbitration award and any judgment entered thereon and the extent of the discovery GEICO is entitled to pursue into those issues. Neither Brauner nor M.O. can carry their burden to localize M.O.'s alleged injury to a single, specific sexual encounter in a GEICO-listed vehicle during the GEICO Auto Policy period because, in part, Brauner and M.O. were involved in a multi-year sexual relationship with one another after the expiration of the GEICO Auto Policy in 2017 and the HPV diagnosis at issue did not occur until October 2018.

5.  Obviously, the issues which GEICO understands will be addressed in Phase II, if necessary, will require substantial and almost certainly contested discovery, as well as legal rulings unrelated to coverage. Notwithstanding, at least some of these issues could arguably be asserted to relate in some way to coverage generally, but also necessarily depend at least in part on the Court's rulings on non-coverage related issues.

6.  Under GEICO's understanding of the Court's intended meaning of the "threshold coverage issue" to be addressed in Phase I—whether coverage does or does not attach under the

5

GEICO Auto Policy's express language assuming sexual activity in the 2014 Hyundai Genesis caused M.O.'s HPV during the GEICO Auto Policy period—it is GEICO's position that no additional discovery is necessary or even proper and thus GEICO concurrently files its summary judgment motion on this pure legal question that may resolve all other issues.[5]

7.      Out of an abundance of caution, however, GEICO files this motion to confirm the Court's intent as to what constitutes the "threshold coverage issue" to be addressed in Phase I is the same as GEICO's understanding expressed herein and, as a result, the Court does not intend for the parties to conduct discovery during Phase I related to any other issue.

8.      If GEICO misunderstands the Court's intent as to what constitutes the "threshold coverage issue" to be addressed in Phase I, GEICO respectfully requests the Court clarify what issues are to be addressed in Phase I and requests a scheduling conference to discuss the existing Phase I deadlines.

WHEREFORE, GEICO respectfully requests this court clarify its May 12, 2022 Scheduling Order, and for such other and further relief as the Court deems just and proper.

---

[5] GEICO is filing its early summary judgment motion on what it understands to be the threshold issue of coverage. If that motion were to be denied, however, GEICO intends to later move for summary judgment on any other issues when summary judgment is supported by further discovery and expressly reserves its right to do so.

6

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Douglas S. Beck*
Douglas S. Beck, MO #49984
Sarah Lynn Baltzell, MO #60937
W. Clark Richardson, MO #66948
Michael Hayes, MO #71922
2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816-474-6550
Facsimile:   816-421-5547
dbeck@shb.com
slynn@shb.com
wrichardson@shb.com
mhayes@shb.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed and served via the Court's electronic filing system on June 24, 2022, upon all counsel of record.

*/s/ Douglas S. Beck*

7