IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) | |
| and | ) ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:22-cv-00082-CV-W-FJG |
| MARTIN BRAUNER, | ) ) | |
| Defendants. | ) ) ) | |
| AND | ) ) | |
| MARTIN BRAUNER | ) ) | |
| Counter-plaintiff, | ) ) | |
| v. | ) ) | |
| GEICO GENERAL INSURANCE COMPANY, | ) ) ) ) | |
| and | ) ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) ) ) ) | |
| Counter-defendants, | ) | |

**<u>ORDER</u>**

Pending before the Court are (1) GEICO's Motion to Quash and for a Protective Order (Doc. No. 138); (2) M.O.'s Motion to Compel Regarding GEICO's Objections and Answers to M.O.'s First Interrogatories and First Request for Production of Documents (Doc. No. 145); and (3) the Parties' Joint Unopposed Motion for a Limited Extension to

Phase I Discovery and Threshold Coverage Dispositive Motion Deadlines and Suggestions in Support (Doc. No. 141).

I. **Background**

On May 12, 2022, the Court entered a Scheduling Order, bifurcating the matter so that it would first consider in Phase I the threshold coverage issue. See Doc. No. 114. Pursuant to that Scheduling Order, Phase I discovery is set to close on August 15, 2022, and all motions for summary judgment are due on or before August 31, 2022. Id. On July 21, 2022, the Court entered an Order granting GEICO's motion to clarify, and finding that the "threshold coverage issue" is: "whether coverage does or does not attach under the GEICO Auto Policy's express language assuming sexual activity in the listed vehicle (a 2014 Hyundai Genesis) caused M.O.'s HPV during the GEICO Auto Policy period (June 23, 2017 through December 23, 2017)." See Order, Doc. No. 133, p. 2; Doc. No. 118, p. 2.

M.O. noticed a Rule 30(b)(6) deposition of GEICO's corporate representative on July 11, 2022. Doc. No. 125. The notice set a placeholder date of August 2, 2022. Id. The topics listed in the deposition notice include information about GEICO's claims handling practices as well as information about many years' worth of claims and suits across the United States. GEICO objected to the notice because (1) the information sought is extrinsic evidence that is not relevant to the pure legal issue as to whether the policy language covers the claims of M.O. and Brauner; and (2) the information sought is overbroad, unduly burdensome, privileged, highly confidential, includes information about other insureds not involved in this action (potentially including information about sexual conduct of other insureds), and for certain topics the information is vague and/or not tracked by GEICO in the general course of business. Although the parties met and conferred about potentially

2

moving this deposition to Phase II (if needed), they ultimately were not able to reach agreement. On August 1, 2022, M.O. filed an amended notice of deposition, setting the deposition for August 9, 2022. Doc. No. 137.

On August 1, 2022, GEICO filed the pending motion to quash M.O.'s notice to take the Rule 30(b)(6) deposition of a GEICO corporate representative, or in the alternative to enter a protective order staying such deposition until after the Court has ruled on GEICO's pending summary judgment motion on the threshold coverage issue. See Doc. Nos. 138, 139. Also on August 1, 2022, the parties filed a joint motion for extension of Scheduling Order deadlines. Doc. No. 141. On August 2, 2022, this Court denied M.O. and Brauner's previously-filed motions for extensions of response deadlines to GEICO's motion for summary judgment pursuant to Rule 56(d), finding that they had not demonstrated that discovery was needed for them to file a response to GEICO's motion for summary judgment.[1] Order, Doc. No. 143. The Court noted:

> The Court finds that M.O.'s reply suggestions put the cart before the horse. The Court has not found the policy terms to be ambiguous, and neither M.O. nor Brauner have pointed to any language they believe to be ambiguous. Nor have they shown the deposition of GEICO's corporate representative to be necessary for them to formulate a response to GEICO's motion for summary judgment.

Id.

