**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **GEICO GENERAL INSURANCE COMPANY,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** ) | |
| ) | |
|     **Plaintiffs,** ) | **Case No. 4:22-CV-00082-W-FJG** |
| **v.** ) | |
| ) | **REQUEST FOR ORAL ARGUMENT** |
| **MARTIN BRAUNER,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **M.O.,** ) | |
|     **Defendants.** ) | |
| ) | |
| **AND** ) | |
| ) | |
| **MARTIN BRAUNER,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **M.O.,** ) | |
| ) | |
|     **Counter-Plaintiffs,** ) | |
| **v.** ) | |
| ) | |
| **GEICO GENERAL INSURANCE COMPANY,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY,** ) | |
| ) | |
|     **Counter-Defendants.** ) | |

## <u>MEMORANDUM IN SUPPORT OF DEFENDANT AND COUNTER- PLAINTIFF MARTIN BRAUNER'S MOTION FOR SUMMARY JUDGMENT</u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii-iii

INTRODUCTORY STATEMENT ........................................................................................ 1

PROCEDURAL HISTORY ................................................................................................. 2

MARTIN BRAUNER'S STATEMENT OF MATERIAL FACTS ........................................... 3

ARGUMENTS AND AUTHORITIES ................................................................................... 5

    A. Legal Standard ......................................................................................................... 5

    B. The Court Should Grant Summary Judgment in Favor of Martin
       Brauner on Plaintiff's Declaratory Judgment Claim, Because the
       Auto Policy Does Cover Liability for the Alleged Negligent
       Transmission of a Sexually Transmitted Disease in a Parked
       Vehicle ...................................................................................................................... 6

    C. The Court Should Grant Summary Judgment to Martin Brauner
       on his Counter Claim For a Declaration of Geico's Obligation
       to Defend And/Or Pay Defense Costs ..................................................................... 9

    D. The Court Should Grant Summary Judgment to Martin Brauner
       on his Counter Claim for Damages Resulting from GEICO's
       Breach of Contract .................................................................................................. 12

    E. The Court Should Grant Summary Judgment to Martin Brauner
       on his Counter Claim for Damages Resulting from GEICO's Bad
       Faith Conduct ......................................................................................................... 13

    F. The Court Should Grant Summary Judgment to Martin Brauner
       on his Counter Claim for Damages Resulting from GEICO's Breach
       of the Duty of Good Faith and Fair Dealing ............................................................ 14

    G. The Court Should Grant Summary Judgment to Martin Brauner
       on his Counter Claim for Attorney Fees .................................................................. 15

CONCLUSION ................................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**

*Bell v. Tilton,* 234 Kan. 461, 674 P.2d 468 (1983) ........................................ 11

*Butterball, LLC v. Great Am. E&S Ins.* Co., No. 18-5074-CV-SW-BP, 2019 WL 4888625, at *2 (W.D. Mo. July 9,2019) ........................................ 6

*Central Power Sys's & Serv's, Inc., v. Univ. Underwriters Ins. Co.,* 319 P.3d 562, 567 (Kan. Ct. App. 2014) ........................................ 5

*Coleman v. Holecek,* 542 F.2d 532, 538 (10th Cir.1976) ........................................ 15

*Covill v. Phillips,* 455 F.Supp. 485, 488–89 (D.Kan.1978) ........................................ 15

*Crown Center Redevelopment Corp.* v. *Occidental Fire & Cas. Co. of North Carolina,* 716 S.W.2d 348, 358 (Mo. Ct. App. 1986) ........................................ 6

*Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938) ........................................ 6

*Ferens* v. *John Deere Co.,* 494 U.S. 516 (1990) ........................................ 5

*George R. Winchell, Inc. v. Norris,* 6 Kan.App.2d 725, 727–30, 633 P.2d 1174 (Kan.App.), *rev. denied,* 230 Kan. 817 (1981) ........................................ 10-11

*Guardian Tr. Co. v. Am. States Inc. Co.*, No. 95-4073-SAC, 1996 WL 509638, At *7 (D. Kan. July 30, 1996) ........................................ 9, 10

*Hartford Fire Ins. Co. v. Vita Craft Corp.*, 911 F. Supp. 2d 1164, 1174-77 (D. Kan. 2012) (Vratil, J.) ........................................ 9

