# EXHIBIT A



# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| M.O., | ) | **FILED** |
|               Respondent, | ) | JAN 10 2023 |
| v. | ) No. SC99732 | **CLERK, SUPREME COURT** |
| GEICO GENERAL INSURANCE COMPANY AND GOVERNMENT EMPLOYEES INSURANCE COMPANY, | ) | |
|               Appellants. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
The Honorable S. Margene Burnett, Judge

GEICO General Insurance Company (GEICO), appeals a Jackson County circuit court's judgment confirming M.O.'s arbitration award. GEICO argues the circuit court erred in confirming the arbitration award because, pursuant to § 537.065.2,[1] GEICO had a right to intervene before judgment because it filed its motion to intervene prior to entry of judgment. The circuit court's judgment is vacated, and the case is remanded.

### Factual and Procedural History

M.B. and M.O., two consenting adults, entered into a sexual relationship. During November and December 2017, M.B. and M.O. had sexual relations in M.B.'s vehicle.

---

[1] All statutory references are to RSMo Supp. 2017, unless otherwise indicated.

SCANNED

Case 4:22-cv-00082-FJG   Document 164-1   Filed 02/06/23   Page 2 of 5

During these relations, M.B.'s vehicle was insured by GEICO. M.O. subsequently contracted anogenital human papillomavirus ("HPV"), which M.O. claims she contracted from M.B. during their sexual relations in M.B.'s vehicle.

M.O. sent a demand letter to GEICO, asking for GEICO to pay the applicable limits of M.B.'s insurance policy for the bodily injury to M.O. after contracting HPV from M.B. in M.B.'s GEICO-insured vehicle. GEICO denied coverage of M.O.'s claim.[2] M.B. and M.O., without informing GEICO, entered into an agreement pursuant to § 537.065. The agreement provided that M.O.'s claims against M.B. would be submitted to arbitration, but M.O. would seek recovery of any judgment on those claims only from M.B.'s insurers, rather than from M.B.

After arbitration, the arbitrator awarded M.O. $5.2 million. M.O. informed GEICO of the agreement between herself and M.B. but not that they had already arbitrated the claims or that M.O. had received an arbitration award. M.O. then sued M.B. in the circuit court, without informing GEICO. After discovering the lawsuit, and 25 days after notice of the § 537.065 agreement, GEICO filed a motion to intervene pursuant to Rule 52.12(a)(1) and § 537.065. M.O. filed an application for the circuit court to confirm the arbitration award. While GEICO's motion to intervene was pending, the circuit court entered judgment confirming the arbitration award. The circuit court thereafter sustained GEICO's motion to intervene, acknowledging GEICO's "statutory, absolute, and non-discretionary right to intervene in this matter" pursuant to § 537.065.

---

[2] GEICO filed a declaratory judgment action in federal court, seeking a declaration regarding coverage of M.B.'s GEICO insurance policy. The coverage dispute remains pending.

2

Subsequent to the entry of judgment and order sustaining the motion to intervene, GEICO filed multiple motions with the circuit court, including a motion to vacate the arbitration award. The circuit court overruled all of GEICO's motions. GEICO appealed, and the court of appeals affirmed. This Court granted transfer and has jurisdiction. Mo. Const. art. V, § 10. The circuit court's judgment is vacated, and the case is remanded.

## Standard of Review

The interpretation of a statute is reviewed *de novo*. *Ivie v. Smith*, 439 S.W.3d 189, 202 (Mo. banc 2014). "This Court's primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Parktown Imps., Inc. v. Audi of Am., Inc.*, 278 S.W.3d 670, 672 (Mo. banc 2009).

## Analysis

GEICO mounts several challenges to the circuit court's confirmation of M.O.'s arbitration award. GEICO argues, pursuant to § 537.065.2, it had a right to intervene in M.O.'s lawsuit against M.B. before the circuit court confirmed M.O.'s arbitration award.

The 2017 version of § 537.065 controls this appeal. Section 537.065.2 stated, in pertinent part:

> Before a judgment may be entered against any tort-feasor after such tort-feasor has entered into a contract under this section, the insurer or insurers shall be provided with written notice of the execution of the contract and shall have thirty days after receipt of such notice to intervene as a matter of right in any pending lawsuit involving the claim for damages.

3

The plain language of § 537.065.2 confers a statutory right to GEICO, as the insurer, to intervene within 30 days after notice of an agreement between M.O. and M.B., before a judgment may be entered. The circuit court did not allow GEICO to intervene in the pending lawsuit before judgment was entered, even though GEICO had timely filed a motion to intervene in the pending lawsuit, prior to entry of judgment, and within 30 days of notice.

## Conclusion

GEICO was statutorily entitled to intervene in the pending lawsuit between M.O. and M.B. because GEICO filed the motion to intervene, prior to entry of judgment, and within the 30 days of notice. Because GEICO was not afforded the opportunity to intervene before judgment was entered, the circuit court's judgment is vacated, and the case is remanded.[3]

_____
Zel M. Fischer, Judge

All concur.

---

[3] Because this Court vacates and remands, it would be purely advisory to address what GEICO could or should have been permitted to do if the motion to intervene had been properly sustained.