## II.  Analysis

### A.  Motion to Quash/Motion for Protective Order (Doc. No. 138)

#### 1.  Standard

---

[1] In the interests of justice, however, the Court granted M.O. and Brauner an extension to August 16, 2022, to file their suggestions in opposition to GEICO's motion for summary judgment. See Doc. No. 143.

Pursuant to Fed. R. Civ. P. 26(c)(1), the Court may quash discovery or grant a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. Courts construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, and therefore "judges should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979).

2. 30(b)(6) Deposition as an Attempt to Inject Extrinsic Evidence

GEICO notes that under Kansas law, insurance coverage issues are first analyzed based on the language contained within the four corners of the policy, unless for some reason extrinsic evidence is needed to resolve some ambiguity. Farm Bureau Mut. Ins. Co. v. Winters, 806 P.2d 993, 995-96 (Kan. 1991)[2]; Goforth v. Franklin Life Ins. Co., 449 P.2d 477, 481 (Kan. 1969); Short v. Blue Cross & Blue Shield of Kan., Inc., 441 P.3d 1058, 1061 (Kan. App. 2019). GEICO notes that the topics identified in the 30(b)(6) deposition notice (such as testimony about the policy language and GEICO's interpretation of same, other claims and lawsuits, and GEICO's claim handling practices and manuals) are not relevant in an examination of the threshold coverage issue – which would be based on the policy language alone. GEICO further notes that its summary judgment only seeks confirmation that transmission of an STD through consensual sex in a parked automobile is not a "use of" that automobile contemplated by the policy. GEICO argues that M.O.'s proposed deposition topics would only be relevant if the Court finds that the policy is ambiguous; and, if the Court finds that the policy is ambiguous, the deposition could take place in Phase II.

---

[2] The Court assumes that the law of the state of Kansas applies in interpreting the policy at issue in this case; GEICO has provided a choice of law analysis in its suggestions in support of summary judgment detailing the reasons why Kansas law should apply, and M.O. and Brauner have not supplied any objections to-date to GEICO's choice of law analysis. See GEICO's suggestions in support of summary judgment, Doc. No. 117 at p. 10.

GEICO further argues that allowing discovery into such extrinsic evidence violates the spirit of the Court's Scheduling Order, in which the Court limited discovery and ordered early motions for summary judgment on the threshold coverage issue, because resolution of that issue had the potential to resolve all other claims in the lawsuit.

In response, M.O. suggests that discovery relevance is minimal relevance, and "[d]iscovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." Snowden By and Through Victor v. Connaught Lab., 137 F.R.D. 325, 329 (D. Kan. 1991). M.O. argues that the topics in the 30(b)(6) deposition notice are relevant to the coverage issues in Phase I, as a court could find the language in the policy to be vague and ambiguous (noting that in an unreported case out of Louisiana, the Court found certain GEICO policy language to be vague and ambiguous, see McGehee v. Benton, No. 2006 CA 2335, 2007 WL 2685582 (La. Ct. App. 2007)).[3]

The Court again finds that M.O. is putting the cart before the horse. The Court bifurcated discovery and summary judgment practice in this matter because it believed, based on the parties' representations, that significant discovery (and its related cost in both time and dollars) could potentially be avoided at the outset if the Court were able to examine

---

[3] Martin Brauner also filed a response to GEICO's motion to quash. Doc. No. 147. His arguments significantly overlap those made by M.O., and the Court will not independently consider them in making this ruling. See also GEICO's response, Doc. No. 148, noting that Brauner does not have standing to object to the motion to quash a deposition that was not noticed by him, and further noting that Brauner's response was untimely under this Court's Order on expedited briefing of discovery motions.

Notably, Brauner calls himself "M.B." throughout his response, even though the District of Kansas lifted his anonymity by Order dated October 4, 2021. Doc. No. 51. The Court expects Mr. Brauner to use his name, not his initials, from this point forward. Additionally, the Court may revisit whether M.O. should be allowed to proceed anonymously; that issue was not resolved in the District of Kansas because the claims against her were dismissed there for lack of personal jurisdiction. See Order, Doc. No. 52.