*Klaxon Co.* v. *Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941) ........................................ 5

*K.M.H.,* 169 P.3d 1025, 1032 (Kan. 2007) ........................................ 6

*Murphy v. Silver Creek Oil & Gas, Inc.*, 17 Kan.App.2d 213, 837 P.2d 1319 (Kan.App.) ........................................ 11

*Park Univ. Enter., Inc. v. Am. Cas. Co. of Reading, PA.*, 314 F. Supp. 2d 1094, 1101 (D. Kan. 2004) ........................................ 9, 10

*Patrons Mut. Ins. Ass'n v. Harmon,* 240 Kan. 707, 710, 732 P.2d 741 (1987) ........................................ 10, 11

*Rockgate Management Co. v. CGU Ins., Inc. Co. of New York*, 88 P.3d 798 (Kan. Ct. App. 2004) ........................................ 7

Case 4:22-cv-00082-FJG   Document 158   Filed 08/31/22   Page 3 of 21

*Safeco Ins. Co. of Am. v. Allen,* 941 P.2d 1365, 1373 (Kan. 1997) ........................... 5

*Smith v. Blackwell,* 14 Kan.App.2d 158, 164–65, 791 P.2d 1343 (1989), *review denied,* 246 Kan. 769 (1990) ........................................................................ 15

*Southgate Bank v. Fidelity & Deposit Co. of Maryland*, 14 Kan.App.2d 454, 456, 794 P.2d 310 (1990) ...................................................................................... 11

*Spruill Motors, Inc. v. Universal Underwriters Ins. Co.*, 212 Kan. 681, 684, 512 P.2d 403 (1973) ........................................................................................... 11

*United of Omaha Life Ins. Co. v. Reed,* 649 F.Supp. 837, 840 (D.Kan.1986) ............. 15

*United Servs. Auto. Ass'n v. DeWitt*, 1994 WL 17120824 (Kan. Ct. App. 1994) ........... 8

## Rules

Fed. R. Civ. P. 56 ..................................................................................................... 1

Local Rule 56.1 ........................................................................................................ 1

Fed. R. Civ. P. 56(a) ................................................................................................ 5

## Other Authorities

188 and 193 of the Restatement (Second) of Conflict of Laws (1971) ........................... 6

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of this Court, defendant and counter-plaintiff Martin Brauner moves for summary judgment. In support, Martin Brauner provides the following memorandum.

## I.  **INTRODUCTORY STATEMENT**

Martin Brauner seeks summary judgment in his favor on GEICO'S claims against him, as well as summary judgment against GEICO on his claims. GEICO had a duty to defend and indemnify him when M.O. brought her claims and GEICO failed to do so. M.O. received an award against Brauner which GEICO refused to pay. Further, Brauner has been damaged by GEICO's conduct, including incurring substantial attorneys' fees on account of GEICO's failure to defend.[1]

At the time M.O. contracted the human papillomavirus (HPV), claimant alleged the parties were engaging in sexual activity in Mr. Brauner's car, which was insured under GEICO's automobile policy. As detailed in the Counter-Complaint, since the activity in the vehicle occurred while the vehicle was covered under the Auto Policy, GEICO is required to pay any and all claims by M.O. covered under the policy. This Court should grant summary judgment in favor of Brauner on all claims for the simple reason that the Auto Policy provides coverage for the activities at issue in the underlying claim for transmission of HPV based on the use of the GEICO insured vehicle.  The fact that GEICO later attempted to fashion an exclusion confirms that Brauner's point is correct.

In light of the Auto Policy's clear language and supporting authority under the same GEICO policy, Brauner respectfully requests that this Court grant summary

---

[1] Since Brauner continues to incur attorneys' fees on a daily basis, the cost is constantly increasing, but is in the range of one hundred thousand dollars ($100,000) and specific information will be provided to the Court at the damages hearing.

1

judgment in his favor, and against GEICO on its claims, as well as summary judgment in his favor on his counterclaims. The parties and the Court need not expend valuable resources on unnecessary time and expense on motion practice in a case where GEICO's claims fail as a matter of law.