5
Case 4:22-cv-00082-FJG   Document 153   Filed 08/16/22   Page 5 of 10

whether the language within the four corners of the Policy covers the incident at issue in this case. If the policy language is non-ambiguous, the Court will construe it and will likely be able to issue a final or partial judgment at that time. If, however, the Court finds after briefing by the parties that the language in the Policy is ambiguous, only then will the Court allow discovery and briefing on the additional issues in this case, including any extrinsic evidence that the Court might be able to use to provide meaning to ambiguous terms.

Therefore, GEICO's motion to quash (Doc. No. 138) is **GRANTED.** The 30(b)(6) deposition of GEICO's corporate representative will take place in Phase II of this matter, if necessary.[4]

### B. M.O.'s Motion to Compel Written Discovery (Doc. No. 145)

M.O. filed her motion to compel responses to certain written discovery on August 3, 2022. Like its objections to the 30(b)(6) deposition notice, GEICO has objected to these discovery requests on the basis that the requests are premature and are irrelevant to the threshold coverage issue.

In particular, M.O. seeks a detailed response to her Interrogatory No. 9, which requests "all facts upon which you relied on in your denial of coverage for M.O.'s claims

---

[4] GEICO has additional objections to the 30(b)(6) notice, including (1) M.O.'s request that the deposition be had in Kansas City instead of at a location in the vicinity where the deponent resides; (2) seeking discovery into privileged matters; (3) providing vaguely-defined or overbroad topics for discovery; (4) seeking claims files for 15 years' worth of lawsuits across the country involving certain policy provisions, and seven years' worth of claims across the country involving STD transmission or sexual conduct/assault in a covered automobile (which information would be extremely sensitive and highly confidential). M.O. only addressed the first of these concerns in her opposition to GEICO's motion, indicating that the deposition could be held over Zoom or other accommodations could be made. M.O. did not address vagueness, overbreadth, or the like.

Although the Court need not address these issues at this point, the Court believes that certain of GEICO's objections may have merit. The Court will reserve ruling on these objections until Phase II, if necessary.

against M.B.," including all witnesses, documents, and policy provisions. In response, GEICO objected based on attorney-client privilege, work product, and the like, but also refers M.O. to the non-privileged portions of the claim file. See Doc. No. 145, Ex. 1. With respect to her requests for production of documents, M.O. seeks additional responses to Request No. 8 (for all claim bulletins, manuals, standards, policies, guidelines, or procedures implemented by GEICO for auto personal injury claims, claims investigation, review and interpretation of policy language, drafting correspondence to insureds or claimants, drafting or issuance of denials or reservations or limitations of coverage, case evaluation, and the contents of claims files), No. 13 (requesting a "copy of ISO circulars, newsletters, brochures, or other publications of ISO which discusses or describe the purposes and uses of the exclusions or policy language upon which rely to deny coverage for the occurrence of this case"), and No. 14 (requesting "each and every document relied on by you in denying coverage in the underlying action," where, in response, GEICO objected but also refers M.O. to non-privileged portions of the claim file and the privilege log). See Doc. No. 145, Exs. 2 and 4.

 M.O. makes similar arguments in this motion to those she raised in her response to GEICO's motion to quash; namely, she asserts that the information sought is relevant to the threshold coverage issue. She also asserts that she is entitled to discover information or documents that GEICO may cite or refer to in opposing her anticipated motion for summary judgment on the threshold coverage issue, arguing that "[a]pparently GEICO believes it can ask for summary judgment and/or oppose M.O.'s motion for summary judgment with documents and/or information not provided during discovery." Doc. No. 145, p. 7.