## II.  **PROCEDURAL HISTORY**

On April 7, 2021, GEICO commenced this lawsuit in the United States District Court for the District of Kansas, seeking a judicial determination it owed no coverage under either the Auto Policy or Umbrella Policies for M.O.'s liability claim against Martin Brauner. GEICO named both Martin Brauner and the claimant in the Missouri Case, M.O., as defendants. GEICO chose the United States District Court for the District of Kansas as the initial forum because the Auto Policy is a Kansas Auto Policy, Martin Brauner is a Kansan, the listed automobile is located in Kansas, and some of the actions alleged by M.O. allegedly occurred in Kansas. The District of Kansas determined it lacked personal jurisdiction over M.O. and dismissed her from the case. (D. Kan. No. 2:21-cv-02164, Dkt. 52, Oct. 20, 2021 Or.). After GEICO initiated this suit in the District of Kansas, M.O. and Martin Brauner arbitrated the underlying liability tort claim and M.O. sought confirmation of that arbitration award in Missouri, which action remains pending on appeal. M.O. has also filed a separate equitable garnishment lawsuit against GEICO in Missouri.

GEICO, Martin Brauner and M.O. thereafter entered into an agreement to transfer this matter for consolidated proceedings before this Missouri Court, for a resolution of all coverage, extra-contractual/bad faith, and garnishment issues in one court. Upon transfer to this Court, M.O. brought a counter-claim for equitable

2

garnishment pursuant to Missouri Revised Statutes Section 379.200. Martin Brauner previously lodged counter-claims for breach of contract, bad faith, and breach of the duty of good faith and fair dealing in Kansas and those claims remain pending in the Missouri lawsuit. (M.O. Answer & Counterclaim, Dkt. 103; Martin Brauner Answer & Counterclaim, Dkt. 105).

This Court bifurcated the discovery schedule, with discovery directed to the threshold coverage question to occur first, and discovery on the other claims to occur later. This motion for summary judgment resolves all of these claims and counter-claims.

### III.    MARTIN BRAUNER'S STATEMENT OF MATERIAL FACTS

1.    In consideration of the premium paid, GEICO sold to Martin Brauner a claims-made Kansas Family Automobile Insurance Policy, no. 4133844391, with a policy period of June 23, 2017 through December 23, 2017 (the "Policy"). (Exhibit A).

2.    The Policy has a $1,000,000.00 limit of liability for all bodily injury claims. (Exhibit A).

3.    Martin Brauner is the named Insured on the Declarations page. (Exhibit A).

4.    The Policy obligates GEICO to pay on behalf of Martin Brauner "damages which insured becomes legally obligated to pay because of:

      i.  Bodily Injury, sustained by a person; and

      ii. Damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or non-owned auto. We will defend any suit for damages payable under the terms of this policy.

3

We may investigate or settle any claim or suit.

(Policy – Section 1). (Exhibit A).

    5.      "Bodily Injury" means "bodily injury to a person including resulting sickness, disease, or death." (Policy – Section 1). (Exhibit A).

    6.      Martin Brauner seeks coverage for claims made against him by M.O. resulting from the transmission of anogenital human papillomavirus (HPV). (Martin Brauner Answer & Counterclaim, Dkt. 105).

    7.      A settlement of M.O.'s claims was entered into on March 11, 2021. (MB00032-MB00039, produced subject to Protective Order.)

    8.      The allegations of M.O. fall squarely within the coverage afforded by the GEICO Policy. (Exhibit A).

    9.      All conditions required by the Policy have been performed by Martin Brauner and/or waived by GEICO. (Martin Brauner Answer & Counterclaim, Dkt. 105).

    10.    Martin Brauner has demanded that GEICO provide coverage under the GEICO policy for defense expenses related to the underlying claims made by M.O. Martin Brauner has also demanded that GEICO provide coverage under the GEICO policy for the proposed settlement of M.O. claims. (Martin Brauner Answer & Counterclaim, Dkt. 105).

    11.    GEICO has denied any contractual obligation to advance and/or reimburse Martin Brauner for defense expenses related to the claims made by M.O. and has denied any contractual obligation to provide coverage for the proposed settlement of M.O.'s claims. (Martin Brauner Answer & Counterclaim, Dkt. 105).

4

Accordingly, Martin Brauner seeks relief, *inter alia,* in the nature of a declaration of GEICO'S obligation to defend and indemnify Martin Brauner under the Kansas Family Automobile Insurance Policy in this case. (Martin Brauner Answer & Counterclaim, Dkt. 105).

## IV.     ARGUMENTS AND AUTHORITIES

### A.     Legal Standard

The court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because this case was transferred from the District of Kansas, Kansas conflict of law rules apply. *Ferens* v. *John Deere Co.,* 494 U.S. 516 (1990) (requiring transferee court (here, the Western District of Missouri) to apply same conflict of laws rules as would the transferor court (here, the District of Kansas)); *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496 (1941) (requiring federal diversity cases to use forum state's conflict of laws rules).

Under Kansas conflict-of-law rules, the law of the place of contracting governs the terms of the contract. *Safeco Ins. Co. of Am. v. Allen,* 941 P.2d 1365, 1373 (Kan. 1997). Generally, this is the place where the policy is delivered—*e.g.,* the insured's address listed in the policy. *See, e.g., Central Power Sys's & Serv's, Inc. v. Univ. Underwriters Ins. Co.,* 319 P.3d 562, 567 (Kan. Ct. App. 2014). The Auto Policy lists Martin Brauner's Kansas address, and Martin Brauner admits he received this Auto Policy there.

Because no party disputes that other law should apply, this Court must apply Kansas substantive law with respect to the question of coverage under the Kansas Auto

Policy. *In re K.M.H.,* 169 P.3d 1025, 1032 (Kan. 2007).[2]

**B.    The Court Should Grant Summary Judgment in Favor of Martin Brauner on Plaintiff's Declaratory Judgment Claim, Because the Auto Policy Does Cover Liability for the Alleged Negligent Transmission of a Sexually Transmitted Disease in a Parked Vehicle**

In cases arising under diversity jurisdiction, a federal court's task is simply to ascertain and apply the applicable state law. *See, e.g., Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938).

The Policy obligates GEICO to pay on behalf of Martin Brauner "damages which insured becomes legally obligated to pay because of:

     i.   Bodily Injury, sustained by a person; and

     ii.  Damage to or destruction of property, arising out of the ownership, maintenance or use of the owned auto or non-owned auto. We will defend any suit for damages payable under the terms of this policy. We may investigate or settle any claim or suit. (Policy – Section 1)

"Bodily Injury" means "bodily injury to a person including resulting sickness, disease, or death." (Policy – Section 1).

Here, M.O. alleged to have contracted a sexually transmitted disease while

---

[2] Even if Missouri conflict of law rules were to apply, Kansas substantive law would still govern the legal interpretation of this Kansas contract of insurance. Missouri has adopted sections 188 and 193 of the Restatement (Second) of Conflict of Laws (1971) for choice-of-law issues in liability insurance contracts. *Crown Center Redevelopment Corp.* v. *Occidental Fire & Cas. Co. of North Carolina,* 716 S.W.2d 348, 358 (Mo. Ct. App. 1986); *see also Butterball, LLC v. Great Am. E&S Ins.* Co., No. 18-5074-CV-SW-BP, 2019 WL 4888625, at *2 (W.D. Mo. July 9,2019). Section 188 provides that the law of the state with the most significant relationship to the transaction and parties governs. *See* Restatement (Second) of Conflict of Laws § 188(1). It also provides what contacts are considered: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *See id.* § 188(2). Section 193 states that the "validity of ... [the] insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy. . . By that section's comment b, the location of the insured risk is given greater weight than any other single contact in determining which state's law controls; "in the case of an automobile liability policy, the parties will usually know beforehand where the automobile will be garaged at least during most of the period in question." *Id.* § 193.

engaging in sexual conduct in Martin Brauner's vehicle which is insured by GEICO. As a result of M.O.'s contraction of HPV while engaging in sexual conduct in Martin Brauner's vehicle, GEICO is legally obligated to pay damages on behalf of Martin Brauner in accordance with their policy.

Under Kansas law, an insurance agreement must be construed as a whole; every part must be considered, and none of the words of a policy should be disregarded if a rational and intelligent meaning can be given to them, consistent with the general design and object of the whole instrument. *See Rockgate Management Co. v. CGU Ins., Inc. Co. of New York*, 88 P.3d 798 (Kan. Ct. App. 2004).

GEICO has a sloppy insurance policy and bears the burden for the lack of clarity. Unlike most automobile liability policies, which requires injury arising out of the operation of a vehicle, here, the GEICO Auto Policy had no restriction and covers losses for "bodily injury" period. The GEICO policy does not require that bodily injury arise out of an "accident", "auto accident", "collision," or the "ownership, maintenance or use" of the auto.

The Auto Policy used by GEICO has specific language in other parts of the policy, but **not** in the bodily injury liability coverage section, must be considered. This includes:

- In other sections of the Auto Policy, GEICO <u>does</u> require bodily injury to be caused by an "accident" and arise out of the "ownership, maintenance or use" of the auto in order for there to be coverage. *See e.g.*, Section IV, UNINSURED MOTORIST COVERAGE PROTECTION:

> Under the Uninsured Motorists coverage we will pay damages **for *bodily injury* caused by accident** which the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* or *hit-and-run motor vehicle* **arising out of the ownership, maintenance or *use***

7

**of that auto.**

Ex. 1, (emphasis added).

- GEICO also included the word "accident" in SECTION VI – AMENDMENTS AND ENDORSEMENTS – PART I – PERSONAL INJURY PROTECTION COVERAGE, by stating and requiring the bodily injury must be "caused by an accident arising out of the ownership, operation, maintenance or use of a motor vehicle." Ex. 1.

- GEICO included a specific exclusion in SECTION II – AUTO MEDICAL PAYMENTS COVERAGE that states "There is no coverage for an insured while occupying a vehicle located for use as a residence or premises." (p.16 of 32). GEICO did not include this provision, or a similar exclusion, in SECTION I - BODILY INJURY COVERAGE. Ex. 1.

- GEICO defined the word "collision" as a "loss caused by upset of the covered auto or its collision with another object, including an attached vehicle." *See* Ex. 1, p.17. GEICO could have required a "collision" for coverage under bodily injury but chose not to.

- In the Umbrella policy covering the Auto Policy, GEICO included an exclusion for the transmission of a "communicable disease" by an insured. Ex. 1, p.17 GEICO, however, did not include an exclusion in the Auto Policy. *See e.g., United Servs. Auto. Ass'n v. DeWitt*, 1994 WL 17120824 (Kan. Ct. App. 1994) (stating that "had the contested policy contained a specific exclusion for sexually transmitted diseases, this case would be easily determined.").

Of course, the reason for the limitation in these paragraphs is because the general policy language does **not** include these requirements. As a matter of contract interpretation the Court should note that the language in these specific paragraphs would be unnecessary if the general insurance provision had such a restriction. Since the Auto Policy bodily injury liability coverage does not require that a loss arise out of an "accident", "auto accident", "collision," or the "ownership, maintenance or use" of the auto. There is coverage for the claim and judgment in this case. GEICO could have easily included the language it now wishes was part of the Policy in the bodily injury coverage section – it failed to do so. GEICO opted to issue its own unique policy

8

language to Martin Brauner, which covered losses for "bodily injury" without the limiting language which is ordinarily found in auto policies.

The Auto Policy affords coverage for the Judgment entered in favor of M.O., and against GEICO, by the Circuit Court of Jackson County, Missouri on September 8, 2021, and affirmed by the Missouri Court of Appeals on June 7, 2022. GEICO did not require "bodily injury" be caused by an "auto accident", "accident", "collision", or that it "arise out of the ownership, maintenance or use" of an auto. It could have followed ISO's standard policy form requirements but chose not to. These are all changes that GEICO knew existed, and that it would later amend the Auto Policy to include but failed to do so at the time it contracted with Martin Brauner Therefore, Martin Brauner is entitled to summary judgment on this issue.

### C. The Court Should Grant Summary Judgment to Martin Brauner on his Counter Claim For a Declaration of Geico's Obligation to Defend And/Or Pay Defense Costs

The duty to defend involves interpretation of an insurance policy which is a question of law for the court. *See Hartford Fire Ins. Co. v. Vita Craft Corp.*, 911 F. Supp. 2d 1164, 1175-77 (D. Kan. 2012) (Vratil, J.); *Park Univ. Enter., Inc. v. Am. Cas. Co. of Reading, PA.*, 314 F. Supp. 2d 1094, 1101 (D. Kan. 2004), *Guardian Tr. Co. v. Am. States Ins. Co.*, No. 95-4073-SAC, 1996 WL 509638, at *7 (D. Kan. July 30, 1996). The duty to defend can be resolved on summary judgment where the allegations in the underlying complaint give rise to a "potential for liability" under the policy. *Id.*

The legal standard for an insurer's duty to defend is well-established under Kansas law. As set forth by the United States District Court for the District of Kansas:

> An insurer's duty to defend is distinct from the duty to indemnify. The insurer bears the duty to defend when there is a "potential of liability" under the policy.

9

To determine whether the "potential of liability" exists, the insurer should examine the allegations in the complaint and any other discovered or reasonably discoverable facts. If the facts, including facts beyond the pleadings, "give rise to a 'potential of liability,' even if remote, under the policy, the insurer bears a duty to defend." The duty to defend rests primarily on the possibility that coverage exists, and the possibility of coverage must be determined by a good faith analysis of all information the insurer may know, or could have reasonably ascertained. So long as the insured can show a non-frivolous possibility that the claim against it may fall within the coverage of the insurance contract, the insurer has a duty to defend the insured.

*Park Univ.*, 314 F. Supp. 2d at 1101.

The policyholder's only burden is to show that the underlying complaint "give[s] rise to a potential of liability" covered under the policy. *Id.; see also Guardian Tr. Co.*, 1996 WL 509638, at *7 ("The burden of proving that the loss is included within the general coverage provisions of the policy falls on the insured, while the burden of proving that the coverage is excluded by an applicable exclusion clause rests with the insurer.").

Under Kansas law an insurance company has a duty to defend its insured whenever the underlying facts suggest even a remote possibility of coverage. *Patrons Mut. Ins. Ass'n v. Harmon,* 240 Kan. 707, 710, 732 P.2d 741 (1987). An insurance company must look beyond the pleadings and consider any facts brought to its attention and any facts which it could reasonably discover when determining whether it has a duty to defend. *Id.* The possibility of coverage may be remote, but if it exists the insurance company owes the insured a defense. *Id.*

An insurance company wrongly refusing to defend its insured is liable in a garnishment action for the full amount of any judgment or reasonable settlement up to the amount of the policy, plus any amount in excess of the policy limits attributable to the refusal to defend. *George R. Winchell, Inc. v. Norris,* 6 Kan.App.2d 725, 727–30,

10

633 P.2d 1174 (Kan.App.), *rev. denied,* 230 Kan. 817 (1981). Whether the refusal to defend was wrongful turns on whether coverage actually existed under the policy. *Murphy v. Silver Creek Oil & Gas, Inc.,* 17 Kan.App.2d 213, 837 P.2d 1319 (Kan.App.).

When an insurance company and the defendant have adverse interests, such as when the defendant's liability might arise under either a covered theory of negligence or an uncovered intentional tort theory, the proper procedure is for the carrier to hire independent counsel to represent the insured in the civil proceeding and notify the insured it is reserving all rights under the policy. *Patrons,* 240 Kan. at 712, 732 P.2d 741; *Bell v. Tilton,* 234 Kan. 461, 674 P.2d 468 (1983). An insurance company following this procedure is not barred from relitigating the issues giving rise to the adverse interests in a declaratory judgment action. *See Patrons,* 240 Kan. at 712, 732 P.2d 741.

Conversely, if an insurance company refuses to defend, any issues which might resolve ambiguities in coverage, including issues pertaining to exclusionary clauses, which are judicially determined against the insurer will control the insurer's duty to defend. *Patrons,* 240 Kan. at 710, 732 P.2d 741 (citing *Spruill Motors, Inc. v. Universal Underwriters Ins. Co.,* 212 Kan. 681, 684, 512 P.2d 403 (1973)). Following *Patrons,* the Kansas Court of Appeals held that "where there is a separate action on the coverage question, issues decided against the insurer's interest in an underlying tort suit can have binding or estoppel effect." *Southgate Bank v. Fidelity & Deposit Co. of Maryland,* 14 Kan.App.2d 454, 456, 794 P.2d 310 (1990).

Substantial premiums have been paid to GEICO for coverage under the Policy. Martin Brauner has at all times complied with all relevant provisions of the Policy,

including the giving of timely notice. M.O.'s claims, as detailed above, trigger GEICO's duty to defend and/or pay defense costs because the claims set forth therein potentially fall within the Liability Coverage for Claims from Others afforded under the Policy. Martin Brauner has made a timely demand upon GEICO to perform its obligations under the Policy. However, GEICO has refused to defend and/or pay Martin Brauner's defense costs on the erroneous grounds that the allegations of M.O. do not constitute an injury arising out of the "covered use" (a term not used nor defined in the policy at issue) of the listed 2014 Hyundai Genesis and that the alleged injury sustained by M.O. is not insured under the Policy.

An actual, immediate and justiciable controversy exists between Martin Brauner and GEICO concerning GEICO's obligations under the Policy to defend and/or to pay or reimburse defense costs incurred by Martin Brauner in connection with the claims made by M.O. Martin Brauner is in need of the Court's assistance in resolving the parties' differing interpretations of the provisions and exclusions of the Policy upon which GEICO relies in denying its obligations to defend Martin Brauner.

**D.    The Court Should Grant Summary Judgment to Martin Brauner on his Counter Claim for Damages Resulting from GEICO's Breach of Contract**

GEICO, under the Kansas Family Automobile Insurance Policy at issue herein, contracted to pay on behalf of Martin Brauner any loss which Martin Brauner is legally obligated to pay as a result of any claim of bodily injury, sustained by a person and has a duty to defend any Claim against Martin Brauner which is covered by the Policy. GEICO has breached and continues to breach its obligations to Martin Brauner by failing and refusing to fulfill its obligation to defend and/or pay Martin Brauner's

12

defense costs with respect to M.O.'s claims and by refusing to settle the M.O.'s claims and/or to indemnify Martin Brauner for any amounts paid or to be paid to settle M.O.'s claims.

As a result of these breaches of contract, GEICO has deprived and continues to deprive Martin Brauner of the benefit of the insurance protection for which substantial premiums have been paid. As a result of GEICO's breaches of contract, Martin Brauner has been forced to resort to self-help measures in the nature of (1) retaining and paying attorneys to defend against M.O.'s claims and has been forced to pay the costs associated with this defense; and (2) expending sums to settle the M.O. claims. Accordingly, GEICO is liable to Martin Brauner in at least the amount of Martin Brauner's expenditures in investigating and defending against M.O.'s claims, as well as any amounts Martin Brauner is legally obligated to pay, whether by judgment, settlement, or otherwise, to resolve the claims made by M.O.

**E.     The Court Should Grant Summary Judgment to Martin Brauner on his Counter Claim for Damages Resulting from GEICO's Bad Faith Conduct**

GEICO'S refusal, under the policy of insurance at issue here, to investigate adequately and agree to defend and/or to pay Martin Brauner's defense costs for defending M.O.'s claims and to indemnify Martin Brauner for his costs to defend M.O.'s claims constitutes bad faith. GEICO acted in bad faith because it had no fairly debatable reason to deny coverage and/or because its denial of coverage is unreasonable under the totality of the circumstances.

In evaluating its obligations under the Policy, GEICO has been less than honest, intelligent, and fair. In evaluating its obligations under the Policy, GEICO has

failed to accord the interests of Martin Brauner the same faithful consideration that it has given its own interests and has instead, ignored the interests of Martin Brauner. In evaluating its obligations under the Policy, GEICO has failed to use the same degree of care and diligence as a person of ordinary care and prudence would exercise in the management of his own business. GEICO has failed to perform its duty to read the proposed Complaint in M.O.'s action with all doubts as to whether the claim may fall within the coverage of the Policy resolved in favor of Martin Brauner.

GEICO lacked a reasonable basis to deny coverage to Martin Brauner and knew or recklessly disregarded its lack of a reasonable basis. GEICO acted with ill will and/or an improper motivation in denying coverage.

GEICO's denial of coverage was willful, wanton, and/or malicious, and made with reckless indifference to the plight of Martin Brauner Upon information and belief, GEICO's bad faith conduct occurs with such frequency as to indicate a general business practice. Martin Brauner has been harmed as a result of GEICO's bad faith conduct.

**F.    The Court Should Grant Summary Judgment to Martin Brauner on his Counter Claim for Damages Resulting from GEICO's Breach of the Duty of Good Faith and Fair Dealing**

The Policy imposes upon GEICO a duty of good faith and fair dealing with respect to any insurance coverage claims submitted by GEICO. GEICO has breached its obligation of good faith and fair dealing by, inter alia, refusing to defend and/or reimburse Martin Brauner's defense costs in relation to the claims made by M.O.; refusing to settle M.O.'s claims; and refusing to indemnify Martin Brauner for the amounts expended or to be expended in settlement of M.O.'s claims.

14

### G. The Court Should Grant Summary Judgment to Martin Brauner on his Counter Claim for Attorney Fees

Kansas cases have allowed recovery of attorney fees under K.S.A. § 40–256 if the insured's loss arising out of an excess judgment was caused by the insurer's unjustified refusal to settle or defend in good faith. *See Smith v. Blackwell,* 14 Kan.App.2d 158, 164–65, 791 P.2d 1343 (1989), *review denied,* 246 Kan. 769 (1990); *Coleman v. Holecek,* 542 F.2d 532, 538 (10th Cir.1976); *Covill v. Phillips,* 455 F.Supp. 485, 488–89 (D.Kan.1978) (insurer reasonably refused to pay insured's excess judgment); *United of Omaha Life Ins. Co. v. Reed,* 649 F.Supp. 837, 840 (D.Kan.1986).

GEICO, under the Kansas Family Automobile Insurance Policy at issue herein, contracted to pay on behalf of Martin Brauner any loss which Martin Brauner is legally obligated to pay as a result of any claim that is the result of bodily injury made during the Policy period and h a duty to defend any Claim against Martin Brauner which is covered by the Policy.

GEICO has breached and continues to breach its obligations to Martin Brauner by failing and refusing to fulfill its obligation to defend and/or pay Martin Brauner's defense costs with respect to the claims made by M.O. and by refusing to indemnify Martin Brauner for any amounts it is legally obligated to pay, by way of judgment, settlement, or otherwise, to resolve M.O.'s claims.

As a result of these breaches of contract, GEICO has deprived and continues to deprive Martin Brauner of the benefit of the insurance protection for which substantial premiums have been paid.

15

## V.   CONCLUSION

The Auto Policy does cover M.O.'s alleged injuries. The insured auto was being used as an auto when Martin Brauner's alleged conduct supposedly injured M.O. Martin Brauner therefore respectfully requests this Court grant its motion for summary judgment, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**EVANS & DIXON, L.L.C.**

*/s/Brian J. Niceswanger*

| Brian J. Niceswanger | MO #36239 |
| Stephanie A. Preut | MO #64330 |

1100 Main Street, Suite 2000
Kansas City, MO 64105

and

82 Corporate Woods, Suite 900
10851 Mastin Boulevard
Overland Park, KS 66210
(T) 913.701.6810
(F) 913.341.2293
KCCivilLit@evans-dixon.com
**ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF MARTIN BRAUNER**

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of August, 2022, the above and foregoing was served to all counsel of record by operation of this Court's electronic case notification system, to:

Douglas S. Beck, Esq.
W. Clark Richardson, Esq.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
dbeck@shb.com
wrichardson@shb.com
**ATTORNEYS FOR PLAINTIFFS/
COUNTER-DEFENDANTS**

David M. Mayer, Esq.
Phillip R. Martens, Esq.
MONSEES & MAYER
4717 Grand Avenue, Suite 820
Kansas City, MO 64112
dmayer@monseesmayer.com
rmarten@monseesmayer.com
**ATTORNEYS FOR DEFENDANT/
COUNTER-PLAINTIFF M.O.**

/s/Brian J. Niceswanger
ATTORNEY FOR DEFENDANT/
COUNTER-PLAINTIFF MARTIN BRAUNER

17