7
Case 4:22-cv-00082-FJG   Document 153   Filed 08/16/22   Page 7 of 10

In its response (Doc. No. 150), GEICO reiterates its arguments made in its motion to quash, noting that compelling production of the written discovery sought by M.O. would frustrate the Court's efforts at an efficient resolution of the threshold coverage issue. GEICO further notes that it has already produced all non-privileged portions of the claim file. GEICO further argues that the discovery sought is overly broad, unduly burdensome, seeks irrelevant information, and lacks reasonable limitations. GEICO finally argues that M.O. did not sufficiently comply with Local Rule 37.1, as no telephonic or in-person meet and confer occurred regarding GEICO's supplemental discovery responses, or with GEICO's initial discovery responses to Interrogatory No. 9 or Request for Production No. 8.

In her reply, M.O. reiterates her arguments that she is not attempting to expand the scope of Phase I proceedings, but is only seeking to be allowed discovery into potentially relevant information to the threshold coverage issue. She also indicates that she has identified specific language of the GEICO policy that she believes is ambiguous (again noting the unpublished Louisiana opinion) and seeks extrinsic information she believes should be explored in order to construe the allegedly ambiguous language.

The Court again finds that M.O.'s requests should be denied. Expanding discovery at this point and in the manner suggested by M.O. would essentially render the Court's bifurcation order meaningless. If the Policy is ambiguous, M.O. is free to argue that point. If the Court finds the Policy to be ambiguous, moreover, the Court will allow discovery in Phase II. Further, to the extent that M.O. argues that GEICO will be allowed to utilize evidence in its possession that it has not produced in discovery to counter her arguments on summary judgment, nothing is further from the truth. Upon notification by any party that a document or other item of evidence was not produced in discovery to-date, the Court will

8
Case 4:22-cv-00082-FJG   Document 153   Filed 08/16/22   Page 8 of 10

strike such evidence from its consideration on the motions for summary judgment in Phase I. Further, the Court will certainly consider properly supported motions under Fed. R. Civ. P. 56(d) to the extent that the parties identify specific evidence needed to support or contradict assertions of undisputed material fact.

Therefore, for the foregoing reasons, M.O.'s motion to compel is **DENIED.**

### C. Parties' Joint Motion to Extend Phase I Deadlines (Doc. No. 141)

The parties seek extensions of the Court's deadlines in its Phase I Scheduling Order (Doc. No. 114).

The parties seek the deadline for discovery be extended to either (1) the date of the Court's ruling on GEICO's pending motion to quash, in the event the motion is granted, or (2) 30 days after the date of the Court's ruling on the motion to quash in the event the Court denies the motion to allow time to schedule that deposition. Given that the Court is granting the motion to quash, the Court will **GRANT** the parties' motion in part, and Phase I discovery will close as of the date of this order.

Additionally, the parties seek an extension of the dispositive motion deadline in this case so that M.O. and Brauner can have additional time to prepare their motions on the threshold coverage issue. The parties request an extension to (1) thirty days after the date of the Court's ruling on the motion to quash if the motion is granted, or (2) sixty days after the date of the Court's ruling on the motion to quash if the Court denies the motion and allows a deposition. Again, given that the motion to quash is granted by this Order, and given that this Order is issued well in advance of the current dispositive motion deadline of August 31, 2022, the Court believes that no extension of Scheduling Order deadlines is necessary. Therefore, the parties' motion is **DENIED** in part with respect to the dispositive motion deadline. Dispositive motions remain due on or before August 31, 2022.

### III. Conclusion

Therefore, for the foregoing reasons, (1) GEICO's Motion to Quash and for a Protective Order (Doc. No. 138) is **GRANTED**; (2) M.O.'s Motion to Compel Regarding GEICO's Objection and Answers to M.O.'s First Interrogatories and First Request for Production of Documents (Doc. No. 145) is **DENIED**; and (3) the Parties' Joint Unopposed Motion for a Limited Extension to Phase I Discovery and Threshold Coverage Dispositive Motion Deadlines and Suggestions in Support (Doc. No. 141) is **GRANTED IN PART** as it relates to the deadline for discovery and **DENIED IN PART** as it relates to the deadline for dispositive motions. Phase I discovery will close on the date of this Order.

**IT IS SO ORDERED**.

Date: August 16, 2022　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge